ELLIOT ENOKI #1528
Executive Assistant U.S. Attorney
District of Hawaii
Attorney for the United States, Acting
under Authority Conferred by 28 U.S.C. § 515
SYDNEY SPECTOR #11232
Assistant U.S. Attorney

J. PATRICK GLYNN, Director
BRIDGET BAILEY LIPSCOMB, Assistant Director
ERIC REY, Trial Attorney
Environmental Tort Litigation
Civil Division, U.S. Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-4224
Fax: (202) 616-4473
Email: eric.a.rey@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:22-cv-00397-LEK-KJM<br><br>STIPUALTED PROTECTIVE ORDER |

STIPULATED PROTECTIVE ORDER

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain:

    a. information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure, federal law, or Hawai`i law;

    b. information prohibited from disclosure by statute, regulation, rule, or other law;

    c. medical information concerning any individual;

    d. personally identifiable information, including without limitation social security numbers and financial information associated with individuals;

    e. income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms;

    f. personnel or employment records of an individual;

    g. information protected by the deliberative process or law enforcement privileges; or

    h. "Department of Defense Critical Infrastructure Security Information," which is information as defined in 10 U.S.C. § 130e(f), whether such information has been exempted upon a written determination as set forth in 10 U.S.C. § 130e(a) or has been determined to presumptively meet the definition in 10 § U.S.C 130e(f) pending a written determination as set forth in 10 § U.S.C 130e(a).

    (hereinafter, a-h are collectively referred to as "Confidential Information").

2. Any document or response to discovery which that party or non-party considers in good faith to contain the following types of Confidential Information shall also be considered "Highly Confidential Information," designated as such per Paragraph 3 below, and subject to additional protections specified below:

    a. information protected by the deliberative process or law enforcement privileges; or

    b. Department of Defense Critical Infrastructure Security Information.

(hereinafter, "Protected Information" means both "Confidential Information" and "Highly Confidential Information").

3. Where a document or response consists of more than one page, the parties may either: (a) designate the first page and each page on which Confidential

Information or Highly Confidential Information appears as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," respectively; or (b) for documents that contain Confidential Information or Highly Confidential Information, designate all the pages in the document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," respectively. The parties shall meet and confer regarding any questions regarding what parts of a document or response are considered Protected Information.

    4.  A party or non-party may designate information disclosed during a deposition or in response to written discovery as Confidential Information or Highly Confidential Information by so indicating in said response or on the record at the deposition. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information or Highly Confidential Information.  Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 11 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 11 below, and

counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation. Moreover, until the twenty-day deadline to designate responses or deposition transcripts, such responses and transcripts shall be presumed Highly Confidential Information subject to paragraph 11 below.

5. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case. Nothing in this Order will prevent or in any way limit or impair the right of attorneys to disclose (without leave of Court or agreement of the parties) any potential violation of federal, state, or local statute, rule, regulation, ordinance, or any other law to any authorized representative of: (a) the United States or any of its agencies, (b) any State or any of its agencies, or (c) any local governing body or any of its agencies.

6. Subject to Paragraph 7 below and except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

   a. counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

  b. employees, consultants, or contractors of such counsel;

  c. individual defendants or plaintiffs, and any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

  d. consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

  e. any authors or recipients of the Confidential Information;

  f. the Court, Court personnel, and court reporters; and

  g. witnesses (other than persons described in paragraph 6(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential"

pursuant to paragraph 3 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

7. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Highly Confidential Information shall be further restricted and shall not be disclosed to any person other than:

   a. counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

   b. Any expert witness for one of the Parties required to produce a report under Fed. R. Civ. Pro. 26(a)(2)(B) with a need to review such material in order to produce a report required under Fed. R. Civ. Pro. 26(a)(2)(B);

   c. The Court and its personnel; and

   d. Other persons only by written consent of the United States or upon order of the Court and on such conditions as may be agreed or ordered.

8. Any persons receiving Protected Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

9. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court.

Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. If the need arises for any Party to disclose Protected Information in open Court or in a filing, it may do so (a) only after giving, to the extent feasible, seven (7) day advance notice to the Party who produced the Protected Information; or (b) by seeking leave to file the Protected Information under seal. The Parties shall, in good faith, meet-and-confer on the proposed use and the notified Party may seek additional relief from the Court, if necessary.

10. A party may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential or Highly Confidential – Attorneys' Eyes Only, although a document may lose its confidential status if it is made public.

11. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the

material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as Confidential or Highly Confidential – Attorneys' Eyes Only. During this twenty-five-day period, the parties shall meet and confer in attempt to resolve or narrow their dispute. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

12. Notwithstanding any challenge to the designation of material as Protected Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a.  the party or non-party who claims that the material is Protected Information withdraws such designation in writing; or

    b.  the party or non-party who claims that the material is Protected Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    c.  the Court rules the material is not confidential.

13. All provisions of this Order restricting the communication or use of Protected Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Protected Information, other than that which is

contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.  In the course of disposing of information in its possession under this paragraph, the receiving party also will take reasonable steps to notify persons to whom it distributed Protected Information pursuant to this Order that such information should be returned to the receiving party or destroyed by the person possessing the information with written confirmation to receiving party. The Parties need not immediately delete or destroy Protected Information that exists on back-up tapes, systems, or similar storage, and, instead, the Parties may overwrite or destroy such materials in the normal course of business. Notwithstanding the foregoing, attorneys for the United States may maintain copies of any documents designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" in their case file for this case, and may maintain copies of any notes or summaries containing such information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq*.

14. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. As part of the final pretrial conference, the parties will discuss how to handle Protected Information at trial.

15. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Moreover, an inadvertent failure to designate material as Protected Information does not, standing alone, waive the right to so designate the materials.

16. If a receiving party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Protected Information in accordance with this Order, has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the receiving party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Protected Information subject to this Order; (b) promptly make all reasonable efforts to obtain the return of the Protected Information and to prevent further unauthorized disclosures of the Protected Information; and (c) within five (5) calendar days notify the producing party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances

surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Protected Information that was the subject of the unauthorized disclosure.

17. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

18. If the United States is served with a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or any Party is served with a discovery request issued in other litigation, that seeks documents, ESI, or other material designated as Protected Information in this case, the Party served with the request must, within ten days of determining that the request seeks such information:

    a. notify the other Party and provide a copy of the request; and

    b. inform the person responsible for the FOIA or discovery request of this Protective Order and provide them with copy of this Protective Order.

19. The Parties shall not produce Protected Information in response to any request under FOIA or any discovery request or other request or demand except:

    a. with consent of the Party who produced the Protected Information;

12

b. in compliance a directive of this Court removing the designation as Protected Information, or

c. in compliance with a lawful directive of another court.

DATED: November 10, 2022

           By /s/ Eric Rey
             ERIC REY
             Trial Attorney
             Environmental Tort Litigation
             Civil Div., U.S. Department of Justice

             Attorney for Defendant
             UNITED STATES OF AMERICA

/s/ Kristina Baehr
KRISTINA BAEHR
Just Well Law, PLLC
Attorney for Plaintiffs

APPROVED AND SO ORDERED.

Dated: Honolulu, Hawaii, November 17, 2022.

Kenneth J. Mansfield
United States Magistrate Judge

Patrick Feindt, Jr. vs. United States of America, The; 1:22-cv-00397-LEK-KJM; "Stipulated Protective Order"

13

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>THE UNITED STATES OF AMERICA,<br><br>            Defendant. | Case No. 1:22-cv-00397-LEK-KJM<br><br>CERTIFICATION |

## CERTIFICATION

1. My name is _____.

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and accurate.

Executed this \_\_\_ day of _____ by _____.
                                                                                                          (Print Name)


Signed _____