IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., et al., | CIVIL NO. 22-cv-00397-LEK-KJM |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

MEMORANDUM IN SUPPORT OF
PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

**PAGE(s)**

TABLE OF CONTENTS.................................................................. ii

TABLE OF AUTHORITIES ............................................................ iii

INTRODUCTION ............................................................................1

FACTS AND PROCEDURAL HISTORY ........................................2

LEGAL STANDARD......................................................................4

    I.    Rule 12(b)(1) Motion to Dismiss for Lack of
        Subject-Matter Jurisdiction ........................................................4

    II.    Rule 12(b)(6) Motion to Dismiss for Failure
        to State a Claim ...........................................................................5

ARGUMENT ..................................................................................5

    I.    The Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Failure-to-
        Warn Claim (SAC ¶¶ 240(g), 254(g)) ........................................6

    II.    The Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Negligent
        Undertaking Claim (Count II), to the Extent it is Premised on the
        Enactment of Federal Statutes ..................................................12

    III.    The Court Should Dismiss Certain Plaintiffs' Medical Negligence Claims
        (Count IV) for Failure to State a Claim....................................15

CONCLUSION.............................................................................21

# TABLE OF AUTHORITIES

**PAGE(s)**

Cases

*Asao v. Citi Mortg., Inc.*,
No. CV 10-00553 SOM/KSC, 2011 WL 13228200 (D. Haw. Apr. 28, 2011) ..8, 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................5, 15

*Aubart v. McCarthy*,
No. CV 19-00459-ACK-KJM, 2020 WL 1663296 (D. Haw. Apr. 3, 2020)........11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)...............................................................................5

*Bennett v. United States*,
44 F.4th 929 (9th Cir. 2022) .......................................................................6

*Delta Sav. Bank v. United States*,
265 F.3d 1017 (9th Cir. 2001) ............................................... 12, 13, 14

*Equal Emp. Opportunity Comm'n v. JBS USA, LLC*,
481 F. Supp. 3d 1204 (D. Colo. 2020)...............................................15

*FDIC v. Meyer*,
510 U.S. 471 (1994).........................................................................13

*Fed'n of African Am. Contractors v. City of Oakland*,
96 F.3d 1204 (9th Cir. 1996) ................................................................4

*Frigard v. United States*,
862 F.2d 201 (9th Cir. 1988) .................................................................6

*Galyean v. Nw. Tr. Servs. Inc.*,
No. C13-1359 MJP, 2014 WL 1416864 (W.D. Wash. Apr. 14, 2014) ..........9, 12

*Guild v. United States*,
685 F.2d 324 (9th Cir. 1982) ..............................................................10

*Herrera v. Comme Des Garcons, Ltd.*,
No. 21-CV-4929, 2022 WL 3348099 (S.D.N.Y. Aug. 12, 2022) ....................... 16

*Hill v. Kaiser Found. Health Plan*,
No. C 10-2833 RS, 2011 WL 13243748 (N.D. Cal. Mar. 8, 2011) .............. 15, 16

*In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Louisiana Plaintiffs)*,
713 F.3d 807 (5th Cir. 2013) ............................................................. 7, 10

*In re Syngenta AG MIR 162 Corn Litig.*,
131 F. Supp. 3d 1177 (D. Kan. 2015) .................................................. 16

*Jou v. Adalian*,
No. CV 15-00155 JMS-KJM, 2016 WL 4582042 (D. Haw. Sept. 1, 2016) ......... 3

*Kim v. United States*,
No. 116CV01656LJOSKO, 2017 WL 5158709 (E.D. Cal. Nov. 7, 2017) ......... 11

*Lawrence v. United States*,
340 F.3d 952 (9th Cir. 2003) ....................................................... 6, 8, 9

*Lee v. United States*,
859 F. App'x 839 (9th Cir. 2021)....................................................... 7, 8

*Levitt v. Yelp Inc.*,
765 F.3d 1123 (9th Cir. 2014) ...................................................... 5, 15

*McAllister v. Hawaiiana Mgmt. Co.*, No. CV 11-00056 DAE-KSC, 2012 WL
13168540, at *2 (D. Haw. Apr. 23, 2012) ............................................. 2

*McCoy v. State of Hawaii Dep't of Hum. Serv.*,
No. CV 21-00063 LEK-RT, 2021 WL 5040197 (D. Haw. Oct. 29, 2021). 4, 5, 15

*Mt. Homes, Inc. v. United States*,
912 F.2d 352 (9th Cir. 1990) ....................................................... 7, 8

*Muniz-Rivera v. United States*,
326 F.3d 8 (1st Cir. 2003)................................................................ 10

*Pauly v. U.S. Dep't of Agri.*,
  348 F.3d 1143 (9th Cir. 2003) ........................................................ 6, 7, 8

*Sabow v. United States*,
  93 F.3d 1445 (9th Cir. 1996) ...............................................................7

*Safari Aviation, Inc. v. United States*,
  No. CIV 07-00078 ACK-KSC, 2008 WL 1960145 (D. Haw. May 2, 2008)........7

*Sanchez ex rel. D.R.-S. v. United States*,
  671 F.3d 86 (1st Cir. 2012)...................................................................14

*Sellfors v. United States*,
  697 F.2d 1362 (11th Cir. 1983) .............................................................13

*Taylor v. Denka Performance Elastomer LLC*,
  332 F. Supp. 3d 1039 (E.D.La. 2018)............................................. 15, 16

*Timmons v. Polley*,
  No. 217CV00361JADNJK, 2019 WL 383995 (D. Nev. Jan. 29, 2019) .........8, 12

*United States v. Fowler*,
  913 F.2d 1382 (9th Cir. 1990) ...................................................... 10, 11

*White v. Sabatino*,
  415 F. Supp. 2d 1163 (D. Haw. 2006).................................................12

*Zelaya v. United States*,
  781 F.3d 1315 (11th Cir. 2015) .................................................. 6, 9, 13

<u>Statues</u>

28 U.S.C. § 1346(b)(1)..............................................................................13

28 U.S.C. § 2680(h) ...............................................................................1, 6

# INTRODUCTION

In this Federal Tort Claims Act (FTCA) action, Plaintiffs allege harms arising from May 2021 and November 2021 spills from the U.S. Navy's Red Hill Bulk Fuel Storage Facility (Red Hill). As the Secretary of the Navy has acknowledged, these spills significantly impacted the communities in and around the facility. Statement of Secretary Del Toro (Nov. 21, 2022).[1] The United States is committed to the health, safety, and welfare of all those affected. *Id.* The United States will continue to work to productively resolve FTCA claims related to the 2021 Red Hill spills, but it also must ensure that any FTCA claims that are filed comport with applicable law.

For that reason, the United States files this targeted, partial motion to dismiss a subset of Plaintiffs' claims: First, the United States moves to dismiss Plaintiffs' failure-to-warn claim (part of Counts I & II, Second Am. Compl. ¶¶ 240(g), 254(g)) for lack of subject-matter jurisdiction because the FTCA's misrepresentation exception retains the United States' sovereign immunity for such a claim. 28 U.S.C. § 2680(h). Second, the United States moves to dismiss Plaintiffs' negligent undertaking claim (Count II), to the extent it is premised on the enactment of federal statutes because the duty in a FTCA case must arise from

---

[1] *Available at* https://www.navy.mil/Press-Office/Statements/display-statements/Article/3225023/secnav-del-toro-statement-on-the-red-hill-bulk-fuel-storage-facility/.

state—not federal—law. Finally, the United States moves to dismiss 58 of the 113

Plaintiffs' medical negligence claims (Count IV) for failure to state a claim

because the Second Amended Complaint lacks sufficient factual allegations that

these 58 Plaintiffs were negligently treated or denied medical treatment by U.S.

medical personnel. The United States intends to file an answer to address

Plaintiffs' remaining claims.[2]

## FACTS AND PROCEDURAL HISTORY

Since World War II, Red Hill—a facility of 20 large underground fuel

storage tanks—has been a critical part of U.S. military's strategic fuel reserves in

the Pacific. Second Am. Compl. (SAC) ¶ 6. On May 6, 2021, two piping joints at

Red Hill ruptured during a fuel transfer, resulting in jet fuel being spilled. *Id.*

¶¶ 11–12, 22. Most of the fuel was collected in a sump pump and then transferred

to a retention line. *Id.* ¶ 22. On November 20, 2021, a train cart struck the retention

line, resulting in the jet fuel being spilled again. *Id.* Plaintiffs allege that a portion

of the jet fuel that spilled in May and November 2021 entered the environment and

then the Navy's drinking water system that serves Joint Base Pearl Harbor-

Hickman (JBPHH). *Id.* ¶ 4. In response, the United States, *inter alia*, evacuated

---

[2] *See McAllister v. Hawaiiana Mgmt. Co.*, No. CV 11-00056 DAE-KSC, 2012 WL
13168540, at *2 (D. Haw. Apr. 23, 2012) ("[I]f a defendant files a motion pursuant
to Rule 12, the time to file an answer is extended. This is true even if the motion
addresses only some of the claims in the complaint") (collecting cases).

affected residents, lodged them in hotels, flushed the drinking water system, and worked with the Hawaii Department of Health to clear affected homes based on sampling results. *Id.* ¶¶ 56–57.

Plaintiffs allege that the 2021 spills from Red Hill impacted their drinking water and that the United States' acts or omissions (including causing the spills, its response thereto, and through subsequent medical treatment by its medical personnel) caused Plaintiffs' personal injuries and property damages. *Id.* ¶¶ 76–236. Plaintiffs assert six causes of action, including (as are relevant here): (1) alleged negligence because "[o]fficers failed to warn residents that the leaks had occurred in violation of federal and state law," *id.* ¶¶ 240(g), 254(g) (hereinafter, "failure-to-warn claim"); (2) negligent undertaking, *id.* ¶¶ 245–258; and (3) medical negligence, *id.* ¶¶ 273–288.[3]

On December 1, 2022, the United States filed a partial motion to dismiss the First Amended Complaint for substantially the same reasons raised in this motion.

---

[3] Plaintiffs also cite *Matsuura v. E.I. du Pont de Nemours & Co.*, for their independent negligent spoliation claim, Am. Compl. ¶ 67, but *Matsuura* did not in fact recognize such a separate tort, 73 P.3d 687, 706 (Haw. 2003) ("Because the facts alleged cannot support their spoliation claim, this court need not resolve whether Hawaiʻi law would recognize a tort of spoliation of evidence"); *see also Jou v. Adalian*, No. CV 15-00155 JMS-KJM, 2016 WL 4582042, at *19 (D. Haw. Sept. 1, 2016) ("And the court is unaware of any other Hawaii authority that has recognized whether the tort exists after *Matsuura* was decided in 2003."). The United States reserves all rights to contest the legal and factual bases for this claim, and any other claims unaddressed in this partial motion to dismiss.

*See* ECF No. 44. On December 13, 2022, Plaintiffs filed their Second Amended Complaint in order to "address[] the medical negligence portion of the United States['] Partial Motion to Dismiss (ECF 44)." *Id.* PageID.1280, n.2. Plaintiffs did so by adding factual allegations for 20 of the 78 Plaintiffs whose medical negligence claims were at issue in the United States' Partial Motion to Dismiss.[4]

**LEGAL STANDARD**

**I.    Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

"Rule 12(b)(1) authorizes a defendant to move for dismissal of an action for 'lack of subject-matter jurisdiction[.]'" *McCoy v. State of Hawaii Dep't of Hum. Serv.*, No. CV 21-00063 LEK-RT, 2021 WL 5040197, at *3 (D. Haw. Oct. 29, 2021) (Kobayashi, J.). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Id.* (quoting *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009)). In a facial Rule 12(b)(1) challenge—like the one the United States asserts here—"the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction, and a complaint's factual allegations are taken as true and construed in the light most favorable to the nonmoving party." *Id.* (quoting *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)).

---

[4] *Compare* ECF No. 44, PageID.1247-52 (listing the 78 Plaintiffs whose medical negligence claims the United States moved to dismiss), *with* Redlined Second Amended Complaint, ECF No. 49-2, PageID.1464-1504.

4

## II.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

"To survive a motion to dismiss for failure to state a claim after the Supreme

Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 . . . (2009) and *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 . . . (2007), the [plaintiff's] factual allegations

must ... suggest that the claim has at least a plausible chance of success." *McCoy*,

2021 WL 5040197, at *4 (Kobayashi, J.) (quoting *Levitt v. Yelp! Inc.*, 765 F.3d

1123, 1134–35 (9th Cir. 2014)) (alterations in the original). The Ninth Circuit

follows a two-step process for evaluating complaints subject to a motion to dismiss

for failure to state a claim. "First, to be entitled to the presumption of truth,

allegations in a complaint or counterclaim may not simply recite the elements of a

cause of action, but must contain sufficient allegations of underlying facts to give

fair notice and to enable the opposing party to defend itself effectively." *Id.*

(quoting *Levitt*, 765 F.3d at 1135). "Second, the factual allegations that are taken as

true must plausibly suggest an entitlement to relief, such that it is not unfair to

require the opposing party to be subjected to the expense of discovery and

continued litigation." *Id.* (quoting *Levitt*, 765 F.3d at 1135).

## ARGUMENT

The United States remains committed to redressing the legally cognizable

injuries caused by the 2021 Red Hill spills. Accordingly, to narrow the contested

issues and enable more productive proceedings, the United States moves to dismiss

only the subset of Plaintiffs' claims that clearly cannot proceed as currently

presented. This motion thus only addresses discrete portions of three of Plaintiffs'

six causes of action, including seeking to dismiss the medical negligence claims

(Count IV) of only those specific Plaintiffs who do not allege sufficient facts

supporting such a claim.

## I.     The Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Failure-to-Warn Claim (SAC ¶¶ 240(g), 254(g)).

"The FTCA provides a limited waiver of the Government's sovereign

immunity for tort claims." *Bennett v. United States*, 44 F.4th 929, 933 (9th Cir.

2022). One limitation on this waiver is the FTCA's misrepresentation exception,

which retains the United States' sovereign immunity for "[a]ny claim arising out of

. . . misrepresentation [or] deceit." 28 U.S.C. § 2680(h). "The misrepresentation

exception is broadly construed," *Frigard v. United States*, 862 F.2d 201, 202 (9th

Cir. 1988), with courts looking "'beyond the labels used' by the plaintiff" and

instead examining "the conduct upon which the claim is based," *Pauly v. U.S.*

*Dep't of Agri.*, 348 F.3d 1143, 1151 (9th Cir. 2003) (citation omitted).

The misrepresentation exception "'encompasses failure to communicate as

well as miscommunication,'" *Zelaya v. United States*, 781 F.3d 1315, 1334 (11th

Cir. 2015) (citation omitted), and applies regardless of whether the alleged conduct

was "negligent, or intentional," *Lawrence v. United States*, 340 F.3d 952, 958 (9th

6

Cir. 2003); *see also In re FEMA Trailer Formaldehyde Prod. Liab. Litig.
(Louisiana Plaintiffs)*, 713 F.3d 807, 812 (5th Cir. 2013) (concluding that
plaintiffs' "[c]laims of gross negligence for FEMA's alleged material omission of
the formaldehyde risk fall under the misrepresentation exception" because the
claims were based upon "FEMA's [alleged] failure to publicize and take action on
information it received relating to formaldehyde levels and occupant risk").

The test for whether a claim falls within the misrepresentation exception
turns on essentiality: "if the alleged misrepresentation is essential to the claim, then
the action is barred, even though there is some allied negligence." *Safari Aviation,
Inc. v. United States*, No. CIV 07-00078 ACK-KSC, 2008 WL 1960145, at *9 (D.
Haw. May 2, 2008); *see also Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir.
1996) ("We focus our § 2680(h) inquiry on whether conduct that constitutes an
enumerated tort is 'essential' to a plaintiff's claim.") (collecting cases). By
"essential," courts mean that the plaintiff's claim could not survive if the alleged
misrepresentation were removed from the equation. *E.g.*, *Lee v. United States*, 859
F. App'x 839, 840 (9th Cir. 2021) (the misrepresentation exception barred a claim
where the alleged injuries "are entirely the result of allegedly inaccurate
information provided by the [United States]") (quoting *Pauly*, 348 F.3d at 1151);
*Mt. Homes, Inc. v. United States*, 912 F.2d 352, 355–56 (9th Cir. 1990) ("The
essential part of this claim is that [the United States] failed to communicate the

7

correct sales tax information.[] [Plaintiff] has not alleged any injury it would have

suffered independently of its reliance on the erroneous tax information . . . .")

(collecting cases).

In this case, the FTCA's misrepresentation exception bars Plaintiffs' failure-

to-warn claim (SAC ¶¶ 240(g); 254(g)), regardless of whether Plaintiffs

characterize this claim (1) as being based solely on the Navy's alleged failure to

communicate (as Plaintiffs did in their First Amended Complaint, *see* ECF No. 24,

Am. Compl. ¶ 219(g), n.9); or (2) more broadly to include the Navy allegedly

providing inaccurate information. *See Lawrence*, 340 F.3d at 958 ("The

misrepresentation exception shields government employees from tort liability for

failure to communicate information, whether negligent, or intentional."); *Pauly*,

348 F.3d at 1151–52 ("The injuries they claim are entirely the result of allegedly

inaccurate information provided by [a government employee], either by design

(fraud) or by inadvertence (negligent misrepresentation). Therefore, their tort

claims are barred by section 2680(h), and the district court properly dismissed

them."); *accord Mt. Homes*, 912 F.2d at 355-56; *Lee*, 859 Fed. App'x at 840. The

fact that this failure-to-warn claim is part of Plaintiffs' larger negligence (Count I)

and negligent undertaking claims (Count II) does not save it from dismissal. *See,

e.g.*, *Asao v. Citi Mortg., Inc.*, No. CV 10-00553 SOM/KSC, 2011 WL 13228200,

at *6 & 11 (D. Haw. Apr. 28, 2011) (dismissing portions of Count V); *Timmons v.*

*Polley*, No. 217CV00361JADNJK, 2019 WL 383995, at *6 (D. Nev. Jan. 29, 2019) (dismissing plaintiff's "failure-to-train claim" portion of Count IV, but not other portions of the same count); *accord Galyean v. Nw. Tr. Servs. Inc.*, No. C13-1359 MJP, 2014 WL 1416864, at *9 (W.D. Wash. Apr. 14, 2014).

Plaintiffs have disputed the application of the misrepresentation exception for two reasons—neither of which is persuasive. First, Plaintiffs have argued that the misrepresentation exception does not apply because their claim is based upon a failure to communicate, rather than the communication of inaccurate information. ECF No. 24, Am. Compl. ¶ 219(g), n.9.[5] But the Ninth Circuit rejected such a distinction in *Lawrence*, holding that "[t]he misrepresentation exception shields government employees from tort liability for *failure to communicate information*, whether negligent, or intentional." *Lawrence v. United States*, 340 F.3d 952, 958 (9th Cir. 2003) (emphasis added) (affirming the district court's holding that this exception barred plaintiffs' FTCA claim based on an "alleged failure to communicate certain information at [a] hearing").

Numerous Courts of Appeals agree that the misrepresentation exception applies to failures to communicate. *See, e.g.*, *Zelaya v. United States*, 781 F.3d 1315, 1334 (11th Cir. 2015) ("But unfortunately for Plaintiffs, miscommunication

---

[5] Plaintiffs have removed this footnote from the Second Amended Complaint, *see* SAC ¶ 240, but it remains unclear whether they will continue to advance this argument, *see* SAC ¶ 38.

and non-communication yield the same result for purposes of the misrepresentation exception, because the misrepresentation exception 'encompasses failure to communicate as well as miscommunication.'") (citation omitted); *Muniz-Rivera v. United States*, 326 F.3d 8, 13 (1st Cir. 2003) ("The exception extends to a wide range of communicative activity (including failures of communication)."); *accord In re FEMA*, 713 F.3d at 812.

Second, Plaintiffs contend that the misrepresentation exception does not apply because elsewhere Plaintiffs allege that the United States negligently performed other tasks that do not fall under the misrepresentation exception. *See* SAC ¶ 38. But these other allegations of negligence are irrelevant because the United States is not moving to dismiss these other negligence theories under the misrepresentation exception—just Plaintiffs' failure-to-warn claim. This failure-to-warn claim solely rests upon "the communication of information," which courts (by definition) distinguish from "operational tasks." *See, e.g.*, *United States v. Fowler*, 913 F.2d 1382, 1387 (9th Cir. 1990) (quoting *Guild v. United States*, 685 F.2d 324, 325 (9th Cir. 1982)).

Plaintiffs cannot inoculate their failure-to-warn claim from the misrepresentation exception by commingling it with allegations of negligent performance of operational tasks or other claims. The test is simply whether Plaintiffs are claiming injuries from their failure-to-warn claim based on a failure

10

to communicate information. *See, e.g.*, *Fowler*, 913 F.2d at 1387–88 (affirming

dismissal of counterclaim, because even though "the government performed the

operational task of processing an insurance claim negligently," plaintiffs' injuries

were "not the result of the negligent handling," but from their reliance "on the

government's representation that it would pay for the flood damage when, in fact,

it would not"); *Kim v. United States*, No. 116CV01656LJOSKO, 2017 WL

5158709, at *6 (E.D. Cal. Nov. 7, 2017) ("while Plaintiffs allege that Defendant

was negligent in maintaining the Subject Tree and its environment, Plaintiffs also

allege that Defendant intentionally concealed the danger posed by the tree by

representing that the Upper Pines Campground was safe for camping, and that

Plaintiffs relied on that representation. Plaintiffs fraudulent concealment claim is

based on the 'communication of information' rather than on 'the performance of

operational tasks,' and hence is one for misrepresentation."), *aff'd on these

grounds, rev'd in part on other grounds and remanded,* 940 F.3d 484 (9th Cir.

2019).

In this case, by choosing to separately delineate a failure-to-warn claim,

Plaintiffs necessarily are alleging that they suffered injuries from the United States'

alleged failure to communicate information. The misrepresentation exception,

however, bars them from doing so in this FTCA suit. *See, e.g.*, *Aubart v.

McCarthy*, No. CV 19-00459-ACK-KJM, 2020 WL 1663296, at *7 (D. Haw. Apr.

11

3, 2020) (dismissing some of plaintiff's claims under the misrepresentation exception because those specific claims allege an "injury caused by the communication of misleading information, not negligent or wrongful performance of operational tasks").

For these reasons, the FTCA's misrepresentation exception deprives this Court of subject-matter jurisdiction over Plaintiffs' failure-to-warn claim (part of Counts I & II, Am. Compl. ¶¶ 240(g), 254(g)), and so the Court should dismiss this claim.

## II.    The Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Negligent Undertaking Claim (Count II), to the Extent it is Premised on the Enactment of Federal Statutes

The Court should dismiss Count II (negligent undertaking), to the extent it relies upon the enactment of federal statutes as the undertaking that gives rise to an alleged duty of care.[6] Once again, the United States only seeks to dismiss these discrete portions of Count II. *See, e.g.*, *Asao*, 2011 WL 13228200, at *6 & 11 (D. Haw. Apr. 28, 2011) (dismissing portions of Count V); *accord Timmons*, 2019 WL 383995, at *6; *Galyean*, 2014 WL 1416864, at *9.

The Ninth Circuit repeatedly has held that alleged violations of federal law "cannot sustain a cause of action under the FTCA." *Delta Sav. Bank v. United*

---

[6] "Hawaii case law relating to the voluntary assumption of duty or undertaking has generally followed the Restatement (Second) of Torts." *White v. Sabatino*, 415 F. Supp. 2d 1163, 1175 (D. Haw. 2006) (citing Restatement (2nd) of Torts § 324A).

12

*States*, 265 F.3d 1017, 1026 (9th Cir. 2001) (citing cases) (in a FTCA case, the

alleged duty "cannot spring from a federal law"). That is because the FTCA waives

the United States' sovereign immunity and imposes liability, in pertinent part,

"under circumstances where the United States, if a private person, would be liable

to the claimant in accordance with the law of the place where the act or omissions

occurred." 28 U.S.C. § 1346(b)(1). "[I]t is well established that a federal statute

cannot constitute the 'law of the place' because '[t]he FTCA was not intended to

redress breaches of federal statutory duties.'" *Zelaya v. United States*, 781 F.3d

1315, 1324 (11th Cir. 2015) (quoting *Sellfors v. United States*, 697 F.2d 1362,

1365 (11th Cir. 1983)); *see also FDIC v. Meyer*, 510 U.S. 471, 478 (1994)

(holding that the FTCA does not provide a waiver of sovereign immunity for

federal constitutional claims, because "§ 1346(b)'s reference to the 'law of the

place' means law of the State" and not federal law); *Delta Sav. Bank*, 265 F.3d at

1024 ("liability under [42 U.S.C.] § 1986 arises from federal law, not state law and

therefore cannot sustain a cause of action under the FTCA").

        In Count II of the Second Amended Complaint, Plaintiffs assert numerous

alleged undertakings that give rise to an alleged duty of care, including the

enactment of federal law. *See* SAC ¶¶ 250 ("the United States Congress voluntarily

undertook the creation of laws such as the Safe Drinking Water Act and the Clean

Water Act"), 250(d) (alleging that the prohibition in 33 U.S.C. § 1311(a) is another

undertaking); *accord id.* ¶ 253. Because the FTCA does not provide for liability for violations of federal law, Count II must be dismissed to the extent it is premised on the enactment of federal statutes.

It makes no difference that Plaintiffs have couched their claim as a state law negligent undertaking claim based on the enactment of federal statutes. The Ninth Circuit has expressly rejected the notion that a similar negligence claim can be brought under the FTCA, because it would work "an 'end around' the local law requirements of the FTCA." *Delta Savings Bank*, 265 F.3d at 1026. In *Delta Savings Bank*, the plaintiffs argued that "a state law negligence per se action can be premised on the duty arising from the federal statute, 42 U.S.C. § 1986." *Id.* The Court explained that "[i]f FTCA liability cannot be premised directly on alleged violations of § 1986, then neither can it be premised on a negligence per se cause of action which relies solely on federal law as the source of duty." *Id.*; *see also Sanchez ex rel. D.R.-S. v. United States*, 671 F.3d 86, 94–95 (1st Cir. 2012) ("Congress did not intend that the [Clean Water Act] authorize civil tort actions against the federal government for damages," and so "[t]he plaintiffs' theory that they may sue under the FTCA for alleged CWA violations is expressly barred by the intent of Congress."). Likewise, FTCA liability in this case cannot be based on the existence of a federal law as the undertaking that may give rise to the alleged duty of care.

14

### III. The Court Should Dismiss Certain Plaintiffs' Medical Negligence Claims (Count IV) for Failure to State a Claim.

"[T]he complaint must include sufficient facts, specific to each plaintiff, to 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hill v. Kaiser Found. Health Plan*, No. C 10-2833 RS, 2011 WL 13243748, at *3 (N.D. Cal. Mar. 8, 2011) (quoting *Iqbal*, 556 U.S. at 678); *see also Taylor v. Denka Performance Elastomer LLC*, 332 F. Supp. 3d 1039, 1055 n.16 ("[e]ach and every plaintiff must . . . allege facts that, if true, would plausibly entitle them to relief"); *accord Equal Emp. Opportunity Comm'n v. JBS USA, LLC*, 481 F. Supp. 3d 1204, 1221 (D. Colo. 2020).

The Second Amended Complaint does not state a claim of medical negligence (Count IV) on behalf of the 58 Plaintiffs who are listed in Table 1 at the end of this section because there are not "sufficient allegations" that these Plaintiffs were negligently treated or denied medical treatment by United States medical personnel. *McCoy*, 2021 WL 5040197, at *4 (Kobayashi, J.) ("allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively") (quoting *Levitt*, 765 F.3d at 1135). Indeed, there are no factual allegations at all that these specific Plaintiffs were negligently treated or denied medical treatment by United States medical personnel. SAC ¶¶ 76–236.

The Second Amended Complaint's generally applicable, non-Plaintiff-specific allegations of medical negligence (SAC ¶¶ 60–65; 273–81) do not cure this defect. *See Herrera v. Comme Des Garcons, Ltd.*, No. 21-CV-4929, 2022 WL 3348099, at *3 (S.D.N.Y. Aug. 12, 2022) ("Nor do allegations of what 'typically' happened across a group of fourteen employees over a period of almost eight years nudge any given Plaintiff's claim of uncompensated overtime across the line from possible to plausible"); *accord In re Syngenta AG MIR 162 Corn Litig.*, 131 F. Supp. 3d 1177, 1215–16 (D. Kan. 2015). This is especially so since this Complaint is asserted on behalf of over 100 Plaintiffs and purports to be the vehicle for litigating claims on behalf of thousands more. *See* SAC PageID.1280, n.1, PageID.1291–93. Courts have dismissed similar mass tort claims when they are based on generalized—rather than Plaintiff-specific—allegations. *See, e.g.*, *Taylor*, 332 F. Supp. 3d at 1055 (granting motion to dismiss for failure to state a claim because, *inter alia*, of "the absence of any individualized allegations regarding each plaintiff's experience"); *Hill*, 2011 WL 13243748, at *3 (dismissing plaintiffs' claims where there were not "sufficient facts, specific to each plaintiff" and "[t]he problem is only compounded here by the complaint's attempt to treat the plaintiffs as a group, when, for instance, only some of them are identified as suffering from a disability yet all of them supposedly suffered 'denial of reasonable accommodation'").

16

In response to the United States' initial partial motion to dismiss raising this same argument with respect to 78 of the 113 Plaintiffs' medical negligence claims (ECF No. 44-1, PageID.1245-52), Plaintiffs filed the Second Amended Complaint to add factual allegations for the medical negligence claims of 20 of these 78 Plaintiffs, *see* SAC, PageID.1280, n.2; Redlined Second Amended Complaint, ECF No. 49-2, PageID.1464-1504. However, because Plaintiffs continue to assert medical negligence claims on behalf of all 113 Plaintiffs, SAC ¶¶ 273-81 (medical negligence (Count IV)), this still leaves 58 Plaintiffs (listed in Table 1 below) who have not pleaded facts specific to them with respect to their medical negligence claims. Therefore, these 58 Plaintiffs' medical negligence claims (Count IV) should be dismissed for failure to state a claim.

| Table 1 | Plaintiff | SAC Paragraphs |
|---|---|---|
| 1. | Kevin Aubart | 111 – 113 |
| 2. | Saori Aubart | 111 – 113 |
| 3. | Adrianna Coberley as Next Friend to her minor child J.M. | 117 – 124 |
| 4. | Richelle Dietz | 125 – 126 |
| 5. | Richelle Dietz as Next Friend to her minor child B.D. | 125 – 126 |
| 6. | Richelle Dietz as Next Friend to her minor child V.D. | 125 – 126 |
| 7. | Tiffany Flewellyn-Reynolds | 127 – 130 |

| Table 1 | Plaintiff | SAC Paragraphs |
|---|---|---|
| 8. | Tiffany Flewellyn-Reynolds as Next Friend to her minor child T.R. | 127 – 130 |
| 9. | Tiffany Flewellyn-Reynolds as Next Friend to her minor child A.R. | 127 – 130 |
| 10. | Jeff Fritz | 131 – 134 |
| 11. | Anayansi Fritz | 131 – 134 |
| 12. | Alexander Grow | 135 – 138 |
| 13. | Adriana Grow | 135 – 138 |
| 14. | Adriana Grow as Next Friend to her minor child At.G. | 135 – 138 |
| 15. | Adriana Grow as Next Friend to her minor child Au.G. | 135 – 138 |
| 16. | Adriana Grow as Next Friend to her minor child A.C.G. | 135 – 138 |
| 17. | Adriana Grow as Next Friend to her minor child Ap.G. | 135 – 138 |
| 18. | Kelly Jones | 147 – 149 |
| 19. | Joseph Maben | 160 – 161 |
| 20. | Patricia Maben | 160 – 161 |
| 21. | Isabel Maloon as Next Friend to her minor child M.D. | 162 – 165 |
| 22. | Isabel Maloon as Next Friend to her minor child K.M. | 162 – 165 |
| 23. | Isabel Maloon as Next Friend to her minor child L.M. | 162 – 165 |
| 24. | Isabel Maloon as Next Friend to her minor child A.M. | 162 – 165 |

| Table 1 | Plaintiff | SAC Paragraphs |
|---|---|---|
| 25. | Isabel Maloon as Next Friend to her minor child P.M. | 162 – 165 |
| 26. | Isabel Maloon as Next Friend to her minor child C.M. | 162 – 165 |
| 27. | Katherine McClanahan | 166 – 169 |
| 28. | Katherine McClanahan as Next Friend to her minor child E.M. | 166 – 169 |
| 29. | Brian McClanahan | 166 – 169 |
| 30. | William McClanahan | 166 – 169 |
| 31. | Elsa Guerra | 170 – 173 |
| 32. | Kelly Morris | 174 – 176 |
| 33. | Hailey Morris | 174 – 176 |
| 34. | Tiffany Overbaugh | 177 – 182 |
| 35. | Tiffany Overbaugh as Next Friend to her minor child J.O. | 177 – 182 |
| 36. | Tiffany Overbaugh as Next Friend to her minor child B.O. | 177 – 182 |
| 37. | Kandyce Perez | 183 – 185 |
| 38. | Kandyce Perez as Next Friend to her minor child L.P. | 183 – 185 |
| 39. | Kandyce Perez as Next Friend to her minor child A.P. | 183 – 185 |
| 40. | Kandyce Perez as Next Friend to her minor child E.P. | 183 – 185 |
| 41. | Kandyce Perez as Next Friend to her minor child F.P. | 183 – 185 |
| 42. | Harry Pulou | 186 – 189 |
| 43. | Lorelei Pulou | 186 – 189 |

| Table 1 | Plaintiff | SAC Paragraphs |
|---|---|---|
| 44. | Lorelei Pulou as Next Friend to her minor child V.P. | 186 – 189 |
| 45. | Lorelei Pulou as Next Friend to her minor child S.P. | 186 – 189 |
| 46. | Lorelei Pulou as Next Friend to her minor child J.P. | 186 – 189 |
| 47. | Lorelei Pulou as Next Friend to her minor child H.P. | 186 – 189 |
| 48. | Lorelei Pulou as Next Friend to her minor child I.P. | 186 – 189 |
| 49. | Lacey Quintero | 190 – 193 |
| 50. | Lacey Quintero as Next Friend to her minor child C.J.Q. | 190 – 193 |
| 51. | Lacey Quintero as Next Friend to her minor child C.E.Q. | 190 – 193 |
| 52. | Chad Watson as Next Friend to his minor child M.T. | 214 – 217 |
| 53. | Paige Wheeler as Next Friend to her minor child J.W. | 218 – 221 |
| 54. | Paige Wheeler as Next Friend to her minor child A.W. | 218 – 221 |
| 55. | Paige Wheeler as Next Friend to her minor child S.W. | 218 – 221 |
| 56. | Lindsey Wilson as Next Friend to her minor child L.W. | 222 – 225 |

20

| Table 1 | Plaintiff | SAC Paragraphs |
|---|---|---|
| 57. | Amanda Zawieruszynski as Next Friend to her minor child J.Z. | 230 – 236 |
| 58. | Amanda Zawieruszynski as Next Friend to her minor child S.Z. | 230 – 236 |

## CONCLUSION

For the reasons set forth above, the Court should (1) dismiss Plaintiffs' failure-to-warn claim (part of Counts I & II) because the FTCA's misrepresentation exception deprives the Court of subject-matter jurisdiction; (2) dismiss Plaintiffs' negligent undertaking claim (Count II), to the extent it is premised on the enactment of federal statutes; and (3) dismiss 58 Plaintiffs' medical negligence claims (Count IV) for failure to state a claim.

Dated: December 26, 2022          Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney
General, Civil Division

VARU CHILAKAMARRI
Deputy Assistant Attorney General
Torts Branch

J. PATRICK GLYNN
Director

CHRISTINA FALK
Assistant Director

21

/s/ Eric Rey
ERIC REY (DC Bar # 988615)
CAROLINE STANTON
ROSEMARY YOGIAVEETIL
KENNETH PILGRIM
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation
175 N Street, NE
Washington, DC 20002
Phone: 202-616-4224
E-mail: eric.a.rey@usdoj.gov