ELLIOT ENOKI #1528
Executive Assistant U.S. Attorney
District of Hawaii
Attorney for the United States, Acting
under Authority Conferred by 28 U.S.C. § 515
SYDNEY SPECTOR #11232
Assistant U.S. Attorney

J. PATRICK GLYNN, Director
CHRISTINA FALK, Assistant Director
CAROLINE STANTON, Trial Attorney
Environmental Tort Litigation
Civil Division, U.S. Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 307-0554
Fax: (202) 616-4473
Email: caroline.w.stanton@usdoj.gov

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR. et al., | CIVIL NO. 22-cv-00397-LEK-KJM |
| Plaintiffs, | REPLY MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR A PROTECTIVE ORDER TO QUASH THE DEPOSITION NOTICE TO ADMIRAL SAMUEL J. PAPARO |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | TRIAL DATE: March 25, 2024 TIME: 9:00 a.m. JUDGE: Hon. Leslie E. Kobayashi |

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................... i

TABLE OF AUTHORITIES ....................................................................... ii

INTRODUCTION ..................................................................................... 1

ARGUMENT............................................................................................. 1

   I.   Plaintiffs Bear the Burden of Demonstrating that "Extraordinary Circumstances" Justify Deposing Admiral Paparo............................................ 1

      A.   Plaintiffs' Assertion that the *Morgan* Doctrine Does Not Apply to Senior Military Officials is Without Legal Support. ................................................... 2

      B.   Plaintiffs' Proposed Areas of Inquiry are Not "Essential" to Their Case. 7

      C.   Plaintiffs Acknowledge That They Have Not Exhausted Less Burdensome Means of Obtaining Any Information That They Seek from Admiral Paparo. .................................................................................... 9

   II.  Good Cause Exists for a Protective Order.................................................... 9

CONCLUSION .......................................................................................11

# TABLE OF AUTHORITIES

## Cases

Page(s)

*Ayat v. Societe Air France*,
    2008 WL 114936, (N.D. Cal. Jan. 8, 2008)........................................................ 7-8

*BAE Sys. San Diego Ship Repair Inc. v. United States*,
    No. 22-CV-00515-L-BGS,
    --- F.Supp. 3d ---, 2023 WL 3081288 (S.D. Cal. Apr. 24, 2023)................. 1-2, 6

*Broncel v. H & R Transp., Ltd.*,
    No. 1:08CV0496 AWI DLB,
    2011 WL 319822 (E.D. Cal. Jan. 28, 2011) ............................................... 7-8, 10

*City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*,
    No. 2:15-mc-0146 WBS-AC,
    2015 WL 9434782 (E.D. Cal. Dec. 24, 2015) ................................................. 3-4

*Conforto v. Mabus*,
    No. 12CV1316-W (BLM),
    2014 WL 12560881 (S.D. Cal. Sept. 24, 2014)................................................... 6

*Detoy v. City & Cnty of San Francisco*,
    196 F.R.D. 362 (N.D. Cal. 2000)........................................................................ 2

*Diversified Graphics, Ltd. v. Groves*,
    868 F.2d 293 (8th Cir. 1989) ............................................................................. 8

*Green v. Baca*,
    226 F.R.D. 624, 648 (C.D. Cal. 2005) ............................................................... 2

*In re Cheney*,
    544 F.3d 311 (D.C. Cir. 2008).......................................................................... 3

*In re F.D.I.C.*,
    58 F.3d 1055, 1060 (5th Cir. 1995).................................................................... 3

*In re U.S. Dep't of Educ. (DeVos),*
  25 F. 4th 692 (9th Cir. 2022) ....................................................................passim

*In re United States*,
  197 F.3d 310, 316 (8th Cir. 1999)......................................................... 3

*In re United States*,
  985 F.2d 510, 512 (11th Cir. 1993)....................................................... 3

*Predybaylo v. Sacramento County*,
  No. 2:19-CV-01243-MCE-CKD,
  2020 WL 4043024 (E.D. Cal. July 17, 2020)....................................................3, 4

*Silva v. City & Cnty. of Honolulu*,
  No. CV 15-00436 HG-KJM,
  2016 WL 11713387 (D. Haw. Nov. 22, 2016) ................................................... 2

*Simplex Time Recorder Co. v. Sec'y of Lab.*,
  766 F.2d 575, 586 (D.C. Cir. 1985) ................................................................. 3

*United States v. Morgan*,
  313 U.S. 409, 421-22, 61 S.Ct. 999, 85 L.Ed. 1429 (1941).......................passim

<u>Rules</u>

Fed. R. Civ. P. 26(b) ...................................................................................1, 10, 11

Miscellaneous

Bryant Harris, *Pacific Fleet Commander to Brief China Committee on Taiwan Defense*, DEFENSE NEWS, May 10, 2023 ............................................................5

Christina Jedra, *Red Hill Depositions Reveal More Details About What the Navy knew About Spill*, HONOLULU CIVIL BEAT, May 31, 2023 ............................11

**INTRODUCTION**

As Plaintiffs acknowledge, the contested issues in this case are limited to "the extent of the contamination and the extent of the harm" caused by 2021 leaks from the Red Hill Bulk Fuel Storage Facility.  *See* Pls. Opp. 3, ECF No. 112. While Plaintiffs' Opposition identifies, for the first time, ten potential topics upon which they seek to question Admiral Paparo, none of those topics relate to the contested issues of causation and damages.  Plaintiffs' descriptions merely confirm that they seek to launch broad discovery into the decision-making process of one of the Navy's most senior commanders and "inappropriately breach[] the barrier separating one co-equal branch of the federal government from another."  *In re U.S. Dep't of Educ. (DeVos)*, 25 F. 4th 692, 699 (9th Cir. 2022).

Even if Admiral Paparo had information relevant to the issues of causation and damages, Plaintiffs have failed to meet their burden to demonstrate that such information is *essential* to the case and unavailable via other means.

**ARGUMENT**

**I.  Plaintiffs Bear the Burden of Demonstrating that "Extraordinary Circumstances" Justify Deposing Admiral Paparo.**

Plaintiffs misconstrue the appropriate legal standard for taking Admiral Paparo's deposition.  While the party seeking a protective order ordinarily bears the burden of demonstrating good cause under Rule 26(c), when the requested deponent is a high-ranking government official the "burden switches to the party

seeking the deposition to demonstrate the need for the testimony." *BAE Sys. San Diego Ship Repair Inc. v. United States*, --- F.Supp. 3d ---, No. 22-CV-00515-L-BGS, 2023 WL 3081288, at *3 (S.D. Cal. Apr. 24, 2023) (internal quotations omitted).  That burden requires the party "seeking discovery to show 'exceptional circumstances' for the discovery." *Silva v. City & Cnty. of Honolulu*, No. CV 15-00436 HG-KJM, 2016 WL 11713387, at *3 (D. Haw. Nov. 22, 2016) (citing cases).[1]  Under binding Ninth Circuit law, to demonstrate these extraordinary circumstances, Plaintiffs must show both that (i) Admiral Paparo's deposition is necessary to obtain information "essential to the case" and (ii) that the information "cannot be obtained in any other way." *DeVos*, 25 F.4th at 702.

### A. Plaintiffs' Assertion that the *Morgan* Doctrine Does Not Apply to Senior Military Officials is Without Legal Support.

Plaintiffs first argue that *Morgan* and *DeVos* apply only to "Cabinet Secretaries." *See* Opp. at 13.  Such a limitation appears nowhere in either *Morgan*

---

[1] As the cases relied upon by this Court in *Silva* demonstrate, this "exceptional circumstances" test is derived from *United States v. Morgan,* 313 U.S. 409 (1941). *See Silva,* 2016 WL 11713387, at *3 (*citing, e.g., Detoy v. City & Cnty of San Francisco*, 196 F.R.D. 362, 369 (N.D. Cal. 2000) (applying *Morgan* to hold that "Extraordinary circumstances must exist before the involuntary depositions of high government officials are permitted."); *Green v. Baca*, 226 F.R.D. 624, 648 (C.D. Cal. 2005) ("The need to limit the use of subpoenas served on high government officials was recognized by the Supreme Court in *United States v. Morgan*, 313 U.S. 409, 421–22, 61 S.Ct. 999, 85 L.Ed. 1429 (1941).")).  Contrary to Plaintiffs' argument, Opp. at 16-17, *Silva* did not invoke some lesser bar for the deposition of high-ranking officials.

or *DeVos*, which by their plain terms speak of "high-ranking government officials." *See DeVos*, 25 F.4th at 700.  The doctrine is so well-established that Circuit Courts across the country have granted mandamus to preclude the depositions of high-ranking officials other than Cabinet secretaries.  *See, e.g.*, *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) (precluding the deposition of the Vice President's Chief of Staff); *In re United States*, 197 F.3d 310, 316 (8th Cir. 1999) (precluding the deposition of the Deputy Attorney General); *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995) (precluding the depositions of three F.D.I.C. Directors); *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) (precluding deposition of an FDA Commissioner); *Simplex Time Recorder Co. v. Sec'y of Lab.*, 766 F.2d 575, 586 (D.C. Cir. 1985) (precluding the depositions of the Solicitor of Labor, the Secretary of Labor's Chief of Staff, the Regional Administrator for the Administration, and the Administration's Area Director).  Plaintiffs cite to the depositions of sub-cabinet officials in the Department of Education as evidence that the *Morgan* doctrine applied only to Secretary DeVos, Opp. at 14; those depositions, however, were *voluntary*, and voluntary depositions have no bearing on the question at hand.

Plaintiffs next rely on *Predybaylo v. Sacramento County*, No. 2:19-CV-01243-MCE-CKD, 2020 WL 4043024 (E.D. Cal. July 17, 2020) and *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, No. No. 2:15-

3

mc-0146 WBS-AC, 2015 WL 9434782 (E.D. Cal. Dec. 24, 2015) to support their

contention that *Morgan* precludes the depositions only of those at the "very top of

the organizational chart," Opp. at 15.  As a threshold matter, both *Predybaylo* and

*City of Sterling Heights* are unpublished District Court cases that predate the Ninth

Circuit's thorough review of the appropriate standard in *DeVos*.  Further, although

*Predybaylo* and *City of Sterling Heights* permitted lower-level government

officials to be deposed, those cases did not apply the *Morgan* doctrine and instead

analyzed the motions for protective order under the "apex doctrine," which applies

only to witnesses at the apex of their organizations.  *Predybaylo*, 2020 WL

4043024 at *2; *City of Sterling Heights*, 2015 WL 9434782, at *1.  Prior to *DeVos*,

Courts occasionally conflated the apex doctrine and the *Morgan* doctrine.

However, in *DeVos*, the Ninth Circuit made clear that the *Morgan* doctrine "rules

rest on a constitutional foundation, and we see our analysis in this opinion as

distinct from the 'apex doctrine.'"  *DeVos*, 25 F.4th at 700, n.1.  Accordingly,

*Predybaylo* and *City of Sterling Heights* apply the incorrect legal standard and are

of little guidance to the current dispute.

Even accepting Plaintiffs' argument that depositions only protect the senior

most leaders in an organization, Plaintiffs fail to recognize Admiral Paparo's role

in Navy leadership and mischaracterize the government's position on depositions

of military officials.  Contrary to Plaintiffs' assertion, the Government has not

argued that "all officers of a rank of O-7 or above cannot be deposed absent extraordinary circumstances." *See* Opp. at 15.  Indeed, the Government has made Rear Admiral Christopher Cavanaugh available for a deposition in this case.

Next, Plaintiffs argue that Admiral Paparo falls outside the protections of the *Morgan* doctrine because he holds a position similar to that of "1000 federal officers." *Id.*  Plaintiffs plainly fail to grasp the significance of Admiral Paparo's responsibilities.  Admiral Paparo is one of only seven four-star Admirals in the U.S. Navy, out of nearly 350,000 sailors.[2]  He commands the largest fleet in the U.S. Navy and the world, which encompasses 100 million square miles and nearly half the Earth's surface.[3]  *See also* ECF No. 101-1 at 2-3.  Admiral Paparo's primary command responsibility includes preparing the U.S. Navy for any need to defend Taiwan against a potential attack from the People's Republic of China.  *See* Bryant Harris, *Pacific Fleet commander to brief China committee on Taiwan defense*, DEFENSE NEWS, May 10, 2023 (reporting that Admiral Paparo would brief Congress regarding "resource requirements and shortages, capability shortfalls, modernization efforts and logistics and coordination with allies and partners.")

Plaintiffs make conclusory claims that *Morgan* is not intended to apply to military leaders, but do not cite a single case – nor is the United States aware of

---

[2] *See* Navy.mil/About/Mission
[3] *See* Commander, Pacific Fleet, About Us, *available at* https://www.cpf.navy.mil/About-Us/.

any – compelling the deposition of a four-star military officer over a *Morgan* objection.  In fact, there are numerous instances where courts have precluded the depositions of lower-ranking military officials under *Morgan* and the apex doctrine.  *See, e.g.*, *BAE*, 2023 WL 3081288, at *5 (granting a protective order pursuant to *Morgan* to preclude the depositions of Vice Admirals and Rear Admirals); *Conforto v. Mabus*, No. 12CV1316-W (BLM), 2014 WL 12560881, at *7 (S.D. Cal. Sept. 24, 2014) (precluding the deposition of Rear Admirals under the apex doctrine).

"High ranking government officials have greater duties and time constraints than other witnesses. Their time is very valuable" and "the duties of high-ranking executive officers should not be interrupted by judicial demands for information that could be obtained elsewhere." *DeVos*, 25 F.4th at 700 (internal quotations omitted); *see also* Mot. at 14-15.  Leaders such as Admiral Paparo "hold positions at the top of their Navy divisions" and have a "tremendous amount of responsibility, supervising thousands of uniformed service members and Navy civilian employees, managing multi-million-dollar budgets, and … protecting our national security."  *BAE*, 2023 WL 3081288, at *7 (internal quotations omitted). As a result, deposing Admiral Paparo would "significantly interfere with the ability of the official[] to perform their governmental duties" and should be precluded under *Morgan*.  *Id*.

### B. Plaintiffs' Proposed Areas of Inquiry are Not "Essential" to Their Case.

To demonstrate the presence of "extraordinary circumstances" sufficient to justify the taking of Admiral Paparo's deposition, Plaintiffs must demonstrate that the information sought from Admiral Paparo is "essential" to their case. *See DeVos*, 25 F. 4th at 702.

In their Opposition, Plaintiffs for the first time identify particular areas of inquiry about which they wish to question Admiral Paparo and acknowledge that their primary purpose for deposing Admiral Paparo is for their various theories of negligence. *See, e.g.,* Opp. at 11 ("Plaintiffs seek to … question Admiral Paparo on the following issues that relate directly to disputed claims, particularly negligent undertaking"), 19 (Plaintiffs seek to question Admiral Paparo regarding "negligent investigation into prior fuel spills"), 20 ("Admiral Paparo is uniquely situated to address the lengthy list of information sought above regarding operational negligence"). However, the United States has already admitted to breach of a duty. *See* Joint Stip., ECF No. 98. Where liability is no longer in dispute, discovery into such matters is no longer proportional to the needs of the case. *See Broncel v. H & R Transp., Ltd.*, No. 1:08CV0496 AWI DLB, 2011 WL 319822, at *3 (E.D. Cal. Jan. 28, 2011) (applying Rule 26 to hold that plaintiffs were not entitled to depositions regarding liability after defendants admitted to liability for negligence); *Ayat v. Societe Air France*, 2008 WL 114936, at *1 (N.D. Cal. Jan. 8, 2008)

7

(granting a protective order precluding discovery into liability after the defendant admitted liability).

Plaintiffs argue that this discovery is somehow still relevant because the United States has not admitted to each of their various theories of negligence. Opp. at 3-4.  Such an argument fails to recognize that, regardless of their theory of harm, Plaintiffs may only recover once.  *See Diversified Graphics, Ltd. v. Groves*, 868 F.2d 293, 295 (8th Cir. 1989) ("Regardless of whether the harm was the result of negligence or breach of fiduciary duty or a combination of both, there is only a single injury and there may only be a single recovery."); *see also* Mot. at 17-18. Accordingly, as liability has been established, additional discovery into theories of liability is far from "essential" to Plaintiffs' case.

Plaintiffs do not cite a single topic regarding causation or damages about which they wish to question Admiral Paparo and instead simply claim that Admiral Paparo has "personal knowledge" of topics regarding negligence.  In *DeVos*, the Ninth Circuit rejected a similar effort to depose the Secretary of Education regarding the delay in processing student loan borrower applications.  25 F. 4th at 704.  Noting that plaintiffs had "already established that the Department's reasons do not withstand scrutiny," the Court held that the Secretary's deposition was not essential.  Likewise, here, it is already established that the United States breached its duty to exercise ordinary care in the operation of Red Hill, resulting in the May

8

6, 2021 and November 20, 2021 spills.  *See* ECF No. 98.  Thus, Admiral Paparo's

knowledge of any alleged negligence "while perhaps relevant, is not essential."

*DeVos*, 25 F. 4th 704.

> ### C. Plaintiffs Acknowledge That They Have Not Exhausted Less Burdensome Means of Obtaining Any Information That They Seek from Admiral Paparo.

To demonstrate extraordinary circumstances justifying a deposition of

Admiral Paparo, Plaintiffs must also establish that the information is unobtainable

in any other way.  *DeVos*, 25 F. 4th at 704.  Plaintiffs do not dispute that they have

not sought any of this information via other means, and instead argue that

"Admiral Paparo is uniquely situated to address" their questions.  Opp. at 20.

Despite serving more than 200 discovery demands in this action, Plaintiffs have

not served any Requests for Production, Interrogatories, or Requests for Admission

regarding any of those topics.  Plaintiffs seek to question Admiral Paparo regarding

interactions with several other officers, yet they have not deposed any of those

officers.  *See* Opp. at 12-13.  "Exhaustion of all reasonable alternative sources is

required, and that requirement was not met here."  *DeVos*, 25 F. 4th at 704; *see*

*also* Mot. at 14-15.

## II.  Good Cause Exists for a Protective Order.

Even if the Court were to accept Plaintiffs' argument that Admiral Paparo is

not a high-ranking official within the *Morgan* doctrine, good cause exists to issue a

protective order pursuant to Rule 26(c).  As Plaintiff acknowledge, the Court "must" limit discovery if (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; or (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C).

As discussed above, Plaintiffs seek to depose Admiral Paparo regarding negligence, when the United States has already admitted to breach and duty. District Courts have issued protective orders rejecting similar requests for discovery.  In *Broncel*, as in this case, the defendant stipulated to liability for negligence but contested the issue of damages; plaintiffs nevertheless sought interrogatories, requests for production, and depositions regarding liability.  2011 WL 319822 at *3.  The court subsequently granted a protective order precluding further discovery into negligence because the requested discovery imposed "an undue burden and expense" upon the defendant and would not lead to "any nonprivileged matter that is relevant to any part's claim or defense."  *Id*. (citing Fed. R. Civ. P. 26(b)(1)).  Likewise, deposition of a senior military officer into the Navy's liability for negligence is cumulative and not "proportional to the needs of the case."  Fed. R. Civ. P. 26(b).

The deposition of Admiral Paparo would cause substantial prejudice to the United States by detracting from Admiral Paparo's ongoing national security obligations.  Accordingly, the Court has good cause to grant a protective order under Rule 26(c).[4]

## CONCLUSION

For the reasons stated herein, the United States requests that the Court grant a protective order precluding the deposition of Admiral Paparo.


Dated:  June 2, 2023                    Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney
                                        General, Civil Division

---

[4] The United States has recently learned that Plaintiffs' counsel provided the deposition transcripts of two Navy witnesses to the press, in violation of the Stipulated Protective Order.  *See* ECF No. 33 ¶ 5 ("All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case").  During a June 1, 2023 meet and confer, Plaintiffs' counsel acknowledged the disclosure and agreed to abide by the protective order going forward.  However, such public disclosure raises the specter that, in this case in which the only remining issues are causation and damages, such depositions are sought for purposes of annoyance and embarrassment, providing an independent reason to issue a protective order pursuant to Fed. R. Civ. P. 26(b)(2)(C).  *See* Christina Jedra, *Red Hill Depositions Reveal More Details About What the Navy Knew About Spill*, HONOLULU CIVIL BEAT, May 31, 2023.  *Available at* https://www.civilbeat.org/2023/05/red-hill-depositions-reveal-more-details-about-what-the-navy-knew-about-spill/ (last accessed June 1, 2023).

11

VARU CHILAKAMARRI
Deputy Assistant Attorney General
Torts Branch

J. PATRICK GLYNN
Director

CHRISTINA FALK
Assistant Director

*/s/ Caroline W. Stanton*
CAROLINE W. STANTON
DC Bar # 1010918
ERIC REY
ROSEMARY YOGIAVEETIL
KENNETH PILGRIM
ANNA ELLISON
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch Environmental
Tort Litigation
175 N Street, NE
Washington, DC 20002
Phone: 202-307-0554
E-mail: caroline.w.stanton@usdoj.gov

*Attorneys for Defendant*
*United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, I electronically filed the United States'
Reply Memorandum in Support of its Motion for a Protective Order to Quash the
Deposition Notice to Admiral Samuel J. Paparo using the Electronic Case Filing
("ECF") system of this Court. The ECF system will send a "Notice of Electronic
Filing" to the attorneys of record.

*/s/ Caroline W. Stanton*
Caroline W. Stanton

13