IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., individually and as Next Friend to his minor children P.G.F. and P.R.F., et al.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Civil No. 22-00397 LEK-KJM<br><br>ORDER ON LR37.1 DISPUTE |

ORDER ON LR37.1 DISPUTE

The parties are before the Court on a LR37.1 discovery dispute. ECF Nos. 140, 141. The parties have satisfied their meet and confer obligation. *Id.* The dispute is focused on certain aspects of the upcoming Federal Rules of Civil Procedure ("FRCP") Rule 35 independent medical examinations ("IME") of the Bellwether Plaintiffs.

FRCP Rule 35 provides that the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Rule 35 is a "powerful instrument for ascertaining the truth." *In re Certain Asbestos Cases*, 112 F.R.D. 427, 433 (N.D. Tex. 1986). The Court's broad

discretion to control discovery includes the discretion to resolve the disputed parameters of Rule 35 exams.  *E.g., Franco v. Boston Scientific Corp.*, No. 05–CV–1774 RS, 2006 WL 3065580, *1–2, (N.D. Cal., Oct. 27, 2006).  "Rule 35 is to be construed liberally in favor of granting discovery."  *Turner v. Imperial Stores*, 161 F.R.D. 89, 96 (S.D. Cal. 1995).

    First, the parties disagree on the duration of the IMEs.  The United States seeks a combined 16 hours of examination, allocated among its experts over two days, for each Bellwether Plaintiff.  Plaintiffs seek a maximum of 8 hours for each examination.  The Court is cautious of the fact that "imposing arbitrary time limits on the examinations would create more problems than it would alleviate."  *Nazar v. Harbor Freight Tools USA Inc.*, No 2:18-cv-0348 SMJ, 2020 WL 4730973, at *4 (E.D. Wash. Mar. 13, 2020); *see also Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 202 (N.D. Tex. 1995) ("For the court to intervene and limit the type of examination an expert has indicated is necessary in order to analyze plaintiff's claims would subvert the truth finding function inherent in Rule 35 examinations.").

    The Court is persuaded that the United States' experts reasonably need two full days to adequately administer their testing, which will be used in their expert reports.  Further, contrary to Plaintiffs' blanket assertion, two-day IMEs are not unheard of.  *See e.g.*, *Hill v. Jetblue Airways Corp.*, 2021 WL 3164527, at *2 (E.D.

Cal. July 27, 2021) (permitting 16 hours of examination over two days); *Spiker v. Flat Creek Transp. LLC*, No. 3:20-CV-00517, 2021 WL 6973854, at *2 (W.D. La. Dec. 20, 2021) (permitting two-and-one-half days for plaintiff's medical examination). Accordingly, the Court will permit up to 16 hours of examination for each Bellwether Plaintiff. The Court's ruling–similar to a ruling on deposition time–assumes and anticipates professional and efficient behavior by all participants.

Second, the United States seeks to have each Bellwether Plaintiff complete a pre-examination form, which the United States argues will make the examinations more efficient. Plaintiffs object to this process. The Court agrees that the pre-examination questionnaire should increase the efficiency of the examinations and decrease the total examination time. The Court therefore orders the Bellwether Plaintiffs to complete such a form as proposed by the Government.

Lastly, the parties disagree whether four minor plaintiffs, who are presently 5–6 years old, should be subject to any independent medical examination, as well as whether other minor plaintiffs may be examined without their parent in the examination room for the entire examination. Plaintiffs' initial position–that certain minor plaintiffs can make claims for physical and emotional damages yet avoid independent medical exams–is contrary to law and is rejected. Plaintiffs have put their physical and mental health status squarely at issue, and that

necessarily requires them to participate in the discovery process. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury").

The Court also agrees with the United States that the presence of parents, who are also plaintiffs, "during the administration of psychological testing could skew or invalidate the results of that testing." *Meza v. Wacker Neuson Sales Americas*, LLC, No. 2:18-CV-0574-HRH, 2018 WL 4356779, at *2 (D. Ariz. Sept. 13, 2018). Accordingly, the Court accepts the United States' proposal to interview the parent first, followed by the minor plaintiff in the presence of the parent, followed by the minor alone with the examiner.

The United States shall submit a Rule 35 Examination Protocol, consistent with this Order, for entry by the undersigned.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 4, 2023.



Kenneth J. Mansfield
United States Magistrate Judge

*Feindt, et al. v. United States of America*, Civil No. 22-00397 LEK-KJM; Order on LR37.1 Dispute