LYLE S. HOSODA            3964-0
KOURTNEY H. WONG          10827-0
SPENCER J. LAU            11105-0
HOSODA LAW GROUP, AAL, ALC
Three Waterfront Plaza, Suite 499
500 Ala Moana Boulevard
Honolulu, Hawai'i 96813
Telephone:   (808) 524-3700
Facsimile:   (808) 524-3838
Email: lsh@hosodalaw.com
khw@hosodalaw.com; sjl@hosodalaw.com

KRISTINA S. BAEHR         *Pro Hac Vice*
JAMES BAEHR               *Pro Hac Vice*
MARY M. NEUSEL            *Pro Hac Vice*
JUST WELL LAW, PLLC
2606 W 8th St, Unit 2
Austin, TX 78703
Telephone: (512) 994-6241
Email: kristina@well.law; jim@well.law
maggie@well.law

FREDERICK C. BAKER        *Pro Hac Vice*
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
Email: fbaker@motleyrice.com

*Attorneys for the Plaintiffs*

*(case caption continued on next page)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., Individually, and as Next Friend to his minor children P.G.F. and P.R.F, NASTASIA FREEMAN, Individually, and as Next Friend to her minor children, K.F., D.F., and N.F., JAMIE SIMIC, Individually, and as Next Friend to her minor children, M.S. and J.S.;<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 1:22-cv-397<br>(FEDERAL TORT CLAIMS ACT)<br><br>PLAINTIFFS' ADDITIONAL EXHIBITS TO MOTION FOR DISCOVERY SPOLIATION SANCTIONS [ECF NO. 171]; CERTIFICATE OF SERVICE<br><br><br>TRIAL DATE:  March 25, 2024<br>JUDGE: Hon. Leslie E. Kobayashi |

**PLAINTIFFS' ADDITIONAL EXHIBITS TO MOTION FOR DISCOVERY SPOLIATION SANCTIONS [ECF NO. 171]**

Plaintiffs hereby file exhibits to Motion for Discovery Spoliation Sanctions [ECF No. 171]. The Court granted leave for Plaintiffs to file additional exhibits on November 13, 2023. Plaintiffs provided potential to the Government on November 14, 2023, and met and conferred on November 15, 2023, and have no objection to seven days for the Government response. There are three exhibits attached:

Exhibit 1 is a compilation of messages that Captain James "Gordie" Meyer exchanged with Captain Darren Guenther, Captain Darrel Frame, and Captain Randall Harmeyer that were produced from the phones of those other captains.

These substantive messages show that Captain Meyer was not accurate when he testified at deposition that he had turned over any relevant messages to investigators. Nor was the Government's opposition correct. Opp. at 13 (Captain Meyer "confirmed that, while he had additional text messages on his phone, *he had provided all messages related to Red Hill to investigators*.") (emphasis added). The existence of these messages—that had <u>not</u> been provided to investigators—suggest that there are likely other substantive messages to others that are irretrievably lost. They also show that Captain Meyer knew the water smelled and that smell indicated a risk of being above the environmental action level.

      Exhibit 2 is a similar compilation of messages between Captain Erik Spitzer and Captains Guenther, Frame, and Harmeyer that were also produced from the phones of those three officers. The Government has represented that Captain Spitzer's messages may display Captain Mark Sohaney's name (or "Soho") because Captain Spitzer's phone was later assigned to Captain Sohaney. These messages show that Captain Spitzer was not accurate when he testified that he did not use text messages to substantively communicate with others. The Government's Opposition was thereby also incorrect. Opp. at 11 ("As CAPT Spitzer testified, however, he did not use text messages to substantively communicate with others."). Again, Spitzer's lack of candor suggests that there are other substantive messages that are irretrievably lost.

Exhibit 3 are additional group message chains that Captain Meyer or Captain Spitzer were on that were produced from the phones of Captains Guenther, Frame, and Harmeyer. Contrary to argument minimizing and dismissing communications between Captain Meyer and Captain Spitzer, the evidence proves that both men were on the same group message chain.

The great majority of the Government's curative discovery are other messages sent by other people to other people. This discovery is admittedly relevant to Plaintiffs' case. However, this discovery does not "reproduce or recreate" the destroyed evidence as contemplated by Federal Rule of Civil Procedure 37(e) – the relevant message chains of Captain Meyer and Captain Spitzer sent to countless unknown others that cannot be traced through call logs and are now lost to Plaintiffs through spoliation.

DATED: Honolulu, Hawaii, November 16, 2023.

/s/ Lyle S. Hosoda
LYLE S. HOSODA
KOURTNEY H. WONG
SPENCER J. LAU

/s/ Kristina S. Baehr
KRISTINA S. BAEHR
JAMES BAEHR
MARY M. NEUSEL

/s/ Frederick C. Baker
FREDERICK C. BAKER
CYNTHIA A. SOLOMON
JAMES W. LEDLIE
KRISTEN HERMIZ
SARA O. COUCH

*Attorneys for the Plaintiffs*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed and served on counsel of record via the U.S. District Court's CM/ECF electronic filing system on November 16, 2023.

*/s/ Kristina S. Baehr*
Kristina S. Baehr
