ELLIOT ENOKI #1528, Executive Assistant U.S. Attorney
District of Hawaii
Attorney for the United States, Acting
under Authority Conferred by 28 U.S.C. § 515
SYDNEY SPECTOR #11232, Assistant U.S. Attorney

J. PATRICK GLYNN, Director
CHRISTINA FALK, Assistant Director
ROSEMARY C. YOGIAVEETIL, Trial Attorney
Environmental Tort Litigation
Civil Division, U.S. Department of Justice
1100 L Street NW
Washington, DC 20002
Tel: (202) 532-0222
Fax: (202) 616-4473
Email: rosemary.c.yogiaveetil@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 22-cv-00397-LEK-KJM<br><br>UNITED STATES' RESPONSE TO PLAINTIFFS' ADDITIONAL EXHIBITS<br><br>JUDGE: Hon. Leslie E. Kobayashi<br>         Hon. Kenneth J. Mansfield<br><br>TRIAL DATE: April 22, 2024 |

**UNITED STATES' RESPONSE TO PLAINTIFFS' ADDITIONAL EXHIBITS [ECF NO. 196]**

# INTRODUCTION

Contrary to Plaintiffs' assertions, the additional 136 pages of exhibits Plaintiffs submit in support of their Motion for Discovery Spoliation Sanctions [ECF No. 171]—derived from the United States' curative discovery—align with CAPT James "Gordie" Meyer's and CAPT Erik Spitzer's testimony. Moreover, these exhibits further demonstrate that the United States not only has undertaken substantial, reasonable efforts to preserve and produce responsive records in this matter, but also that the United States did not intend to deprive Plaintiffs of any discovery in this case. For these reasons and for those detailed in the United States' Opposition to Plaintiffs' Motion for Discovery Spoliation Sanctions [ECF No. 186], Plaintiffs cannot satisfy Federal Rule of Civil Procedure 37(e)(2)'s requirements for the adverse inference that they seek.

# PROCEDURAL HISTORY

On September 19, 2023, Plaintiffs filed a Motion for Discovery Spoliation Sanctions pursuant to Federal Rule of Civil Procedure 37(e)(2) ("Rule 37(e)(2)"). *See* ECF No. 171. The United States served its opposition on October 19, 2023. *See* ECF No. 186. Plaintiffs served their reply on October 26, 2023. *See* ECF No. 191. The Court scheduled a hearing on Plaintiffs' Motion for November 13, 2023. *See* ECF No. 187. On November 9, 2023, four days before the scheduled hearing, Plaintiffs sought leave to file additional, unspecified exhibits in support of their

Motion for Discovery Spoliation Sanctions. *See* ECF No. 194. After hearing from the parties, the Court granted Plaintiffs' Motion for Leave to File Additional Exhibits, but also granted the United States seven days to address the additional exhibits. *See* ECF No. 195. Plaintiffs filed their three new exhibits totaling 136 pages on November 16, 2023. *See* ECF No. 196. The United States now responds.

## ARGUMENT

In order to impose sanctions pursuant to Rule 37(e)(2), the Court must find (1) that the United States failed to take reasonable steps to preserve the electronically stored information (ESI) in question, (2) that the ESI at issue cannot be cured through replacement or reconstruction, and (3) that the United States intended to deprive Plaintiffs of the records from CAPT Meyer's and CAPT Spitzer's command cell phones. *See Hannan Ribiyou Kabushikigaisha v. Agu Ramen, LLC* ("*Hannan*"), Civil No. 19-00379-JMS-KJM, 2022 WL 252105, at *4 (D. Haw. Jan. 11, 2022) (quoting Fed. R. Civ. P. 37(e) advisory committee's notes to 2015 amendment). As set forth in the United States' Opposition to Plaintiffs' Motion for Discovery Spoliation Sanctions, Plaintiffs are unable to satisfy Rule 37(e)(2)'s requirements for a severe sanction such as an adverse inference. *See* ECF No. 186, at 7-9. Plaintiffs' additional exhibits corroborate CAPT Meyer's and CAPT Spitzer's testimony, verify that CAPT Meyer's and CAPT Spitzer's cell phone communications can be largely recovered through alternate sources, do not

2

support Plaintiffs' speculation that further text messages between CAPT Meyer and CAPT Spitzer existed, and demonstrate that the United States did not intend to deprive Plaintiffs of electronically stored information in this matter.

I.  **Plaintiffs' Additional Exhibits Align with CAPT Meyer's and CAPT Spitzer's Deposition Testimony about Their Texting Habits and Do Not Support Plaintiffs' Speculation that Further Text Messages Exist.**

As discussed in the parties' prior briefing and during oral argument, CAPT Meyer and CAPT Spitzer testified about their cell phone usage during their depositions. CAPT Meyer explained that, if he did text with CAPT Spitzer, it would have been in a group setting. *See* ECF No. 186-4, at 212:13-18. Plaintiffs' new Exhibit 3 corroborates that testimony and captures CAPT Meyer's text messages with CAPT Spitzer in a group context, as well as messages with other individuals.[1] CAPT Meyer also testified that he would have texted with CAPT Darren Guenther. *See id.*, at 211:17-22. Plaintiffs' new Exhibit 1 contains text messages between CAPT Meyer and CAPT Guenther. These newly proffered exhibits do not contain any references to separate communications between CAPT

---

[1] As indicated in Plaintiffs' accompanying brief, ECF No. 196, CAPT Spitzer's name appears in CAPT Guenther's and CAPT Frame's phones as "Soho" or CAPT Mark Sohaney, as CAPT Sohaney was later assigned CAPT Spitzer's command cell phone. *See* ECF No. 196, at 2. Similarly, Rear Admiral Barnett assumed Rear Admiral Kott's command cell phone number in June 2022, so Rear Admiral Kott's messages may appear under Real Admiral Barnett's name in Plaintiffs' Exhibits, as CAPT Guenther's and CAPT Frame's devices were collected following this command transition.

Meyer and CAPT Spitzer or provide any basis to speculate that such messages could have existed.

Similarly, CAPT Spitzer's text messages, provided in Plaintiffs' new Exhibit 2, ECF No. 196-3, align with CAPT Spitzer's testimony. CAPT Spitzer testified that he would at times text with Admirals in his command, including Admiral Kott. *See* ECF No. 171-9, at 144: 20-24, 145:1-4. He also testified that he texted with CAPT Guenther. *See* ECF No. 186-3, at 310:7–311:16. Plaintiffs' new Exhibit 2 contains text messages exclusively between CAPT Spitzer, Rear Admiral Kott (who previously had the phone number now held by Rear Admiral Barnett), and CAPT Guenther. This underscores the United States' argument that CAPT Spitzer would have communicated primarily with members of his own command and there would be little reason for him to text extensively with members outside of Command Navy Region Hawaii.

It is unclear what Plaintiffs hope to demonstrate with these new 136 pages of exhibits. The exhibits not only underscore CAPT Meyer's and CAPT Spitzer's texting habits, but also emphasize that CAPT Meyer's and CAPT Spitzer's text communications can be – as they have been – captured and produced from alternate sources. While it is true that CAPT Meyer's memory may not be perfect, as the parties have learned throughout the course of discovery, memories have not been perfect on either side, including in the case of dates or the number of medical

encounters that Plaintiffs recall. The parties have been able to obtain information from alternate sources even where memories fail. As such, an adverse inference pursuant to Fed. R. Civ. P. 37(e)(2) would be inappropriate given the copious, curative discovery that aligns with CAPT Meyer's and CAPT Spitzer's testimony in this case.

## II.     Plaintiffs' Exhibits Demonstrate the Reasonableness of the United States' Preservation Efforts and the Absence of an Intent to Deprive.

Plaintiffs argued that the United States' preservation efforts were unreasonable, as the data from CAPT Meyer's and CAPT Spitzer's command cell phones was lost as a result of technical failure and technological migration. The new exhibits, however, demonstrate exactly how far reaching the United States' preservation efforts were. Although the incidents at issue in this litigation arose in 2021, the United States' litigation hold captured substantial records related to Red Hill. Plaintiffs' new Exhibits 1 through 3 capture text communications from 2021 and beyond; in fact, as evidenced by Plaintiffs' new Exhibit 2, for the sake of completeness, the United States captured all text communications on the devices and reviewed them for privilege and responsiveness, providing context to Plaintiffs for the discovery, even if the preceding message was dated in 2020. *See* ECF No. 196-3, at 2-3.

Moreover, Plaintiffs' newly proffered exhibits demonstrate that Navy leadership, including CAPT Meyer and CAPT Spitzer, was trying to respond as

5

quickly and thoroughly as possible to the incidents at Red Hill in May and November 2021. The exhibits contain discussions about next steps, highlight the desire to get additional and accurate information, and provide insight into the emergency response procedures in the aftermath of the November 2021 spill. As Plaintiffs acknowledge, the United States' curative discovery has been informative and relevant, *see* ECF No. 196 at 3, and it aligns with the United States' representations about its willingness to provide information to Plaintiffs in this matter. Given the large amounts of relevant discovery produced by the United States – including text messages from CAPT Meyer and CAPT Spitzer – Plaintiffs have not been prejudiced in this matter. The exhibits show that there was no intent to deprive Plaintiffs of discovery, and Plaintiffs cannot satisfy the requirements of Rule 37(e)(2) for the imposition of a sanction.

## CONCLUSION

For the reasons set forth above, in the United States' Opposition to Plaintiffs' Motion for Discovery Spoliation Sanctions, ECF No. 186, and the hearing on November 13, 2023, the Court should deny Plaintiffs' motion for discovery sanctions, as Plaintiffs have failed to meet the requirements for an adverse inference under Rule 37(e)(2).

Dated: November 20, 2023        Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General, Civil Division

AUGUST FLENTJE
Special Counsel
Torts Branch

J. PATRICK GLYNN
Director

CHRISTINA FALK
Assistant Director

/s/ Rosemary C. Yogiaveetil
ROSEMARY C. YOGIAVEETIL
  (NY Bar No. 5296264)
ERIC REY
CAROLINE STANTON
MARIANNE KIES
LUCAS WHITE
ALANNA HORAN
KENNETH HAYWOOD
ANNA ELLISON
KAILEY SILVERSTEIN
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation
1100 L Street NE
Washington, DC 20002
Phone: 202-532-0222
E-mail: rosemary.c.yogiaveetil@usdoj.gov

7

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2023, a true and correct copy of the foregoing was filed and served on counsel of record via the U.S. District Court's CM/ECF electronic filing system.

*/s/ Rosemary C. Yogiaveetil*
Rosemary C. Yogiaveetil