ELLIOT ENOKI #1528
Executive Assistant U.S. Attorney
District of Hawaii
Attorney for the United States, Acting
under Authority Conferred by 28 U.S.C. § 515
SYDNEY SPECTOR #11232
Assistant U.S. Attorney

J. PATRICK GLYNN, Director
CHRISTINA FALK, Assistant Director
ERIC REY, Trial Attorney
Environmental Tort Litigation
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Tel: (202) 616-4224
Fax: (202) 616-4473
Email: eric.a.rey@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | CIVIL NO. 22-cv-00397-LEK-KJM<br><br>UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS FOURTH AMENDED COMPLAINT [ECF NO. 121]; CERTIFICATE OF SERVICE<br><br>HEARING DATE: None<br>JUDGE: Hon. Leslie E. Kobayashi<br>TRIAL DATE: April 22, 2024 |

UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS PARTIAL
MOTION TO DISMISS FOURTH AMENDED COMPLAINT [ECF NO. 121]

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS........................................................................... ii

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ...................................................................................1

ADDITIONAL PROCEDURAL HISTORY..............................................2

ARGUMENT ...........................................................................................3

   I.    The Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Failure-to-
        Warn Claim (FourthAC ¶¶ 467(g), 481(g), 508) ......................................3

       A. The Misrepresentation Exception Applies to Personal Injury Cases
          and Is Not Limited to Commercial Cases ...............................................3

       B. Even if the Safe Drinking Water Act Required a Public Notice, the
          Misrepresentation Exception Still Applies..............................................6

       C. Plaintiffs' Premises Liability Argument Is Inapposite.........................8

       D. Plaintiffs Cannot Avoid the Misrepresentation Exception
          by Bundling their Failure-to-Warn Claims with Other
          Negligence Theories..................................................................................9

   II.   The Court Should Dismiss 77 Plaintiffs' Medical Negligence Claims
        (Count IV) for Failure to State a Claim................................................. 11

CONCLUSION.......................................................................................14

ii

# TABLE OF AUTHORITIES

## Cases

Page(s)

*Abbey v. United States*,
   No. 20-CV-06443-JD,
   2023 WL 218960(N.D. Cal. Jan. 17, 2023) ...........................................................5

*Amano v. Bank of Am., N.A.*,
   No. 13-00097 ACK-BMK,
   2013 WL 12122583 (D. Haw. Aug. 20, 2013)......................................................13

Andrade v. United States,
   845 F. App'x 594 (9th Cir. 2021)............................................................................5

*Andrade v. United States*,
   No. 19-CV-00930-BAS-WVG,
   2020 WL 835304 (S.D. Cal. Feb. 20, 2020) ..........................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..............................................................................................11

*Best Life Assur. Co. of Cal. v. Comm'r*,
   281 F.3d 828 (9th Cir. 2002)...................................................................................5

*Boler v. Earley*,
   865 F.3d 391 (6th Cir. 2017)...................................................................................7

*Burgess v. United States*,
   375 F. Supp. 3d 796 (E.D. Mich. 2019) .................................................................6

*Burkitt v. Bank of Am., N.A.*,
   No. CV 12-00442 ACK-KSC,
   2013 WL 12123698 (D. Haw. June 3, 2013) ........................................................13

*Cetacean Cmty. v. Bush*,
   386 F.3d 1169 (9th Cir. 2004).................................................................................5

*Delta Sav. Bank v. United States*,
    265 F.3d 1017 (9th Cir. 2001) ...........................................................7, 8

*Edison v. United States*,
    822 F.3d 510 (9th Cir. 2016) ..................................................................4

*FDIC v. Meyer*,
    510 U.S. 471 (1994) ................................................................................8

*Green v. United States*,
    629 F.2d 581 (9th Cir. 1980) ...............................................................5, 6

*Harding-Wright v. D.C. Water & Sewer Auth.*,
    350 F. Supp. 2d 102 (D.D.C. 2005) .......................................................7

*Hill v. Kaiser Found. Health Plan*,
    No. C 10-2833 RS,
    2011 WL 13243748 (N.D. Cal. Mar. 8, 2011) ............................. 11, 12

*Holcombe v. United States*,
    388 F. Supp. 3d 777 (W.D. Tex. 2019)..................................................10

*Doe v. Holy See*,
    557 F.3d 1066 (9th Cir. 2009) ................................................................5

*Kim v. United States*,
    940 F.3d 484 (9th Cir. 2019) ..............................................................4, 5

*Lawrence v. United States*,
    340 F.3d 952 (9th Cir. 2003) ................................................. 2, 4, 5, 10

*Mays v. City of Flint, Mich.*,
    871 F.3d 437 (6th Cir. 2017) ..................................................................7

*McCoy v. State of Hawaii Dep't of Hum. Serv.*,
    No. CV 21-00063 LEK-RT,
    2021 WL 5040197 (D. Haw. Oct. 29, 2021)..........................................11

*Sellfors v. United States*,
    697 F.2d 1362 (11th Cir. 1983)...............................................................8

iv

*Taylor v. Denka Performance Elastomer LLC*,
  332 F. Supp. 3d 1039 (E.D. La. 2018) ..................................................12

*United States v. Neustadt*,
  366 U.S. 696 (1961) ...........................................................................6, 10

*Woods v. United States*,
  No. 22CV278-JO-WVG,
  2023 WL 4483862 (S.D. Cal. June 14, 2023) ......................................10

*Zelaya v. United States*,
  781 F.3d 1315 (11th Cir. 2015) ...........................................................7, 8

<u>Statutes</u>

28 U.S.C. § 1346(b) ...............................................................................7, 8

## INTRODUCTION

The United States partially moved to dismiss the Fourth Amended Complaint (FourthAC) on two grounds: (1) the Federal Tort Claims Act's (FTCA) misrepresentation exception bars Plaintiffs' failure-to-warn claims: FourthAC ¶¶ 467(g), 481(g), 508 (part of Counts I, II & IV; hereinafter, "Failure-to-Warn Claims"); and (2) 77 of the 298 Plaintiffs have not stated a claim for medical negligence. ECF No. 129-1 (Memo).

With respect to the Failure-to-Warn Claims, this Court recently indicated in a related case—*Wyatt v. United States*—that it was inclined to grant the United States' motion to dismiss the *Wyatt* Plaintiffs' substantially similar failure-to-warn claim.[1] For the reasons set forth in the Court's order in *Wyatt* and as detailed in the United States' opening motion and below, the Court should dismiss the *Feindt* Plaintiffs' Failure-to-Warn claims for lack of subject-matter jurisdiction.

In response to the United States' motion to dismiss 77 Plaintiffs' medical negligence claims (Count IV) for failure to state a claim, Plaintiffs: (1) cite general, non-Plaintiff-specific allegations; (2) cite boilerplate, conclusory allegations for 2 of the 77 Plaintiffs; and (3) in the alternative, seek leave to amend their complaint

---

[1] Court Order Informing the Parties of the Court's Inclination to Grant Defendant United States of America's Partial Motion to Dismiss, *Wyatt v. United States*, 23-cv-65 (July 14, 2023), ECF No. 41 ("*Wyatt* Inclination Order"). In response, the *Wyatt* Plaintiffs amended their complaint to remove this claim before the Court issued its order on the partial motion to dismiss. *See id.*, ECF Nos. 42 & 42-1.

1

under Rule 15(a) seven months after the deadline to amend has passed. ECF No. 193 (Opp'n). As explained below, none of these arguments are sufficient to overcome the United States' motion to dismiss these 77 Plaintiffs' medical negligence claims.

## ADDITIONAL PROCEDURAL HISTORY

The United States filed its opening motion approximately 5 months ago (ECF No. 129). Since then, several events have transpired that are relevant to resolution of this motion. First, in *Wyatt v. United States*, this Court issued an order indicating its inclination to grant the United States' motion to dismiss the *Wyatt* Plaintiffs' substantially similar failure-to-warn claim. *Wyatt* Inclination Order at 1-2. In the Order, this Court explained that it reached this opinion in part because:

1. "Plaintiffs base a portion of their negligence claim on the United States' alleged duty to communicate information" and

2. "'[t]he misrepresentation exception shields government employees from tort liability for failure to communicate information, whether negligent, or intentional[.]'"

*Id.* at 2 (quoting *Lawrence v. United States*, 340 F.3d 952, 958 (9th Cir. 2003)).

Second, on September 25, 2023, U.S. Magistrate Judge Mansfield granted the United States' Motion to Strike Plaintiffs' designation of Dr. Keifer as an expert on the medical standard of care for Plaintiffs Patrick Feindt and his two

2

minor children. ECF No. 177 (Order Granting the United States' Partial Motion to Strike Plaintiffs' Expert Disclosures). Specifically, Judge Mansfield did so because these Plaintiffs did not assert a medical negligence claim in the FourthAC and Plaintiffs could not add such claims to the FourthAC without establishing "good cause" under Rule 16 to modify the Case Scheduling Order's April 4, 2023 deadline for amending the pleadings. *See id.* at 7-11. Thereafter, Plaintiffs withdrew a separate motion to amend the FourthAC. *See* ECF Nos. 174 & 185.

## ARGUMENT

## I.   The Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Failure-to-Warn Claim (FourthAC ¶¶ 467(g), 481(g), 508).

Plaintiffs present four counterarguments to the United States' motion to dismiss the Failure-to-Warn Claims under the FTCA's misrepresentation exception. None have merit.

### A.   The Misrepresentation Exception Applies to Personal Injury Cases and Is Not Limited to Commercial Cases

Plaintiffs argue that the misrepresentation exception applies only to commercial torts, and not in personal injury cases such as this. *See* Opp'n at 17-23. However, as explained in the United States' opening motion, the Ninth Circuit Court of Appeals recently and expressly rejected this precise argument:

> The [Plaintiffs] contend, however, that the [misrepresentation] exception does not apply because their claim seeks damages for personal injury. They insist that, decades ago, our court limited the

> exception only to cases where the "plaintiff is seeking to recover for *economic loss* suffered as a result of a *commercial decision* the plaintiff made in reliance on a government misrepresentation."
>
> ***Our cases impose no such limitation***. The [Plaintiffs] are correct that some cases have observed that the exception primarily applies to claims of economic loss flowing from commercial transactions. . . . But such cases do not hold that the exception *cannot* apply in other contexts.

Memo at 11 (quoting *Kim v. United States*, 940 F.3d 484, 492-93 (9th Cir. 2019)) (third emphasis added). Despite the United States citing and quoting *Kim* for this very proposition in its opening motion and other briefing (ECF No. 129-1 at 11; ECF No. 70 at 2-3), Plaintiffs did not mention *Kim* once in their Opposition's six-page argument that the misrepresentation exception does not apply to personal injury cases. Opp'n at 17-23.

Plaintiffs' other arguments are unpersuasive. First, Plaintiffs contend that applying the misrepresentation exception to their Failure-to-Warn Claims "would upend the Ninth Circuit's decision in *Edison*, 822 F.3d at 520," Opp'n at 21, but the misrepresentation exception was not at issue (nor even mentioned) in *Edison*.

Second, Plaintiffs wrongly contend that *Lawrence*'s discussion of the misrepresentation exception was "dicta," Opp'n at 21, when it in fact was one of the bases for affirmance. *Lawrence*, 340 F.3d at 958 ("The district court properly held that both the discretionary function exception and the misrepresentation exception applied, and Plaintiff's FTCA claim is barred. We affirm."). "[W]here a

decision rests on two or more grounds, none can be relegated to the category of obiter dictum." *Best Life Assur. Co. of Cal. v. Comm'r*, 281 F.3d 828, 834 (9th Cir. 2002) (citation omitted). Indeed, numerous courts have relied on *Lawrence*'s misrepresentation analysis without dismissing it as dicta, including the Ninth Circuit in *Kim*, 940 F.3d at 493 and *Holy See*, 557 F.3d at 1085 n.10, and the district courts in *Andrade v. United States*, No. 19-CV-00930-BAS-WVG, 2020 WL 835304, at *4 (S.D. Cal. Feb. 20, 2020), *aff'd,* 845 F. App'x 594 (9th Cir. 2021), and *Abbey*, 2023 WL 218960, at *3.

Third, Plaintiffs argue that *Green v. United States*, 629 F.2d 581 (9th Cir. 1980), controls (not *Lawrence*) and that *Green* "held that the misrepresentation exception applies only in the context of commercial business decisions." Opp'n at 21. But *Green* arose in the commercial context (economic losses arising from cattle grazing). 629 F.2d at 582 & 584-85. Therefore, whether the misrepresentation exception applies in non-commercial settings was "unnecessary to the decision in [*Green*] and [is] therefore not precedential." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004). That is why, 39 years after *Green*, the *Kim* panel explained that "[o]ur cases impose no [commercial] limitation" on the misrepresentation exception. 940 F.3d at 493.

Finally, Plaintiffs also rely on a non-binding Eastern District of Michigan decision limiting the exception to commercial cases, but that court was not bound

5

by—and did not evaluate—the Ninth Circuit precedents cited above. Opp'n at 22-23 (citing *Burgess v. United States*, 375 F. Supp. 3d 796 (E.D. Mich. 2019)).

B. Even if the Safe Drinking Water Act Required a Public Notice, the Misrepresentation Exception Still Applies.

Plaintiffs also argue that the misrepresentation exception does not apply to their Failure-to-Warn Claims because the United States had a duty to notify the public under the Safe Drinking Water Act (SDWA). Opp'n at 8-11. This argument also defies binding precedent.

The Ninth Circuit has held: "Nor does the existence of a duty on the part of the government to provide information to the plaintiffs render the [misrepresentation] exception inapplicable." *Green v. United States*, 629 F.2d 581, 584 (9th Cir. 1980) (rejecting Plaintiffs' argument that "the misrepresentation exception is applicable only when the government has no duty to provide information to the persons injured by the misrepresentation").

The U.S. Supreme Court and other federal courts have specifically held that the FTCA misrepresentation exception applies even when a federal statute required an agency to communicate information, which is what Plaintiffs argue here in regard to the SDWA. *E.g.*, *United States v. Neustadt*, 366 U.S. 696, 710-11 (1961) (holding that, although Congress imposed a disclosure duty on the Government under the National Housing Act, the misrepresentation exception still applies

6

because the Court cannot "justifiably ignore the plain words Congress has used in limiting the scope of the Government's [FTCA] liability"—*i.e.*, the misrepresentation exception); *Zelaya v. United States*, 781 F.3d 1315, 1334 (11th Cir. 2015) (misrepresentation exception applied to claim that the SEC failed to communicate information required under 15 U.S.C. § 78eee(a)(1)).

Plaintiffs' corollary argument that the Court must hold that the misrepresentation exception does not apply in order to enforce SDWA also fails for multiple reasons. Opp'n at 11-12. First, Congress did not create a "private right of action for damages arising from a violation of the SDWA." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 450 (6th Cir. 2017) (citing *Harding-Wright v. D.C. Water & Sewer Auth.*, 350 F. Supp. 2d 102, 107 (D.D.C. 2005)). Instead, Congress limited the remedies for violations of SDWA to "injunctive relief only." *Boler v. Earley*, 865 F.3d 391, 406 (6th Cir. 2017). That is the mechanism Congress provided for enforcing alleged SDWA violations—not the FTCA.

Second, the Ninth Circuit repeatedly has held that alleged violations of federal law (such as, SDWA) "cannot sustain a cause of action under the FTCA." *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1026 (9th Cir. 2001).[2] "[I]t is

---

[2] That is because the FTCA waives the United States' sovereign immunity and imposes liability, in pertinent part, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omissions occurred." 28 U.S.C. § 1346(b)(1).

well established that a federal statute cannot constitute the 'law of the place' because '[t]he FTCA was not intended to redress breaches of federal statutory duties.'" *Zelaya v. United States*, 781 F.3d 1315, 1324 (11th Cir. 2015) (quoting *Sellfors v. United States*, 697 F.2d 1362, 1365 (11th Cir. 1983)); *see also FDIC v. Meyer*, 510 U.S. 471, 478 (1994) (holding that the FTCA does not waive sovereign immunity for federal constitutional claims, because "§ 1346(b)'s reference to the 'law of the place' means law of the State" and not federal law); *Delta Sav. Bank*, 265 F.3d at 1024 ("liability under [42 U.S.C.] § 1986 arises from federal law, not state law and therefore cannot sustain a cause of action under the FTCA").

For all these reasons, the FTCA's misrepresentation exception applies to Plaintiffs' Failure-to-Warn Claims, even if SDWA imposed a duty to notify.

C.  <u>Plaintiffs' Premises Liability Argument Is Inapposite.</u>

Plaintiffs also argue that the Court should not apply the misrepresentation exception to their Failure-to-Warn Claims because, in premises lability cases, courts have found that the United States had a duty to warn of a known hazard. Opp'n at 15-16. Plaintiffs' argument is inapposite. First, the United States did not move to dismiss Plaintiffs' premises liability claim (Count VII) pursuant to the misrepresentation exception. *See* Memo at 5.

Second, although Plaintiffs focus on those premises liability theories that include warnings, Opp'n at 20, U.S. Magistrate Judge Mansfield considered these

8

arguments and concluded that Plaintiffs only stated a premises liability claim under Restatement (Second) Torts § 361, ECF No. 100 (Order Granting Plaintiffs' Motion to Amend Complaint) at 8-10. Section 361 does not include a warning component. *See id.* at 8-9 (quoting Section 361). As the United States explained in its briefing on Plaintiffs' motion for leave to add a premises liability claim, Plaintiffs' other premises liability theories with a warning component (*e.g.*, Section 358) are not applicable to this case. ECF No. 80 (United States' Opposition to Motion for Leave to File Third Amended Complaint) at 9.

### D. Plaintiffs Cannot Avoid the Misrepresentation Exception by Bundling their Failure-to-Warn Claims with Other Negligence Theories.

In their Opposition, Plaintiffs argue that the Failure-to-Warn Claims should not be dismissed pursuant to the misrepresentation exception because their case is "fundamentally" or "primarily" a case about alleged operational negligence at the Red Hill facility and only "secondarily" about misrepresentations. Opp'n 8-9, 12. This is precisely the argument that the *Wyatt* Plaintiffs made[3] and this Court indicated it was inclined to reject because: "Although the failure to notify theory of negligence is one of several theories, see generally id. at ¶¶ 124.a-n, Plaintiffs base

---

[3] *See* Plaintiffs' Memorandum in Opposition to United States' Partial Motion to Dismiss, *Wyatt v. United States*, 23-cv-65 (June 30, 2023), ECF No. 37, at 6-12; United States' Reply in Support of Partial Motion to Dismiss, *Wyatt v. United States*, 23-cv-65 (July 7, 2023), ECF No. 39, at 5-10.

a portion of their negligence claim on the United States' alleged duty to communicate information." *Wyatt* Inclination Order at 2.

The *Feindt* Plaintiffs' Failure-to-Warn Claims are no different.[4]  This is also what distinguishes Plaintiffs' Failure-to-Warn Claims from those claims at issue in the cases Plaintiffs cite. Opp'n at 13-14; *Est. of Rideout by & through Woods v. United States*, No. 22CV278-JO-WVG, 2023 WL 4483862, at *6 (S.D. Cal. June 14, 2023) ("Plaintiff does not premise her claims . . . on the DOD's failure to adequately communicate Mr. Arriola's dangerousness in the package they provided to California DOJ."); *accord Holcombe v. United States*, 388 F. Supp. 3d 777, 793 (W.D. Tex. 2019).

Therefore, the Court should reach the same conclusion here as in *Wyatt*. *Wyatt* Inclination Order at 2 ("Because '[t]he misrepresentation exception shields government employees from tort liability ***for failure to communicate information***, whether negligent, or intentional[,]' *Lawrence v. United States*, 340 F.3d 952, 958 (9th Cir. 2003) (citing *United States v. Neustadt*, 366 U.S. 696, 705–06, 81 S. Ct.

---

[4] FourthAC ¶¶ 467(g) ("Federal officers breached the duty to exercise ordinary care at Red Hill in at least the following respects . . . (g) Officers failed to warn residents that the leaks had occurred in violation of federal and state law"), 481(g) (same), 508 ("The United States failed to clearly communicate the important facts regarding the Red Hill Bulk Fuel Storage Facility fuel leaks to these plaintiffs or their medical care providers, allowing them to become ill, with no transparency in communicating the origin of the harm.").

10

1294, 6 L. Ed. 2d 614 (1961)), the Court is inclined to rule that the United States cannot be held liable for the alleged failure to notify.") (emphasis added).

For all these reasons and those set forth in the United States' opening motion, the FTCA's misrepresentation exception deprives this Court of subject-matter jurisdiction over the Failure-to-Warn Claim, and they must be dismissed. *See* Memo 6-15.

## II. The Court Should Dismiss 77 Plaintiffs' Medical Negligence Claims (Count IV) for Failure to State a Claim.

For the 77 Plaintiffs listed in Table 1 of the United States' opening motion, Memo at 18-20, the FourthAC does not "include sufficient facts, specific to each plaintiff, to 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the [medical negligence] alleged.'" *Hill v. Kaiser Found. Health Plan*, No. C 10-2833 RS, 2011 WL 13243748, at *3 (N.D. Cal. Mar. 8, 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The FourthAC does not, for example, identify which medical providers or medical visits are the bases for these Plaintiffs' medical negligence claim (Count IV). Therefore, it does not provide "sufficient allegations of underlying facts to give fair notice and to enable the [United States] to defend itself effectively." *McCoy v. State of Hawaii Dep't of Hum. Serv.*, No. CV 21-00063 LEK-RT, 2021 WL 5040197, at *4 (D. Haw. Oct. 29, 2021) (Kobayashi, J.).

11

Instead, Plaintiffs' Opposition points to general allegations applicable to all Plaintiffs. Opp'n at 23 (citing FourthAC ¶¶ 500-10). But "the absence of any individualized allegations regarding each plaintiff's experience" is insufficient to state a plausible claim for relief. *Taylor v. Denka Performance Elastomer LLC*, 332 F. Supp. 3d 1039, 1055 (E.D. La. 2018); *see also Hill*, 2011 WL 13243748, at *3 (dismissing plaintiffs' claims where "the complaint sets out allegations of discriminatory acts in only the most general terms, which likely would be insufficient even if there were only a single plaintiff . . . .The problem is only compounded here by the complaint's attempt to treat the plaintiffs as a group, when, for instance, only some of them are identified as suffering from a disability yet all of them supposedly suffered 'denial of reasonable accommodation'").

Even the allegations Plaintiffs cite for the Lattimer Plaintiffs are conclusory, boilerplate allegations that provide no individualized allegations regarding their experience that gave rise to their medical negligence claim. Opp'n at 24. Although Plaintiffs point to FourthAC Paragraphs 345-349, the only allegations regarding medical negligence are in Paragraph 347.[5] These allegations do not indicate when,

---

[5] FourthAC ¶ 347 ("The family sought care from government medical providers, but the care was deficient. Government medical providers knew or reasonably should have known about the fuel leaks and the threat to public health they posed. Through their training and protocols, military medical providers possess an understanding of risk assessment and treatment for toxic exposure. Toxicological testing was not performed in a timely and proactive manner, nor was suitable

12

where, or from which providers the Lattimers received allegedly negligent medical care. Moreover, these exact same allegations are repeated for numerous other families. *E.g.,* FourthAC ¶¶ 269, 335, 360, 375, 397, 424, 429, 444; *see also Amano v. Bank of Am., N.A.*, No. 13-00097 ACK-BMK, 2013 WL 12122583, at *8 (D. Haw. Aug. 20, 2013) (allegations that "are mere conclusory boilerplate" are insufficient to state a claim for relief); *Burkitt v. Bank of Am., N.A.*, No. CV 12-00442 ACK-KSC, 2013 WL 12123698, at *2 (D. Haw. June 3, 2013) (concluding that plaintiffs failed to state a claim where, among other things, plaintiff "does not supply any 'particularized allegations of the circumstances' surrounding . . . alleged misrepresentations. He does not provide the time, place, or specific content of the false representations.").

Plaintiffs argue in the alternative that they should be granted leave under Rule 15(a) to amend the complaint to add additional allegations. Opp'n at 24-25. U.S. Magistrate Judge Mansfield recently rejected a similar request from Plaintiffs, explaining that, because "the deadline for amending pleadings closed on April 4, 2023," Plaintiffs' "ability to amend [their] complaint is governed by Rule 16(b), not Rule 15(a)." ECF No. 177 (Order Granting the United States' Partial Motion to Strike Plaintiffs' Expert Disclosures) at 8-10. As before, Plaintiffs do not argue

---

treatment given, to ensure health after a known exposure to fuel-contaminated water.").

here that good cause exists under Rule 16(b) to extend the deadline to amend pleadings. On this basis alone, the Court should reject Plaintiffs' request for leave to amend. *See id.* at 9. Moreover, Plaintiffs were aware of the need to include additional factual allegations months before the FourthAC was filed or the April 2023 amendment deadline expired.[6] Their failure to do so for the 77 Plaintiffs does not amount to diligence required for good cause under Rule 16(b). *Id.* at 10.

Finally, Plaintiffs' filing of and reliance on Dr. Keifer's report is misplaced and inappropriate. Not only was this report struck by Judge Mansfield (ECF No. 177 at 17-18), but it also does not apply to any of the 77 Plaintiffs at issue here.

## CONCLUSION

For the reasons set forth above and the United States' opening Motion, the Court should (1) dismiss Plaintiffs' Failure-to-Warn Claims (FourthAC ¶¶ 467(g), 481(g), 508 (part of Counts I, II & IV)) because the FTCA's misrepresentation exception deprives the Court of subject-matter jurisdiction; and (2) dismiss 77 Plaintiffs' medical negligence claims (Count IV) for failure to state a claim.

---

[6] *See, e.g.*, ECF No. 49 (Second Am. Compl.) at ii n.2 (complaint amended to "address[] the medical negligence portion of the United States['] Partial Motion to Dismiss"); ECF No. 52-1 (Memorandum in Support of Partial Motion to Dismiss Second Amended Complaint) at 17 (noting that the Second Amended Complaint added factual allegations for 20 Plaintiffs' medical negligence claims).

Dated: November 21, 2023              Respectfully submitted,

 J. PATRICK GLYNN
Director

CHRISTINA FALK
Assistant Director


/s/ Eric Rey
ERIC REY (DC Bar # 988615)
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation
1100 L Street, NW
Washington, DC 20005
Phone: 202-616-4224
E-mail: eric.a.rey@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on November 21, 2023, a true and correct copy of the foregoing was filed and served on counsel of record via the U.S. District Court's CM/ECF electronic filing system.

*/s/ Eric Rey*
Eric Rey

16