# MINUTE ORDER

CASE NUMBER:     CIVIL NO. 22-00397 LEK-KJM

CASE NAME:     Patrick Feindt, Jr. et al., vs. United States of America

JUDGE:  Leslie E. Kobayashi     DATE:     01/17/2024

COURT ACTION:  EO: ORDER DENYING IN PART AND GRANTING IN PART UNITED STATES' MOTION TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT REPORTS AND TESTIMONY OF DRS. SPIRA AND KEIFER, FILED 1/16/24 [DKT. NO. 233]

Defendant United States of America ("Defendant") files the instant motion seeking a court order to seal portions of exhibits attached to its Motion to Exclude the Expert Report and Testimony of Drs. Spira and Keifer [dkt. nos. 232-3, 232-10] because these portions refer to the bellwether Plaintiffs' medical information and history.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." Kamakana v. Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." Id. at 1178-79 (internal quotation marks, brackets and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1179 (internal quotation marks and brackets omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (internal quotation marks and brackets omitted).

Defendant must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79. Even under the less stringent standard applied to non-dispositive motions, that is, the "good cause" showing pursuant to Fed. R. Civ. P. Rule 26(c), Defendant fails to provide justification for sealing. See Fed. R. Civ. P. Rule 26(c).

Here, Defendant seeks to exclude expert testimony proffered by Plaintiff in support of the claims. This is a motion related to the merits of the case and thus subject to the compelling reasons standard. In bringing this lawsuit, Plaintiffs have placed their

medical conditions in issue. See Fifth Amended Complaint filed 12/1/23 [dkt. no. 210] at ¶¶ 87-88, 91-92. Plaintiffs cannot bring this lawsuit and expect confidentiality as to their medical conditions and information that are within the scope of this lawsuit. See, e.g., Shapiro v. Hasbro Inc.,2016 WL 9137526, *3 (C.D. Cal. 2016) ("Hasbro put these documents at issue in the litigation and thus fails to [] make a particularized showing of the compelling reason[s] to file these exhibits under seal."); B.F. v. Amazon.com, Inc., 2019 WL 4597492, *2 (W.D. Wash. 2019) ("By bringing this lawsuit against Defendants, [Plaintiffs] have put [information sought to be sealed] directly at issue, and cannot reasonably expect filings in this case not to include details about [that information].").

Based on the foregoing, the Motion is hereby GRANTED IN PART and DENIED IN PART. The Motion is granted to the extent that personal identifying information (including but not limited to dates of birth, social security numbers, personal telephone numbers and personal mailing addresses) may be redacted and filed in redacted form, and any medical information that goes beyond the claims made in this litigation may be redacted and filed in redacted form. Further, the names of minor Plaintiffs may be redacted and filed in redacted form. The Motion is denied in all other respects.

The Court DIRECTS the Clerk's Office to maintain the seal on the unredacted declarations and exhibits at issue [dkt. nos. 232-3, 232-10], and ORDERS Defendant to re-file these materials, with the redacted information consistent with this ruling, by no later than **Monday, January 22, 2024.**

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager