J. PATRICK GLYNN
Director
CHRISTINA FALK
Assistant Director
KENNETH HAYWOOD
Trial Attorney
Environmental Tort Litigation Section
Torts Branch, Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Tel: (202) 598-3650
Email: kenneth.a.haywood@usdoj.gov

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., et al.,<br><br>              Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | Civil No. 22-cv-00397-LEK-KJM<br><br>**DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO THE FIFTH AMENDED COMPLAINT** |

Defendant United States of America answers the allegations of the

Fifth Amended Complaint, ECF No. 210, as follows:

The introductory section of the Fifth Amended Complaint, *see* ECF No. 210 at i-5, contains a narrative summary of Plaintiffs' claims that is not divided into numbered paragraphs and therefore does not comply with Federal Rule of Civil Procedure 10(b), as well as legal conclusions to which no answer is required.  To the extent that an answer is required:

- Regarding Footnote 1, the United States admits that the United States Department of the Navy ("Navy") has received administrative claims related to the subject matter of this case from individuals who are not parties to this lawsuit.

- Regarding Footnote 2, the United States admits that it has invoked sovereign immunity with respect to Plaintiffs' claims for failure to warn.

- The United States denies all remaining allegations in this section, except as set forth in its responses below to the numbered paragraphs of the Fifth Amended Complaint or as set forth in the Parties' Second Joint Stipulation as to Plaintiffs' Nuisance and Negligence Claims ("Joint Stipulation").  *See* ECF No. 200.

1. The United States admits that Plaintiffs have invoked the Federal Tort Claims Act ("FTCA") as the basis for their claims. The remaining allegations in Paragraph 1 are legal conclusions to which no answer is required. To the extent that an answer is required, the United States admits those allegations to the extent set forth in the Joint Stipulation but otherwise denies them.

2. The United States lacks sufficient information to admit or deny the allegations in Paragraph 2 and therefore denies them.

3. Admitted.

4. The United States admits the allegations in Paragraph 4 to the extent set forth in the Joint Stipulation but otherwise denies them.

5. The United States admits the allegations in Paragraph 5 to the extent set forth in the Joint Stipulation but otherwise denies them.

6. Admitted.

7. The United States admits that Red Hill historically stored various types of fuel, including Jet Propellant-5 (JP-5) and Jet Propellant-8 (JP-8). The United States further admits that JP-5 and JP-8 contain varying amounts of the chemicals listed in Paragraph 7. The United States further admits that, as a general matter, ingestion of the chemicals listed in Paragraph 7 can be harmful to human health, depending on numerous

factors including dose, duration of exposure, and nature of exposure.  To the extent that Paragraph 7 purports to quote or paraphrase statements made by the EPA, the United States lacks sufficient information to admit or deny the authenticity of those statements because Plaintiffs have not provided a citation, and the United States therefore denies the remaining allegations in Paragraph 7.

8. Paragraph 8 consists of legal conclusions to which no answer is required. To the extent that an answer is required, the United States admits that the United States Environmental Protection Agency ("EPA") has certain, specified responsibilities and authorities under the Safe Drinking Water Act ("SDWA") and the Clean Water Act ("CWA"), among other federal environmental laws.  The United States further admits that the EPA's Region 9 is the division of the agency with responsibility for Hawai'i and, by extension, Red Hill.

9. Admitted.

10. The United States admits that Red Hill is located 100 feet above an aquifer that supplies drinking water to O'ahu residents.  To the extent that Paragraph 10 purports to quote or paraphrase statements made by the EPA, the United States lacks sufficient information to admit or deny the authenticity of those statements because Plaintiffs have not provided

a citation, and the United States therefore denies the remaining

allegations in Paragraph 10.

11.  The United States admits that, on May 6, 2021, a federal employee at

Red Hill failed to follow the required sequence for opening and closing

fuel pipeline valves, as specified in the applicable operations orders,

which led to the release of what the Navy then estimated to have been

1,618 gallons of JP-5.  *See* Final Report of RDML Christopher J.

Cavanaugh ("Cavanaugh Report") at 7-10.  The United States further

admits that, following a command investigation into the incident, the

Navy concluded that the cause of the May 2021 release was "improper

valve operations."  Cavanaugh Report at 53.  The remaining allegations

in Paragraph 11 are legal conclusions to which no answer is required.

To the extent that an answer is required, the United States admits those

allegations to the extent set forth in the Joint Stipulation but otherwise

denies them.

12.  The United States admits that, after the May 2021 fuel release, the Navy

reported that a majority of the spilled fuel had been recovered and that

no fuel was released to the environment.  *See* Cavanaugh Report at 15.

The United States further admits that the Navy later revised its estimate

of the amount of fuel spilled from approximately 1,600 gallons to

5

approximately 19,000 gallons, reported by Captain Meyer during his hearing testimony in December 2022.  *See also* Cavanaugh Report at 60.

13.  The United States admits that the Navy has concluded that the root cause of the May 2021 fuel release was a "disregard of proper valve sequencing dictated in the specific operations orders."  *See* October 2021 Red Hill Bulk Fuel Storage Facility JP-5 Piping Mitigations Report ("Mitigations Report") at 4.  The United States denies the remaining allegations in Paragraph 13, except as set forth in the Joint Stipulation.

14.  The United States admits that Captains Gordie Meyer and Albert Hornyak made the statements quoted in Paragraph 14.  The United States denies the remaining allegations in Paragraph 14 to the extent that they are inconsistent with full contents of the referenced interviews.

15.  The United States admits that the Mitigations Report advised the Navy to undertake certain corrective actions at Red Hill, which included "[i]mplement[ing] out-of-balance and low-pressure alarms," "[i]nspect[ing] and maintain[ing] BFVs in adherence with UFC 3-460-03," and ensuring that pipeline operators "follow operations orders" when conducting fuel transfers. Mitigations Report at iv.  The United States denies the remaining allegations in Paragraph 15, except as set forth in the Joint Stipulation.

6

16.   The United States admits that tests of samples taken from the Red Hill Shaft on August 5, 2021 and August 26, 2021 detected levels of total petroleum hydrocarbons in the oil range ("TPH-o") that exceeded the environmental action level ("EAL") for TPH-o in drinking water, as set by the Hawai'i Department of Health ("DOH").  The United States denies the remaining allegations in Paragraph 16.

17.  The United States admits that the Navy reported the TPH-o exceedances described above to the DOH on September 30, 2021, after final validated data was received.  The United States further admits that Felix Grange, appearing on behalf of the DOH at a December 2021 hearing, made the statements quoted in  Paragraph 17.  The United States denies the allegations in Paragraph 17 to the extent they are inconsistent with the full contents of Felix Grange's hearing testimony.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 17 and therefore denies them.

18.   The United States admits that, on November 20, 2021, a Navy employee operating a rover train inadvertently struck and cracked a drain valve connected to Red Hill's fire-suppression system, resulting in the release of approximately 16,900 gallons of fuel that had remained in a retention line since the May 2021 release.  *See* Cavanaugh Report at 24-25.  The

United States further admits that a portion of this fuel entered the Red
Hill Shaft, one of three groundwater wells that supply the JBPHH public
water system. The United States denies the remaining allegations in
Paragraph 18.

19.  The United States admits that the Navy reported that there was no
footage of the November 20, 2021 spill from closed-circuit television
cameras inside Red Hill because those cameras were inoperable at the
time. *See* Cavanaugh Report at 42.  The United States denies that the
Navy claimed that there were no video recordings whatsoever of the
November 20, 2021 spill.  The United States lacks sufficient information
to admit or deny the authenticity of the referenced video and screenshot
and therefore denies all remaining allegations in Paragraph 19.

20.  Admitted.

21. The United States admits that the Cavanaugh Report contains the
language quoted in Paragraph 21.  The remaining allegations in
Paragraph 21 are legal conclusions to which no answer is required.  To
the extent that an answer is required, the United States admits those
allegations to the extent set forth in the Joint Stipulation but otherwise
denies them.[1]

---

[1]      The United States admits the allegations in Footnote 6.

8

22.  The United States admits that the Cavanaugh Report contains the language quoted in Paragraph 22, without any italicization.  The remaining allegations in Paragraph 22 are legal conclusions to which no answer is required.  To the extent that an answer is required, the United States admits those allegations to the extent set forth in the Joint Stipulation but otherwise denies them.

23. The United States admits the allegations in Paragraph 23 to the extent set forth in the Joint Stipulation but otherwise denies them.

24.  The United States admits that sections of Red Hill's fire-suppression system were constructed using PVC pipe and thus were not compliant with Unified Facilities Criteria 3-600-1.  *See* Cavanaugh Report at 6, 24.  The United States further admits that, following a command investigation into the incident, the Navy concluded that "the fact that a large portion of the AFFF retention line was constructed using PVC was a proximate cause of the November [2021] spill."  Final Report of RADM James P. Waters III ("Waters Report") at 80.

25.  The United States admits that, on November 27, 2021, the Navy began to receive complaints from residents of JBPHH military housing about their tap water.  The United States lacks sufficient information to admit

or deny the remaining allegations in Paragraph 25 and therefore denies
them.

26. The United States admits that, on November 30, 2021 and afterward, the
Navy held town halls to address the reports of a fuel odor in the JBPHH
water supply. The United States denies the remaining allegations in
Paragraph 26.

27. The United States admits that the SDWA contains the language quoted
in Paragraph 27. The remaining allegations in Paragraph 27 are legal
conclusions to which no answer is required. To the extent that an
answer is required, the United States denies those allegations.

28. The United States admits that 40 C.F.R. § 141.201 contains the
language quoted in Paragraph 28, without any italicization. The
remaining allegations in Paragraph 28 are legal conclusions to which no
answer is required. To the extent that an answer is required, the United
States denies those allegations.

29. The United States admits that 40 C.F.R. § 141.202(b) contains the
language quoted in Paragraph 29, without any italicization. The
remaining allegations in Paragraph 29 are legal conclusions to which no
answer is required. To the extent that an answer is required, the United
States denies those allegations.

30.  The United States admits that the EPA's National Enforcement
Investigations Center (NEIC) concluded, following an April 2022
SDWA compliance investigation of the JBPHH public water system,
that the Navy "did not issue a Tier 1 public notification to customers [of
the JBPHH public water system] within 24 hours of confirming the Red
Hill Shaft had been contaminated with JP-5 fuel."  NEIC Civil
Investigation Report No. NEICVP1463E01 ("NEIC Report") at 24.  The
United States denies the allegations in Paragraph 30 to the extent that
they are inconsistent with the full contents of the NEIC Report.

31. The United States admits that the NEIC Report contains the language
quoted in Paragraph 31.  The remaining allegations in Paragraph 31 are
legal conclusions to which no answer is required.  To the extent that an
answer is required, the United States denies those allegations to the
extent that they are inconsistent with the full contents of the NEIC
Report.

32.  The United States admits that the NEIC Report contains the language
quoted in Paragraph 32, without any italicization.  The United States
denies the remaining allegations in Paragraph 32 to the extent that they
are inconsistent with the full contents of the NEIC Report.

33.  Admitted.  *See* NEIC Report at 6.

11

34.  Admitted.  *See* NEIC Report at 6.

35.  The United States admits that the DOH's November 20, 2021 public

advisory contained the language quoted in Paragraph 35.  The United

States denies the remaining allegations in Paragraph 35 to the extent that

they are inconsistent with the full contents of the advisory.

36.  The United States admits that Captain Spitzer made the statements

quoted in Paragraph 36.  The United States denies the remaining

allegations in  Paragraph 36 to the extent that they are inconsistent with

the full contents of the referenced public statements.

37.  The United States admits that, on November 30, 2021, the Navy issued a

media release stating:

> "The primary water distribution mains associated with the housing
> areas affected by possible potable water contamination have been
> flushed twice and the third flush is ongoing.  No petroleum or
> contaminants have been detected in testing at affected sites or at
> wells and tanks; however, there remains a concern that residual
> contamination may exist in some of the water lines based on
> continued reports from residents.
>
> To flush the individual lines to each residence, the Navy is asking
> residents in all military housing areas to run the water in their
> homes for about three to five minutes today to help move water
> through the system and possibly alleviate the odor.
>
> …
>
> The Navy is continuing to collect and test samples, inspect water
> distribution systems and other parts of the Navy's water distribution

system to identify and characterize the source of the odor in the water."

November 30, 2021 Media Release from Commander, Navy Region Hawaii.

38. Paragraph 38 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States admits those allegations to the extent set forth in the Joint Stipulation but otherwise denies them.

39.  The United States admits that Rear Admiral Converse made the statements quoted in Paragraph 39.  The United States denies the remaining allegations in Paragraph 39 to the extent that they are inconsistent with the full contents of the referenced public statements.

40.  The United States admits that, on December 10, 2021, the DOH issued a media release stating:

> "Samples from the Navy's Red Hill Shaft contained total petroleum hydrocarbons diesel range organics (TPH-d) 350 times the DOH Environmental Action Level (EAL) for drinking water. The Red Hill Shaft samples also tested positive for gasoline range organics more than 66 times the DOH EAL.
>
> The DOH samples were analyzed by Eurofins Laboratory in California. Eurofins found 140,000 parts per billion (ppb) of TPH-d. The DOH EAL for TPH-d is 400 ppb. Eurofins found total petroleum hydrocarbons gasoline range organics (TPH-g) at 20,000 ppb. The EAL for TPH-g is 300 ppb."

December 10, 2021 Newsroom Release from Hawaiʻi Department of Health.
The United States denies the remaining allegations in Paragraph 40 to the
extent that they are inconsistent with the full contents of the media release.

41. The United States admits that Rear Admiral Converse made the
statements quoted in the second sentence of Paragraph 41.  The United
States further admits that Admiral Paparo's January 20, 2022
endorsement of the Cavanaugh Report contains the language quoted in
the third sentence of Paragraph 41.  The United States denies the
remaining allegations in Paragraph 41 to the extent that they are
inconsistent with the full contents of the referenced public statements or
Admiral Paparo's endorsement of the Cavanaugh Report.

42.  Denied.

43. The United States admits that the Red Hill Bulk Fuel Storage Facility
Final Groundwater Protection Plan ("GPP") contains the language
quoted in Paragraph 43.  The United States denies the remaining
allegations in Paragraph 43 to the extent that they are inconsistent with
the full contents of the GPP.

44. The United States admits that the Naval Audit Service's April 16, 2010
audit report regarding Red Hill contains the language quoted in
Paragraph 44.  The United States denies the remaining allegations in

Paragraph 44 to the extent that they are inconsistent with the full contents of that report.

45.  The United States admits that, on January 14, 2014, the Navy identified a release of approximately 27,000 gallons of JP-8 jet fuel from a tank at Red Hill that had been incorrectly repaired by a contractor. The United States further admits that samples taken from monitoring wells after that release indicated elevated levels of hydrocarbons in soil vapor and groundwater.

46. The United States admits that, in May 2015, the Navy entered an Administrative Order on Consent ("AOC") with the EPA and the DOH to "ensure that the groundwater resource in the vicinity of [Red Hill] is protected and to ensure that [Red Hill] is operated and maintained in an environmentally protective manner."  AOC at 2.  The United States denies the remaining allegations in Paragraph 46 to the extent that they are inconsistent with the full contents of the AOC.

47. The United States admits that the cited EPA document entitled "Red Hill Bulk Fuel Storage Facility – Frequently Asked Questions" contains the language quoted in Paragraph 47.  The United States denies the remaining allegations in Paragraph 47 to the extent that they are inconsistent with the full contents of that document.

15

48. Paragraph 48 consists of Plaintiffs' paraphrase of certain conclusions contained in a November 12, 2018 report titled "Quantitative Risk and Vulnerability Assessment Phase 1 (Internal Events without Fire and Flooding)," prepared for the Navy by ABS Consulting.  The United States denies the allegations in Paragraph 48 to the extent that they are inconsistent with the true contents of that report.

49.  The United States admits that the Navy suspended operations at Red Hill on November 27, 2021. The United States further admits that Captain Spitzer and Admiral Del Toro made the statements quoted in Paragraph 49.  The United States denies the remaining allegations in Paragraph 49 to the extent that they are inconsistent with the full contents of the referenced public statements.

50. The United States admits that, on December 14, 2021, Deputy Secretary of Defense Kathleen Hicks issued a public statement containing the language quoted in Paragraph 50.  The United States denies the allegations in Paragraph 50 to the extent that they are inconsistent with the full contents of that statement.

51. The United States admits that, on November 30, 2021, the Navy advised residents to run the water in their homes.  *See* November 30, 2021 Media Release from Commander, Navy Region Hawaii.  The United States

16

further admits that the Agency for Toxic Substances and Disease
Registry ("ATSDR") has issued guidance stating that individuals can be
exposed to fuel constituents by breathing air vapors.  *See* ATSDR
ToxFAQs for Fuel Oils.  Paragraph 51 lacks sufficient detail for the
United States to identify what Plaintiffs are referring to as "the military's
occupational protocol for exposure to benzene," and the United States
therefore denies all allegations pertaining to that purported protocol.
The United States further denies that government personnel were
negligent in flushing homes.  The United States further denies that air
testing showed the presence of "aerosolized jet fuels" in affected homes.
The United States lacks information sufficient to admit or deny the
remaining allegations in Paragraph 51 and therefore denies them.

52.  The United States admits that the Navy opened hydrants to flush the
water lines and allowed the water to run into the streets.  *See* Waters
Report at 46.  The United States further admits that the CWA contains
the language quoted in Paragraph 52.  The remaining allegations in
Paragraph 52 are legal conclusions to which no answer is required.  To
the extent that an answer is required, the United States denies those
allegations.

53. The United States admits that the CWA contains the language quoted in Paragraph 53.  The remaining allegations in Paragraph 53 are legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

54.  The United States admits that residents of military housing took video footage of the Navy's flushing efforts.  The United States further admits that the DOH instructed the Navy to stop its flushing activities on the basis that the flushing did not comply with DOH flushing guidelines. *See* December 8, 2021 Letter from Kathleen S. Ho, Deputy Director for Environmental Health.  The remaining allegations in Paragraph 54 are legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

55. The United States denies that the military's Child Development Centers had children "use dangerous and contaminated water . . . long after the contamination began."  On November 29, 2021, all Child Development Centers stopped using tap water from the JBPHH public water system, except the Ford Island Child Development Center and the Wahiawa Child Development Center.  Out of an abundance of caution, the Ford Island Child Development Center also stopped using tap water from the JBPHH public water system on December 9, 2021, although testing of

18

samples previously had indicated that the tap water at that location was unaffected by JP-5 contamination.  Paragraph 55 lacks sufficient detail for the United States to identify who purportedly made "repeated attempts" to verify replacement of porous plastic drink cups, and the United States therefore denies the allegations pertaining to such communications.

56. The United States admits that the Army authorized evacuation and lodging expenses for impacted individuals on December 2, 2021.  The United States further admits that the Navy authorized evacuation and lodging expenses for impacted individuals and December 3, 2021.  The United States further admits that these authorizations covered approximately 3,200 families and lasted for multiple months.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 56 and therefore denies them.

57. The United States admits that neighborhoods on the JBPHH water line were divided into zones and addressed on a zone-by-zone basis.  The United States further admits that, on February 14, 2022, drinking water from Zone I1 was cleared as safe by the Navy, the EPA, and the DOH. The United States further admits that the DOH lifted its public health advisory for each zone based on testing of at least 10% of homes (more

than 900 homes in total) and 100% of schools / child development centers, as well as multiple other lines of evidence demonstrating that the water in all homes and buildings was safe to drink. *See* Water Contamination Response Frequently Asked Questions ("FAQs"), Hawai'i Department of Health.  The United States further admits that the Navy, or its contractors, tested homes using standard and generally accepted analytical methods, which include specific holding times for samples, and that the Navy discarded the samples after laboratory analysis and in accordance with the applicable holding times.  The United States denies the remaining allegations in Paragraph 57.

58.  The United States admits that the Navy's flushing protocol did not include replacement of plastics, replacement of water heaters, or "scrubbing the air." The United States denies the remaining allegations in Paragraph 58.

59.  The United States admits that military authorizations for evacuation and lodging expenses ended after drinking water in the potentially impacted zones was cleared as safe by the Navy, the EPA, and the DOH.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 59 and therefore denies them.

60.  The United States admits that, after the November 2021 fuel release, some individuals presented to military medical facilities and sought treatment in connection with alleged exposure to jet fuel. The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 60 and therefore denies them.

61.  Denied.

62.  The United States admits that Department of Defense Manual (DoDM) 6055.05 contains the language quoted in Paragraph 62.  The United States denies the remaining allegations in Paragraph 62 to the extent that they are inconsistent with the full contents of that manual.

63.  The United States admits that, in accordance with guidance from the DOH, military medical providers did not perform blood or urine testing for petroleum because such testing was unlikely to provide any useful information about potential exposure.  The United States lacks sufficient information to admit or deny Plaintiffs' allegations as to what specific families were told about testing and therefore denies those allegations. The United States denies the remaining allegations in Paragraph 63.

64.  Denied.

65.  The United States denies that that military medical providers failed to screen for illnesses that have been "documented as related to exposure to

water contaminated with jet fuel." The United States further denies that research related to Camp Lejeune involved "similar circumstances." The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 65 and therefore denies them.

66. The United States admits that Rear Admiral Timothy Kott made the statement quoted in Paragraph 66. The United States denies the remaining allegations in Paragraph 66.

67. The United States admits that, as an early screening measure, the Navy collected water samples from homes and tested the samples for total organic carbon. The United States further admits that the Navy posted the test results to its public online database. The United States denies the remaining allegations in Paragraph 67.

68. The United States admits that the Navy discarded water samples after laboratory analysis and in accordance with the applicable holding times.

69. Paragraph 69 contains no substantive allegations to which an answer is required. To the extent that an answer is required, the United States admits that Plaintiffs have removed the allegations formerly contained in Paragraph 69 of their Fourth Amended Complaint, consistent with the Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact

on Pending Motion to Dismiss Briefing, and Clarification of the Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

70. The United States admits that, on November 29, 2022, there was a release of approximately 1,100 gallons of Aqueous Film Firefighting Foam ("AFFF") at Red Hill's Adit 6, some of which entered the surrounding environment.  *See* November 29, 2022 Media Release by Commander, Navy Region Hawai'i.  The United States further admits that AFFF contains per- and polyfluoroalykyl substances ("PFAS"), which are a group of chemical compounds that be harmful to human health, depending on numerous factors including dose, duration of exposure, and nature of exposure.  The United States further admits that the Navy decided not to publicly release video footage of the November 29, 2022 AFFF release until doing so would no longer impact the course of the ongoing investigation by the U.S. Department of Defense.  *See* December 9, 2022 Media Release by Commander, Navy Region Hawai'i.

71. The United States admits that, on December 7, 2019, an AFFF release occurred at a support facility near Red Hill's Adit 1 and flowed into the exterior area next to the facility.  The United States further admits that the release was not reported to regulatory agencies at the time because

the EPA had not yet classified AFFF as a hazardous substance and because the release was prior to any reporting requirement within the U.S. Department of Defense.

72. The United States admits that 2-(2-methoxyethoxy)ethanol is a fuel system icing inhibitor that can be present in JP-5.  The United States further admits that 2-(2-methoxyethoxy)ethanol can be harmful to human health, depending on numerous factors including depending on numerous factors including dose, duration of exposure, and nature of exposure.  The United States lacks information sufficient to admit or deny Plaintiffs' allegations concerning "[c]ontemporaneous tests," including because Plaintiffs do not indicate when the tests were taken or by whom, and therefore denies those allegations.  The United States denies the remaining allegations in Paragraph 72.

73. The United States denies that the Navy has failed to disclose all contaminants potentially present in the November 2021 fuel release. The United States further denies that there is any reason to believe at this time that PFAS was among those contaminants.

74. Denied.

75. The United States admits that 33 U.S.C. § 1321 contains the language quoted in Paragraph 75.  The United States denies the remaining

allegations in Paragraph 75 to the extent that they are inconsistent with the full contents of the CWA, the SDWA, or their implementing regulations.

76. Paragraph 76 consists of Plaintiffs' characterizations of the SDWA, as well as legal conclusions to which no answer is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 76 to the extent that they are inconsistent with the SDWA.

77. Paragraph 77 consists of Plaintiffs' characterizations of the National Primary Drinking Water Regulations, as well as legal conclusions to which no answer is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 77 to the extent that they are inconsistent with those regulations.

78. The United States admits that the Hawai'i statute cited in Paragraph 78 contains the language quoted. The United States denies the remaining allegations in Paragraph 78 to the extent that they are inconsistent with that statute.

79. Paragraph 79 consists of Plaintiffs' characterizations of various Hawai'i water regulations, as well as legal conclusions to which no answer is required. To the extent that an answer is required, the United States

denies the allegations in Paragraph 79 to the extent that they are inconsistent with those regulations.

80. Paragraph 80 consists of Plaintiffs' characterizations of various unidentified federal and state regulations and programs, as well as legal conclusions to which no answer is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 80 because it lacks sufficient information to discern which regulations and programs are being referenced.

81. Paragraph 81 consists of legal conclusions to which no answer is required. To the extent that an answer is required, the United States denies those allegations.

82. The United States lacks sufficient information to admit or deny the allegations in Paragraph 82 and therefore denies them.

83. The United States lacks sufficient information to admit or deny the allegations in Paragraph 83 and therefore denies them.

84. The United States admits that the cited survey report by the Centers for Disease Control ("CDC") contains the language quoted in Paragraph 84. The United States denies the remaining allegations in Paragraph 84 to the extent that they are inconsistent with the full contents of that report.

85. The United States admits that the cited CDC survey report contains the language quoted in Paragraph 85.  The United States denies the remaining allegations in Paragraph 85 to the extent that they are inconsistent with the full contents of that report.

86. Denied.

87. The United States admits that the Feindt family lived in the Ford Island military housing community from April 2021 to April 2022.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 87 and therefore denies them.[2] [3]

88. The United States admits that, out of an abundance of caution, the Ford Island Child Development Center stopped using tap water from the JBPHH public water system on December 9, 2021, although testing of samples previously had indicated that the tap water at that location was unaffected by JP-5 contamination.  The United States lacks sufficient

---

[2]     Footnote 7 consists of Plaintiffs' characterization of the information contained in the attachments to their SF-95 forms, to which no answer is required.  To the extent that an answer is required, the United States denies the allegations in Footnote 7.

[3]     Regarding Footnote 8, the United States admits that the legal doctrine established in *Feres v. United States* limits military personnel's ability to pursue tort claims under the FTCA.  The United States denies the remaining allegations in Footnote 8 on the basis that, since the filing of the Fifth Amended Complaint, Major Amanda Feindt has brought suit against the United States under the FTCA, alongside four other active-duty military servicemembers.  *See Whaley v. United States*, Case No. 1:23-cv-457.

information to admit or deny the remaining allegations in Paragraph 88 and therefore denies them.

89. The United States denies the allegations in Paragraph 89 pertaining to the Feindt family's medical histories to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation. The United States further denies that military medical providers failed to provide reasonable and appropriate care to the Feindt family. The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 89 and therefore denies them.

90. The United States admits that, in December 2021, the Feindt family relocated to a hotel at government expense. The United States further admits that the Feindt family moved off-island in April 2022. The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 90 and therefore denies them.

91. The United States denies the allegations in Paragraph 91 pertaining to Patrick Feindt, Jr.'s medical history to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation. The United States lacks sufficient

information to admit or deny the remaining allegations in Paragraph 91 and therefore denies them.

92. The United States denies the allegations in Paragraph 92 pertaining to the Feindt children's medical histories to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 91 and therefore denies them.

93. The United States denies that the events at issue in this case are comparable to those of individuals who were stationed at Camp Lejeune. The allegations in Paragraph 93 concerning fear being "reasonable" are legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 93 and therefore denies them.

94. The United States admits that the Freeman family lived in the Aliamanu Military Reservation military housing community from May 2021 to February 2022.

95. Denied.[4]

96. The United States admits that Nastasia Freeman is currently prohibited from driving per doctor recommendation.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 96 and therefore denies them.

97. The United States denies the allegations in Paragraph 97 pertaining to Nastasia Freeman's medical history to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation.  The United States further denies that the military medical providers failed to provide reasonable and appropriate care to the Freeman family.

98. The United States denies the allegations in Paragraph 98 pertaining to the Freeman family's medical histories to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation.  The United States further denies that the military medical providers failed to provide reasonable and appropriate care to the Freeman family.

---

[4]     Regarding Footnote 9, the United States admits that the cited judicial ruling contains the language quoted.  To the extent that Footnote 9 contains allegations about the legal application of that language to this case, the United States denies those allegations.  The United States lacks sufficient information to admit or deny the allegations in Footnote 9 pertaining to any purported exacerbation of Plaintiffs' preexisting injuries and therefore denies those allegations.

99. The United States admits that, in December 2021, the Freeman family relocated to a hotel at government expense.  The United States further admits that the Freeman family moved off-island in February 2022, after submitting requests for Early Return of Dependents and humanitarian reassignment, and that they purchased an $850,000 home in California. The United States denies the allegations in Paragraph 99 pertaining to Nastasia Freeman's medical history to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation.  The United States further denies that military medical providers failed to provide reasonable and appropriate care to Nastasia Freeman.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 99 and therefore denies them.

100.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 100 and therefore denies them.

101.   The United States denies the allegations in Paragraph 101 pertaining to the Freeman children's medical histories to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation.

102.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Nastasia Freeman.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 102 and therefore denies them.

103.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 103 and therefore denies them.

104.   The third sentence of Paragraph 104 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 104 and therefore denies them.

105.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 105 and therefore denies them.

106.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 106 and therefore denies them.

107.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 107 and therefore denies them.

32

108.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 108 and therefore denies them.

109.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 109 and therefore denies them.

110.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 110 and therefore denies them.

111.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 111 and therefore denies them.

112.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 112 and therefore denies them.

113.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 113 and therefore denies them.

114.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 114 and therefore denies them.

115.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 115 and therefore denies them.

116.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 116 and therefore denies them.

117.   The United States admits that Kevin Aubart moved to the Doris Miller Park military housing community with his wife in September 2016, after retiring from the United States Air Force.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 117 and therefore denies them.

118.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 118 and therefore denies them.

119.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 119 and therefore denies them.

120.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 120 and therefore denies them.

121.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 121 and therefore denies them.

122.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 122 and therefore denies them.

123.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 123 and therefore denies them.

124.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 124 and therefore denies them.

125.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 125 and therefore denies them.

126.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 126 and therefore denies them.

127.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 127 and therefore denies them.

128.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 128 and therefore denies them.

129.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 129 and therefore denies them.

130.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States

lacks sufficient information to admit or deny the remaining allegations in Paragraph 130 and therefore denies them.

131.    The United States admits that the Dietz family moved to the Earhart Village military housing community in February 2021.  The United States denies the allegations in Paragraph 131 pertaining to B.D.'s medical history to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 131 and therefore denies them.

132.    The United States denies the allegations in Paragraph 132 pertaining to Richelle Dietz's medical history to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 132 and therefore denies them.

133.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 133 and therefore denies them.

134.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 134 and therefore denies them.

135.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 135 and therefore denies them.

136.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 136 and therefore denies them.

137.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 137 and therefore denies them.

138.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 138 and therefore denies them.

139.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 139 and therefore denies them.

140.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 140 and therefore denies them.

141.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 141 and therefore denies them.

142.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 142 and therefore denies them.

143.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 143 and therefore denies them.

144.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 144 and therefore denies them.

145. The United States admits that Sheena Jessup and her children lived in the Radford Terrace military housing community from July 2017 to May 2022. The United States further admits that D.J. was born in January 2021.

146. The United States denies the allegations in Paragraph 146 pertaining to Sheena Jessup's medical history to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation. The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 146 and therefore denies them.

147. The United States admits that Brian Jessup remained in Hawai'i until October 2022 to complete his term of employment with the Navy. The United States denies the allegations in Paragraph 147 pertaining to the Jessup family's medical histories to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation. The United States further denies that military medical providers failed to provide reasonable and appropriate care to the Jessup family. The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 147 and therefore denies them.

148.   The United States denies the allegations in Paragraph 148 pertaining to B.B.J.'s medical history to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation.  The United States further denies that military medical providers failed to provide reasonable and appropriate care to B.B.J.

149.   The United States denies the allegations in Paragraph 149 pertaining to B.J.J.'s medical history to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation. The United States further denies that military medical providers failed to provide reasonable and appropriate care to B.J.J.

150.   The United States denies the allegations in Paragraph 150 pertaining to N.J.'s medical history to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation. The United States further denies that military medical providers failed to provide reasonable and appropriate care to N.J.

151.   The United States denies the allegations in Paragraph 151 pertaining to D.J.'s medical history to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation. The United States further denies that military medical providers failed to provide reasonable and appropriate care to D.J.

152.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 152 and therefore denies them.

153.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 153 and therefore denies them.

154.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 154 and therefore denies them.

155.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 155 and therefore denies them.

156.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 156 and therefore denies them.

157.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 157 and therefore denies them.

158.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 158 and therefore denies them.

159.   The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 159 and therefore denies them.

160.   The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 160 and therefore denies them.

161.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 161 and therefore denies them.

162.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 162 and therefore denies them.

163.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 163 and therefore denies them.

164.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 164 and therefore denies them.

165.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 165 and therefore denies them.

166.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 166 and therefore denies them.

167.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 167 and therefore denies them.

168.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 168  and therefore denies them.

169.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 169 and therefore denies them.

170.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 170 and therefore denies them.

171.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 171 and therefore denies them.

172.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 172 and therefore denies them.

173.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 173 and therefore denies them.

174.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 174 and therefore denies them.

175.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 175 and therefore denies them.

176.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 176 and therefore denies them.

177.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 177 and therefore denies them.

178.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 178 and therefore denies them.

179.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 179 and therefore denies them.

180.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 180 and therefore denies them.

181.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 181 and therefore denies them.

182.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 182 and therefore denies them.

183.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 183 and therefore denies them.

184.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 184 and therefore denies them.

185.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 185 and therefore denies them.

186.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 186 and therefore denies them.

187.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 187 and therefore denies them.

188.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 188 and therefore denies them.

189.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 189 and therefore denies them.

190.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 190 and therefore denies them.

191.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 191 and therefore denies them.

192.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 192 and therefore denies them.

193.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 193 and therefore denies them.

194.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 194 and therefore denies them.

195.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 195 and therefore denies them.

196.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 196 and therefore denies them.

197.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 197 and therefore denies them.

198.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 198 and therefore denies them.

199.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 199 and therefore denies them.

200.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 200 and therefore denies them.

201.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 201 and therefore denies them.

202.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 202 and therefore denies them.

203.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 203 and therefore denies them.

204.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 204 and therefore denies them.

205.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 205 and therefore denies them.

206.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 206 and therefore denies them.

207.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 207 and therefore denies them.

208.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 208 and therefore denies them.

209.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 209 and therefore denies them.

210.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 210 and therefore denies them.

211.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 211 and therefore denies them.

212.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 212 and therefore denies them.

213.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 213 and therefore denies them.

214.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 214 and therefore denies them.

215.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 215 and therefore denies them.

216.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 216 and therefore denies them.

217.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 217 and therefore denies them.

218.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 218 and therefore denies them.

219.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 219 and therefore denies them.

220.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 220 and therefore denies them.

221.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 221 and therefore denies them.

222.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States

lacks sufficient information to admit or deny the remaining allegations in Paragraph 222 and therefore denies them.

223.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 223 and therefore denies them.

224.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 224 and therefore denies them.

225.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 225 and therefore denies them.

226.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 226 and therefore denies them.

227.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 227 and therefore denies them.

228.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 228 and therefore denies them.

229.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 229 and therefore denies them.

230.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States

lacks sufficient information to admit or deny the remaining allegations in Paragraph 230 and therefore denies them.

231.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 231 and therefore denies them.

232.   The United States admits that Elizabeth Witt and her husband moved to the Officer Field military housing community in August 2021.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 232 and therefore denies them.

233.   The United States denies the allegations in Paragraph 233 pertaining to Elizabeth Witt's medical history to the extent that they are inconsistent with the contents of the confidential medical records produced in this litigation.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 233 and therefore denies them.

234.   The United States admits that, in December 2021, Elizabeth Witt and her spouse received authorization to relocate to a hotel at government expense but chose not to do so.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 234 and therefore denies them.

235.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 235 and therefore denies them.

236.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 236 and therefore denies them.

237.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 237 and therefore denies them.

238.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 238 and therefore denies them.

239.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 239 and therefore denies them.

240.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 240 and therefore denies them.

241.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 241 and therefore denies them.

242.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 242 and therefore denies them.

243.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 243 and therefore denies them.

244.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States

lacks sufficient information to admit or deny the remaining allegations in
Paragraph 244 and therefore denies them.

245.   The United States lacks sufficient information to admit or deny the
allegations in Paragraph 245 and therefore denies them.

246.   The United States lacks sufficient information to admit or deny the
allegations in Paragraph 246 and therefore denies them.

247.   The United States lacks sufficient information to admit or deny the
allegations in Paragraph 247 and therefore denies them.

248.   The United States lacks sufficient information to admit or deny the
allegations in Paragraph 248 and therefore denies them.

249.   The United States lacks sufficient information to admit or deny the
allegations in Paragraph 249 and therefore denies them.

250.   The United States lacks sufficient information to admit or deny the
allegations in Paragraph 250 and therefore denies them.

251.   The United States lacks sufficient information to admit or deny the
allegations in Paragraph 251 and therefore denies them.

252.   The United States lacks sufficient information to admit or deny the
allegations in Paragraph 252 and therefore denies them.

253.   The United States lacks sufficient information to admit or deny the
allegations in Paragraph 253 and therefore denies them.

254.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 254 and therefore denies them.

255.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 255 and therefore denies them.

256.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 256 and therefore denies them.

257.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 257 and therefore denies them.

258.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 258 and therefore denies them.

259.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 259 and therefore denies them.

260.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 260 and therefore denies them.

261.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 261 and therefore denies them.

262.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 262 and therefore denies them.

263.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 263 and therefore denies them.

264.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 264 and therefore denies them.

265.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 265 and therefore denies them.

266.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 266 and therefore denies them.

267.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 267 and therefore denies them.

268.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 268 and therefore denies them.

269.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 269 and therefore denies them.

270.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 270 and therefore denies them.

271.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 271 and therefore denies them.

272.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 272 and therefore denies them.

273.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 273 and therefore denies them.

274.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 274 and therefore denies them.

275.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 275 and therefore denies them.

276.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 276 and therefore denies them.

277.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 277 and therefore denies them.

278.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 278 and therefore denies them.

279.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 279 and therefore denies them.

280.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 280 and therefore denies them.

281.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 281 and therefore denies them.

282.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 282 and therefore denies them.

283.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 283 and therefore denies them.

284.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 284 and therefore denies them.

285.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 285 and therefore denies them.

286.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 286 and therefore denies them.

287.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 287 and therefore denies them.

288.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 288 and therefore denies them.

289.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 289 and therefore denies them.

290.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 290 and therefore denies them.

291.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 291 and therefore denies them.

292.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 292 and therefore denies them.

293.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 293 and therefore denies them.

294.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 294 and therefore denies them.

295.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 295 and therefore denies them.

296.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 296 and therefore denies them.

297.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 297 and therefore denies them.

298.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 298 and therefore denies them.

299.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 299 and therefore denies them.

300.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 300 and therefore denies them.

301.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 301 and therefore denies them.

302.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 302 and therefore denies them.

303.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 303 and therefore denies them.

304.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 304 and therefore denies them.

305.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 305 and therefore denies them.

306.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 306 and therefore denies them.

307.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 307 and therefore denies them.

308.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 308 and therefore denies them.

309.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 309 and therefore denies them.

310.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 310 and therefore denies them.

311.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 311 and therefore denies them.

312.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 312 and therefore denies them.

313.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 313 and therefore denies them.

314.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 314 and therefore denies them.

315.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 315 and therefore denies them.

316.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 316 and therefore denies them.

317.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 317 and therefore denies them.

318.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 318 and therefore denies them.

319.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 319 and therefore denies them.

320.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 320 and therefore denies them.

321.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 321 and therefore denies them.

322.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 322 and therefore denies them.

323.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 323 and therefore denies them.

59

324.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 324 and therefore denies them.

325.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 325 and therefore denies them.

326.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 326 and therefore denies them.

327.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 327 and therefore denies them.

328.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 328 and therefore denies them.

329.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 329 and therefore denies them.

330.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 330 and therefore denies them.

331.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 331 and therefore denies them.

332.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 332 and therefore denies them.

333.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 333 and therefore denies them.

334.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 334 and therefore denies them.

335.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 335 and therefore denies them.

336.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 336 and therefore denies them.

337.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 337 and therefore denies them.

338.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 338 and therefore denies them.

339.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 339 and therefore denies them.

340.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 340 and therefore denies them.

341.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 341 and therefore denies them.

342.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 342 and therefore denies them.

343.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 343 and therefore denies them.

344.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 344 and therefore denies them.

345.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 345 and therefore denies them.

346.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 346 and therefore denies them.

347.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 347 and therefore denies them.

348.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 348 and therefore denies them.

349.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 349 and therefore denies them.

350.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 350 and therefore denies them.

351.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 351 and therefore denies them.

352.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 352 and therefore denies them.

353.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 353 and therefore denies them.

354.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 354 and therefore denies them.

355.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 355 and therefore denies them.

356.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 356 and therefore denies them.

357.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 357 and therefore denies them.

358.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 358 and therefore denies them.

359.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 359 and therefore denies them.

360.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 360 and therefore denies them.

361.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 361 and therefore denies them.

362.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 362 and therefore denies them.

363.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 363 and therefore denies them.

364.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 364 and therefore denies them.

365.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 365 and therefore denies them.

366.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 366 and therefore denies them.

367.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 367 and therefore denies them.

368.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 368 and therefore denies them.

369.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 369 and therefore denies them.

370.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 370 and therefore denies them.

371.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 371 and therefore denies them.

372.    The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 372 and therefore denies them.

373.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 373 and therefore denies them.

374.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 374 and therefore denies them.

375.    The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 375 and therefore denies them.

376.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 376 and therefore denies them.

377.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 377 and therefore denies them.

378.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 378 and therefore denies them.

379.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 379 and therefore denies them.

380.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 380 and therefore denies them.

381.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 381 and therefore denies them.

382.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 382 and therefore denies them.

383.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 383 and therefore denies them.

384.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States

lacks sufficient information to admit or deny the remaining allegations in Paragraph 384 and therefore denies them.

385.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 385 and therefore denies them.

386.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 386 and therefore denies them.

387.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 387 and therefore denies them.

388.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 388 and therefore denies them.

389.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 389 and therefore denies them.

390.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 390 and therefore denies them.

391.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 391 and therefore denies them.

392.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 392 and therefore denies them.

393.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 393 and therefore denies them.

394.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 394 and therefore denies them.

395.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 395 and therefore denies them.

396.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 396 and therefore denies them.

397.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 397 and therefore denies them.

398.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 398 and therefore denies them.

399.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 399 and therefore denies them.

400.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 400 and therefore denies them.

401.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 401 and therefore denies them.

402.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 402 and therefore denies them.

403.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 403 and therefore denies them.

404.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 404 and therefore denies them.

405.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 405 and therefore denies them.

406.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 406 and therefore denies them.

407.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 407 and therefore denies them.

408.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 408 and therefore denies them.

409.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States

lacks sufficient information to admit or deny the remaining allegations in Paragraph 409 and therefore denies them.

410.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 410 and therefore denies them.

411.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 411 and therefore denies them.

412.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 412 and therefore denies them.

413.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 413 and therefore denies them.

414.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 414 and therefore denies them.

415.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 415 and therefore denies them.

416.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 416 and therefore denies them.

417.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 417 and therefore denies them.

418.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 418 and therefore denies them.

419.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 419 and therefore denies them.

420.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 420 and therefore denies them.

421.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 421 and therefore denies them.

422.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 422 and therefore denies them.

423.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 423 and therefore denies them.

424.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 424 and therefore denies them.

425.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 425 and therefore denies them.

426.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 426 and therefore denies them.

427.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 427 and therefore denies them.

428.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 428 and therefore denies them.

429.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 429 and therefore denies them.

430.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 430 and therefore denies them.

431.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 431 and therefore denies them.

432.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 432 and therefore denies them.

433.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 433 and therefore denies them.

434.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 434 and therefore denies them.

435.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 435 and therefore denies them.

436.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 436 and therefore denies them.

437.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 437 and therefore denies them.

438.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 438 and therefore denies them.

439.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 439 and therefore denies them.

440.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 440 and therefore denies them.

441.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 441 and therefore denies them.

442.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 442 and therefore denies them.

443.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 443 and therefore denies them.

444.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 444 and therefore denies them.

445.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 445 and therefore denies them.

446.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 446 and therefore denies them.

447.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 447 and therefore denies them.

448.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 448 and therefore denies them.

449.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 449 and therefore denies them.

450.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 450 and therefore denies them.

451.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 451 and therefore denies them.

452.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 452 and therefore denies them.

453.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 453 and therefore denies them.

454.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 454 and therefore denies them.

455.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 455 and therefore denies them.

456.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 456 and therefore denies them.

457.   The United States denies that military medical providers failed to provide reasonable and appropriate care to Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 457 and therefore denies them.

458.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 458 and therefore denies them.

459.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 459 and therefore denies them.

460.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 460 and therefore denies them.

461.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 461 and therefore denies them.

462.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 462 and therefore denies them.

463.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 463 and therefore denies them.

464.   Paragraph 464 merely incorporates all preceding paragraphs of the Fifth Amended Complaint and contains no additional allegations to which an answer is required.  To the extent that an answer is required, the United States incorporates all of its responses to the preceding paragraphs of the Fifth Amended Complaint.

465.   Admitted.

466.   Admitted.

467.   The United States denies that federal officers breached the duty to exercise reasonable care, except as set forth in the Joint Stipulation or as specifically admitted below in response to the subparts of Paragraph 467. The United States responds to the subparts of Paragraph 467 as follows:

   a.   Admitted.

b. The United States denies the allegations in subpart (b) of Paragraph 467 because it lacks sufficient information to discern which "mandatory corrective actions" are being referenced.

c. The United States admits that the Navy did not issue a SDWA Tier I notice after the fuel release in November 2021.  The United States otherwise denies the allegations in subpart (c) of Paragraph 467.

d. Admitted.

e. Denied.

f. Admitted.

g. Denied.

h. Denied.

i. Denied.

j. Denied.

k. Denied.

468. Admitted.

469. The United States lacks sufficient information to admit or deny the allegations in Paragraph 469 pertaining to the nature and extent of Plaintiffs' purported injuries and therefore denies those allegations.

470.   Paragraph 470 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

471.   Paragraph 471 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

472.   Paragraph 472 merely incorporates all preceding paragraphs of the Fifth Amended Complaint and contains no additional allegations to which an answer is required.  To the extent that an answer is required, the United States incorporates all of its responses to the preceding paragraphs of the Fifth Amended Complaint.

473.   The United States admits that the cited judicial ruling contains the language quoted in Paragraph 473.  To the extent that Paragraph 473 contains allegations about the legal application of that language to this case, the United States denies those allegations.

474.   The United States admits that the cited judicial ruling contains the language quoted in Paragraph 474.  To the extent that Paragraph 474 contains allegations about the legal application of that language to this case, the United States denies those allegations.

475.   Paragraph 475 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States admits that the Navy had a duty to exercise reasonable care in operating the JBPHH public water system.

476.   The United States admits that the cited judicial ruling contains the language quoted in Paragraph 476.  To the extent that Paragraph 476 contains allegations concerning the legal application of that language to this case, the United States denies those allegations.

477.   The United States denies that the authorities cited in Paragraph 477 are relevant or sufficient bases for Plaintiffs' negligent-undertaking claim.

478.   The United States denies that the authorities cited in Paragraph 478 are relevant or sufficient bases for Plaintiffs' negligent-undertaking claim.

479.   Paragraph 479 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

480.   Paragraph 480 consists of legal conclusions to which no answer is required. To the extent that an answer is required, the United States denies those allegations.

481.   The United States denies that federal officers breached the duty to exercise reasonable care, except as set forth in the Joint Stipulation or as specifically admitted below in response to the subparts of Paragraph 481. The United States responds to the subparts of Paragraph 481 as follows:

a.  Admitted.

b.  The United States denies the allegations in subpart (b) of Paragraph 481 because it lacks sufficient information to discern which "mandatory corrective actions" are being referenced.

c.  The United States admits that the Navy did not issue a SDWA Tier I notice after the fuel release in November 2021.  The United States otherwise denies the allegations in subpart (c) of Paragraph 481.

d.  Admitted.

e.  Denied.

f.  Admitted.

g.  Denied.

h.  Denied.

i.  Denied.

j.  Denied.

k.  Denied.

l.   Denied.

482.   Admitted.

483.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 483 pertaining to the nature and extent of Plaintiffs' purported injuries and therefore denies those allegations.

484.   Paragraph 484 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

485.   Paragraph 485 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

486.   Paragraph 486 merely incorporates all preceding paragraphs of the Fifth Amended Complaint and contains no additional allegations to which an answer is required.  To the extent that an answer is required, the United States incorporates all of its responses to the preceding paragraphs of the Fifth Amended Complaint.

487.   The United States admits that, in November 2021, at least some Plaintiffs lawfully possessed properties serviced by the JBPHH public water system.

488.   The United States admits that, during the time period described in the Fifth Amended Complaint, the Navy owned and operated Red Hill and the Red Hill Shaft, one of three groundwater wells that supplied the JBPHH public water system until the Navy shut off the Red Hill Shaft on November 28, 2021.

489.   The United States admits the allegations in Paragraph 489 to the extent set forth in the Joint Stipulation but otherwise denies them.

490.   The United States admits the allegations in Paragraph 490 to the extent set forth in the Joint Stipulation but otherwise denies them.

491.   The United States admits the allegations in Paragraph 491 to the extent set forth in the Joint Stipulation but otherwise denies them.

492.   Admitted.

493.   The United States admits the allegations in Paragraph 493 to the extent set forth in the Joint Stipulation but otherwise denies them.

494.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 494 pertaining to the nature and extent of Plaintiffs' purported injuries and therefore denies those allegations.

495.   The United States denies the allegations in Paragraph 495 because it lacks sufficient information to discern what type of "full knowledge" is being referenced.

496.   The United States admits the allegations in Paragraph 496 to the extent set forth in the Joint Stipulation but otherwise denies them.

497.   Denied.

498.   The United States admits the allegations in Paragraph 498 to the extent set forth in the Joint Stipulation but otherwise denies them.

499.   Paragraph 499 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

500.   Paragraph 500 merely incorporates all preceding paragraphs of the Fifth Amended Complaint and contains no additional allegations to which an answer is required.  To the extent that an answer is required, the United States incorporates all of its responses to the preceding paragraphs of the Fifth Amended Complaint.

501.   The United States admits that, based on Plaintiffs' representations and pleadings, the only individuals who are bringing medical negligence claims in this case are those named in Paragraph 501.

502.   The United States admits that, based on Plaintiffs' representations and pleadings, the only individuals who are bringing medical negligence claims in this case are those named in Paragraph 502.

503.   Denied.

504.   Denied.

505.   Denied.

506.   Denied.

507.   Denied.

508.   Denied.

509.   Denied.

510.   Denied.

511.   Paragraph 511 merely incorporates all preceding paragraphs of the

Fifth Amended Complaint and contains no additional allegations to

which an answer is required.  To the extent that an answer is required,

the United States incorporates all of its responses to the preceding

paragraphs of the Fifth Amended Complaint.

512.   The United States admits the allegations in Paragraph 512 to the

extent set forth in the Joint Stipulation but otherwise denies them.

513.   The United States admits that the Navy was aware of prior fuel

releases at Red Hill.  The United States further admits that the Navy

agreed to take certain corrective actions to prevent or mitigate future fuel

releases.  The United States denies the remaining allegations in

Paragraph 513.

514.    Paragraph 514 consists of legal conclusions to which no answer is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 514.

515.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 515 and therefore denies them.

516.    Paragraph 516 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

517.    Paragraph 517 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

518.    Paragraph 518 contains no substantive allegations to which an answer is required.  To the extent that an answer is required, the United States admits that Plaintiffs have removed the allegations formerly contained in Paragraph 518 of their Fourth Amended Complaint, consistent with the Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact on Pending Motion to Dismiss Briefing, and Clarification of the Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

519.    Paragraph 519 contains no substantive allegations to which an answer is required.  To the extent that an answer is required, the United States

admits that Plaintiffs have removed the allegations formerly contained in Paragraph 519 of their Fourth Amended Complaint, consistent with the Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact on Pending Motion to Dismiss Briefing, and Clarification of the Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

520.   Paragraph 520 contains no substantive allegations to which an answer is required.  To the extent that an answer is required, the United States admits that Plaintiffs have removed the allegations formerly contained in Paragraph 520 of their Fourth Amended Complaint, consistent with the Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact on Pending Motion to Dismiss Briefing, and Clarification of the Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

521.   Paragraph 521 contains no substantive allegations to which an answer is required.  To the extent that an answer is required, the United States admits that Plaintiffs have removed the allegations formerly contained in Paragraph 521 of their Fourth Amended Complaint, consistent with the Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact on Pending Motion to Dismiss Briefing, and Clarification of the Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

522.   Paragraph 522 contains no substantive allegations to which an answer is required.  To the extent that an answer is required, the United States admits that Plaintiffs have removed the allegations formerly contained in Paragraph 522 of their Fourth Amended Complaint, consistent with the Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact on Pending Motion to Dismiss Briefing, and Clarification of the Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

523.   Paragraph 523 contains no substantive allegations to which an answer is required.  To the extent that an answer is required, the United States admits that Plaintiffs have removed the allegations formerly contained in Paragraph 523 of their Fourth Amended Complaint, consistent with the Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact on Pending Motion to Dismiss Briefing, and Clarification of the Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

524.   Paragraph 524 contains no substantive allegations to which an answer is required.  To the extent that an answer is required, the United States admits that Plaintiffs have removed the allegations formerly contained in Paragraph 524 of their Fourth Amended Complaint, consistent with the Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact

on Pending Motion to Dismiss Briefing, and Clarification of the

Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

525.   Paragraph 525 contains no substantive allegations to which an answer

is required.  To the extent that an answer is required, the United States

admits that Plaintiffs have removed the allegations formerly contained in

Paragraph 525 of their Fourth Amended Complaint, consistent with the

Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact

on Pending Motion to Dismiss Briefing, and Clarification of the

Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

526.   Paragraph 526 contains no substantive allegations to which an answer

is required.  To the extent that an answer is required, the United States

admits that Plaintiffs have removed the allegations formerly contained in

Paragraph 526 of their Fourth Amended Complaint, consistent with the

Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact

on Pending Motion to Dismiss Briefing, and Clarification of the

Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

527.   Paragraph 527 contains no substantive allegations to which an answer

is required.  To the extent that an answer is required, the United States

admits that Plaintiffs have removed the allegations formerly contained in

Paragraph 527 of their Fourth Amended Complaint, consistent with the

Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact on Pending Motion to Dismiss Briefing, and Clarification of the Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

528.   Paragraph 528 contains no substantive allegations to which an answer is required.  To the extent that an answer is required, the United States admits that Plaintiffs have removed the allegations formerly contained in Paragraph 528 of their Fourth Amended Complaint, consistent with the Parties' Joint Stipulation as to the Fifth Amended Complaint, Its Impact on Pending Motion to Dismiss Briefing, and Clarification of the Bellwether Plaintiffs' Damages Claims.  *See* ECF No. 201.

529.   Paragraph 529 merely incorporates all preceding paragraphs of the Fifth Amended Complaint and contains no additional allegations to which an answer is required.  To the extent that an answer is required, the United States incorporates all of its responses to the preceding paragraphs of the Fifth Amended Complaint.

530.   The United States admits that the Navy owns Red Hill and the JBPHH public water system.  The United States further admits that the Navy is a minority member of Ohana Military Communities, LLC, but otherwise denies that it owns, occupies, or possesses JBPHH military housing. The remaining allegations in Paragraph 530 are legal conclusions to

which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

531.   The United States admits that the cited judicial ruling contains the language quoted in Paragraph 531.  To the extent that Paragraph 531 contains allegations about the legal application of that language to this case, the United States denies those allegations.

532.   The United States admits that, in some circumstances, it assumes the duties of reasonable care applicable to owners, occupiers, and possessors of land.

533.   The United States admits the allegations in Paragraph 533 to the extent set forth in the Joint Stipulation but otherwise denies them.

534.   Denied.

535.   The United States admits the allegations in Paragraph 535 to the extent set forth in the Joint Stipulation but otherwise denies them.

536.   The United States admits that the cited judicial ruling contains the language quoted in Paragraph 536.  To the extent that Paragraph 536 contains allegations about the legal application of that language to this case, the United States denies those allegations.

537.   The United States admits the allegations in Paragraph 537 to the extent set forth in the Joint Stipulation but otherwise denies them.

538.   Denied.

539.   The United States admits the allegations in Paragraph 539 to the extent set forth in the Joint Stipulation but otherwise denies them.

540.   The United States admits that, during the time period described in the Fifth Amended Complaint, the Navy controlled Red Hill and the JBPHH public water system.  The United States denies the remaining allegations in  Paragraph 540.

541.   The United States admits the allegations in Paragraph 541 to the extent set forth in the Joint Stipulation but otherwise denies them.

542.   Denied.

543.   Admitted.

544.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 544 pertaining to the nature and extent of Plaintiffs' purported injuries and therefore denies those allegations.

545.   Paragraph 545 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

546.   Paragraph 546 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

547.   Paragraph 547 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

548.   Paragraph 548 consists of legal conclusions to which no answer is required.  To the extent that an answer is required, the United States denies those allegations.

549.   The United States admits the allegations in Paragraph 549 to the extent set forth in the Joint Stipulation but otherwise denies them.

550.   The United States admits that, as a general matter, ingestion of jet fuel or its constituent chemicals can be harmful to human health, depending on numerous factors including dose, duration of exposure, and nature of exposure. The United States further admits that the final sentence of Paragraph 550 lists examples of potential exposure pathways.

551.   The United States admits that, as a general matter, ingestion of jet fuel or its constituent chemicals can be harmful to human health, depending on numerous factors including dose, duration of exposure, and nature of exposure.[5]

---

[5]     Regarding Footnote 10, the United States admits that the United States Department of Veterans Affairs ("VA") has established "a presumption of service connection for certain diseases associated with contaminants found in the early 1980's at Camp Lejeune."  The United States further admits that, to be eligible for the presumption, a veteran must meet various criteria set by the VA.

552.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 552 and therefore denies them.

553.   Denied.

554.   Denied.

555.   Denied.

556.   Denied.

557.   Denied.

558.   Denied.

559.   The United States admits that Plaintiffs have invoked the FTCA as the basis for their claims. The United States denies that the Court has subject-matter jurisdiction over all of Plaintiffs' claims.

560.   Admitted.

561.   Admitted.

562.   Admitted.

563.   The United States admits that Plaintiffs have invoked the FTCA as the basis for their claims.  The remaining allegations in Paragraph 563 are legal conclusions to which no answer is required.  To the extent that an answer is required, the United States admits those allegations to the extent set forth in the Joint Stipulation but otherwise denies them.

564.    The United States denies that the Court has subject-matter jurisdiction over all of Plaintiffs' claims.

565.    The United States admits the allegations in Paragraph 565, except to the extent that government contractors also worked at the Red Hill.

566.    Admitted.

567.    Admitted.

568.    Admitted.

569.    Admitted.

570.    Admitted.

571.    Admitted.

572.    Admitted.

573.    Admitted.

574.    Admitted.

575.    Admitted.

576.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 576 and therefore denies them.

## GENERAL DENIAL

The United States hereby generally denies each and every allegation contained in the Fifth Amended Complaint, except as expressly admitted above.

## JURISDICTIONAL ISSUES

Plaintiffs' claims are barred, either in whole or in part, by principles of federal sovereign immunity, including but not limited to those described below:

a.  The FTCA's discretionary-function exception preserves the United States' sovereign immunity with respect to some or all of the government conduct alleged in the Fifth Amended Complaint. 28 U.S.C. § 2680(a).

b.  The FTCA's misrepresentation exception preserves the United States' sovereign immunity with respect to some or all of the government conduct alleged in the Fifth Amended Complaint. 28 U.S.C. § 2680(h).

c.  The FTCA does not provide subject-matter jurisdiction insofar as Plaintiffs' claims are based upon conduct for which there is no analogous private liability under the applicable law of the place where the conduct occurred. 28 U.S.C. §§ 1346(b), 2674.

## <u>AFFIRMATIVE DEFENSES</u>

The United States raises the following affirmative defenses in response to the claims in the Fifth Amended Complaint:

### <u>FIRST DEFENSE</u>

Plaintiffs have failed to state a claim upon which relief can be granted.

### <u>SECOND DEFENSE</u>

Plaintiffs' alleged injuries were not proximately caused by negligent acts or omissions of the United States, its employees, or its agents.

### <u>THIRD DEFENSE</u>

Plaintiffs' recovery is subject to the limit on damages for pain and suffering imposed by HRS § 663-8.7 (2008).

### <u>FOURTH DEFENSE</u>

Plaintiffs' recovery is limited to the amount of their administrative claims.

### <u>FIFTH DEFENSE</u>

Plaintiffs' recovery must be offset by any medical care or other benefits that the United States has provided, or will provide, to Plaintiffs as a result of the subject matter of this action.

SIXTH DEFENSE

Plaintiffs' recover must be offset to the extent that they failed to take

reasonable opportunities to mitigate their alleged damages.

SEVENTH DEFENSE

Plaintiffs cannot recover prejudgment interest from the United States

under the FTCA.

EIGHTH DEFENSE

Plaintiffs cannot recover punitive damages against the United States

under the FTCA.

NINTH DEFENSE

Plaintiffs cannot obtain equitable relief under the FTCA.

TENTH DEFENSE

Plaintiffs cannot recover any separate amount for attorney's fees. Any

attorney's fees must be paid out of any judgment awarded.

ELEVENTH DEFENSE

The United States reserves the right to assert additional affirmative

defenses as their applicability is discovered throughout this case.

Dated:  January 25, 2024          Respectfully submitted,

                                                 J. PATRICK GLYNN
Director
CHRISTINA FALK
Assistant Director

*/s/Kenneth Haywood*
KENNETH HAYWOOD
  GA Bar No. 468020
ERIC REY
ANNA ELLISON
ROSEMARY C. YOGIAVEETIL
CAROLINE W. STANTON
MARIANNE KIES
ALANNA HORAN
LUCAS WHITE
KAILEY SILVERSTEIN
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation Section
1100 L Street, NW
Washington, DC 20005
Phone: (202) 598-3650
Email: kenneth.a.haywood@usdoj.gov

*Attorneys for Defendant*
*United States of America*

<u>CERTIFICATE OF SERVICE</u>

I certify that, on January 25, 2024, Defendant United States of America's

Answer to the Fifth Amended Complaint was served electronically on all counsel

of record in this matter through the Court's CM/ECF.


Dated:          January 25, 2024          /s/ *Kenneth Haywood*
                                          KENNETH HAYWOOD