MINUTE ORDER

CASE NUMBER:      CIVIL NO. 22-00397 LEK-KJM

CASE NAME:       Patrick Feindt, Jr. et al., vs. United States of America

JUDGE:   Leslie E. Kobayashi        DATE:        02/07/2024

COURT ACTION:  EO: COURT ORDER: GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO FILE UNDER SEAL BELLWETHER PLAINTIFFS' MEMORANDUM AND EXHIBITS 2 AND 3 IN SUPPORT OF BELLWETHER PLAINTIFFS' OPPOSITION TO THE UNITED STATES' MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF DR. STEVEN BIRD [ECF NO. 234], [FILED 2/5/24 (DKT. NO. 265)]; AND ORDERING FURTHER DOCUMENTS TO BE UNSEALED AND REDACTED

Plaintiffs file the instant motion ("Motion") seeking a court order to seal the Bellwether Plaintiffs' Memorandum in Opposition to the United States' Motion to Exclude Expert Report and Testimony of Dr. Steven Bird [ECF No. 234] ("Memorandum in Opposition"), [filed 2/5/24 (dkt. no. 264),] and portions of exhibits attached thereto, [dkt. nos. 264-3 (Exhibit 2), 264-4 (Exhibit 3),] because portions of these documents disclose the names of minor bellwether Plaintiffs, and because Exhibit 3, the Affidavit of Steven B. Bird, M.D. ("Bird Affidavit"), was previously filed under seal. Motion at 2; see Order Granting Plaintiffs' Motion to File Under Seal Exhibits in Support of its Local Rule 56.1 Concise Statement of Facts, 1/8/24 (dkt. no. 223).

As to the Memorandum in Opposition and Exhibit 2, the Motion is GRANTED. The names of minor Plaintiffs are appropriately redacted.

As to Exhibit 3, the Bird Affidavit, the Court previously erroneously ordered some portions of the Bird Affidavit to be sealed that should not have been sealed. Further, the Court previously erroneously ordered portions of a report by Dr. Steven B. Bird, dated July 24, 2023 ("Bird Report"), [dkt. no. 205-1,] and excerpts from the November 14, 2023 deposition of Dr. Bird ("Bird Deposition"), [dkt. no. 205-2,] to be redacted. See Order Granting United States' Motion to File Under Seal Exhibits in Support of its Local Rule 56.1 Concise Statement of Facts [ECF Nos. 205-1, 205-2], filed 11/30/23 (dkt. no. 208).

The Bird Affidavit, Bird Report, and Bird Deposition are subject to the same standards concerning Plaintiffs' personal identifying information and medical history that

this Court has previously ordered to be publicly filed. See Minute Order - EO: Order Denying in Part and Granting in Part United States' Motion to File Under Seal the Memorandum and Exhibits in Support of its Motion to Exclude the Expert Report and Testimony of Dr. Steven Bird, Filed 1/16/24 [Dkt. No. 238], filed 1/17/24 (dkt. no. 242).

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks and citation omitted). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." Id. at 1178-79 (brackets, citations, and internal quotation marks omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1179 (brackets, citation, and internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and internal quotation marks omitted).

As to the Bird Affidavit, Plaintiffs must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." See id. at 1178-79.

Here, Plaintiffs seek to exclude an affidavit by an expert they originally proffered in support of their opposition to Defendant United States of America's ("Defendant") motion for partial summary judgment. [Dkt. no. 221-2 (Bird Affidavit).] The motion for partial summary judgment is a motion related to the merits of the case, and thus subject to the compelling reasons standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016). In bringing this lawsuit, Plaintiffs have placed their medical conditions in issue. See Fifth Amended Complaint, filed 12/1/23 (dkt. no. 210), at ¶¶ 87-88, 91-92. Plaintiffs cannot bring this lawsuit and expect confidentiality as to their medical conditions and information that are within the scope of this lawsuit. See, e.g., Shapiro v. Hasbro Inc., Case No. 2:15–cv–02964–BRO–AJW, 2016 WL 9137526, at *3 (C.D. Cal. July 20, 2016) ("Hasbro put these documents at issue in the litigation and thus fails to [] make a particularized showing of compelling reason[s] to file these exhibits under seal."); B.F. v. Amazon.com, Inc., Case No. C19-910-RAJ-MLP, 2019 WL 4597492, at *2 (W.D. Wash. Sept. 23, 2019) ("By bringing this lawsuit against Defendants, [Plaintiffs] have put [the information sought to be sealed] directly at issue, and cannot reasonably expect filings in this case not to include details about [that information].").

Based on the foregoing, Exhibit 3, the Bird Affidavit, must be unsealed, except that:

-any medical information that goes beyond the claims made in this litigation may be redacted, but medical information related to the claims made in this litigation must be unsealed; and

-the names of minor Plaintiffs may be redacted.

As to the Bird Report and Bird Deposition, both must be unsealed and redacted in the same manner. The Bird Report and portions of the Bird Deposition were originally offered by Defendant in support of its motion for partial summary judgment. [Dkt. nos. 204, 205.] Because this was a motion related to the merits of the case, Defendant was required to meet the compelling reasons standard. Defendant failed to do so for the same reasons explained *supra* regarding the Bird Affidavit.

Therefore, the Court ORDERS Defendant to re-file docket numbers 205-1 and 205-2 with the redacted information consistent with this ruling, by no later than **February 12, 2024.** The Court ORDERS Plaintiffs to re-file docket number 264-4, the Affidavit of Steven B. Bird, M.D., with the redacted information consistent with this ruling, by no later than **February 12, 2024.**

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager