```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII

 PATRICK FEINDT, JR., et al.,      CIV. NO. 22-00397 LEK-KJM

           Plaintiffs,

      vs.

 UNITED STATES OF AMERICA,

           Defendant.
```

**ORDER GRANTING IN PART AND DENYING IN PART
THE REMAINDER OF DEFENDANT'S PARTIAL
<u>MOTION TO DISMISS FIFTH AMENDED COMPLAINT [ECF NO. 210]</u>**

Before the Court is Defendant United States of America's ("Defendant" or "United States") Partial Motion to Dismiss Fifth Amended Complaint [ECF No. 210] ("Motion"), filed on December 7, 2023. [Dkt. no. 213.] Plaintiffs filed their memorandum in opposition on January 4, 2024, and Defendant filed its reply on January 12, 2024. [Dkt. nos. 219, 228.] This matter came on for hearing on February 2, 2024. On February 14, 2024, this Court issued an order granting in part Defendant's Motion, insofar as the portions of Counts I and II alleging failure to properly test water for petroleum were dismissed with prejudice ("2/14 Order"). [Dkt. no. 275.[1]] The Court directed further briefing addressing the second prong of the discretionary function exception analysis as applied to the portion of

---

[1] The 2/14 Order is also available at 2024 WL 624021.

Count II alleging the failure to properly remediate affected homes. 2/14 Order, 2024 WL 624021 at *9. Defendant filed its supplemental brief on February 28, 2024 ("Supplemental Brief"), and Plaintiffs filed their supplemental brief in response on March 6, 2024 ("Supplemental Response"). [Dkt. nos. 288, 308.] For the reasons set forth below, the remainder of the Motion is granted in part and denied in part. The Motion is denied as to the portion of Count II regarding Defendant's alleged negligent failure to adhere to the Single Family Home Flushing Protocol and Standard Operating Procedures (collectively "SOP") during its government-personnel-conducted flushing program in Plaintiffs' homes. The Motion is granted insofar as the remaining portion of Count II alleging failure to properly remediate affected homes is dismissed with prejudice.

## BACKGROUND

This case arises out of the May 6 and November 20, 2021 fuel leaks from the United States Navy's ("the Navy") Red Hill Bulk Fuel Storage Facility on Joint Base Pearl Harbor-Hickam ("Red Hill" and "JBPHH"). [Fifth Amended Complaint, filed 12/1/23 (dkt. no. 210), at pgs. iii, 1; ¶¶ 4, 9.] Relevant to this Motion, Plaintiffs allege federal officers failed to properly remediate affected homes. [Id. at ¶ 481.j.]

Plaintiffs allege "[t]he Navy's initial flushing program asked residents to run their water, and flush toilets

2

and other devices to remove contaminants," which compounded the harm because "[s]ome residents reported that chemical fumes became overwhelming when they started flushing." [Id. at ¶ 51.] Plaintiffs contend government personnel flushing the homes did so negligently, causing further harm by leaving water damage and toxicity behind. Plaintiffs allege most flushing teams emptied water heaters into yards, adding toxins to the soil which infiltrated ground water. [Id.] Plaintiffs further allege "[t]he Navy's flushing efforts did not include replacement of plastics or water heaters. Nor did the flushing effort include scrubbing the air of the air contaminants — a common practice in remediation." [Id. at ¶ 58.] Finally, "[o]nce [Defendant] cleared neighborhoods as 'safe,' families were forced to move back into the homes that made them sick," and upon moving back into their homes many got sick and/or reported that there was fuel sediment at the bottom of water heaters and that "they continued to get burned during showers and experience[d] other symptoms." [Id. at ¶ 59.]

Defendant's Motion asks this Court to dismiss the following claims from Plaintiff's Fifth Amended Complaint for lack of subject matter jurisdiction: (1) the portion of Count II[2]

---

[2] In Count II, Plaintiffs' negligent undertaking claim, Plaintiffs allege "[f]ederal officers breached the duty to exercise ordinary care after an undertaking" because, among
(. . . continued)

alleging failure to properly remediate affected homes and (2) the portions of Counts I and II[3] alleging failure to test water samples for petroleum. Defendant argues it is entitled to sovereign immunity pursuant to the Federal Tort Claims Act's ("FTCA") discretionary function exception codified at Title 28 United States Code Section 2680(a). [Motion at 2.] The 2/14 Order dismissed with prejudice the portions of Counts I and II alleging failure to test water samples for petroleum, 2024 WL 624021, at *8, and found that the first prong of the discretionary function met regarding the portion of Count II alleging failure to properly remediate affected homes, id. at *7. This Order therefore addresses the second prong of the discretionary function exception regarding the portion of Count II alleging failure to properly remediate affected homes.

---

other things, "[o]fficers failed to properly remediate affected homes." [Fifth Amended Complaint at ¶ 481.j.]

    [3] In Count I, Plaintiffs' negligence claim, Plaintiffs allege "[f]ederal officers breached the duty to exercise ordinary care at Red Hill" because, among other things, "[o]fficers failed to test water samples for petroleum and destroyed water samples from affected homes." [Fifth Amended Complaint at ¶ 467.j.] In Count II, Plaintiffs' negligent undertaking claim, Plaintiffs allege "[f]ederal officers breached the duty to exercise ordinary care after an undertaking" because, among other things, "[o]fficers failed to test water samples for petroleum and destroyed water samples from affected homes." [Id. at ¶ 481.k.]

## **STANDARD**

Federal Rule of Civil Procedure 12(b)(1) authorizes a defendant to move for dismissal of an action for "lack of subject-matter jurisdiction[.]" "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Leite v. Crane, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation and internal quotation marks omitted). "A 'factual' attack . . . contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." Id. (citations omitted).

> "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air, 373 F.3d at 1039. The court "need not presume the truthfulness of the plaintiff['s] allegations," White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000), and may "resolve factual disputes concerning the existence of jurisdiction," McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., Dist. No. 205, 343 F.3d 1036, 1040 (9th Cir. 2003).

Shahim v. United States, Case No. 2:21-cv-02401-ODW(AGR), 2022 WL 1644440, at *2 (C.D. Cal. May 24, 2022) (alteration in Shahim) (footnote omitted). Whether the challenge is facial or factual, the government bears the burden of proving the discretionary function exception applies. Terbush v. United States, 516 F.3d 1125, 1128 (9th Cir. 2008).

When "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits," the district court uses a summary judgment standard. Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005) (quotation marks and citation omitted). "Such an intertwining of jurisdiction and merits may occur when a party's right to recovery rests upon the interpretation of a federal statute that provides both the basis for the court's subject matter jurisdiction and the plaintiff's claim for relief." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation, 524 F.3d 1090, 1094 (9th Cir. 2008) (citation omitted).

Here, Defendant attached two declarations and an exhibit to its Motion, thereby "convert[ing] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court[.]" See Safe Air for

6

Everyone, 373 F.3d at 1039 (quotation marks and citation omitted). Further, the questions pertinent to the application of the discretionary function exception – (1) were federal employees exercising discretion in conducting in-home remediation in a way that implicated policy, and (2) were federal employees exercising discretion in conducting testing the water in a way that implicated policy – are not intertwined with the merits of the claims at issue in the Motion (whether Defendant was negligent in conducting in-home remediation and testing). See Fifth Amended Complaint at ¶¶ 467.j, 481.j, 481.k. Therefore, the Motion may be properly brought as a Rule 12(b)(1) motion and need not be treated as a summary judgment motion.

## DISCUSSION

"An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity. If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction." Esquivel v. United States, 21 F.4th 565, 572–73 (9th Cir. 2021) (citations and internal quotation marks omitted).

> The FTCA generally waives the United States' sovereign immunity and permits tort suits for damages against the government "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; Esquivel v. United States, 21 F.4th 565, 572–73 (9th Cir. 2021). Specifically, the FTCA

7

> grants district courts jurisdiction over civil actions for money damages for negligent or wrongful acts or omissions of government employees acting in the scope of employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); Esquivel, 21 F.4th at 572–73.

Agustin v. United States, Civ. No. 22-00167 JMS-WRP, 2023 WL 160076, at *3 (D. Hawai`i Jan. 11, 2023) (footnote omitted). However, the United States did not waive sovereign immunity for all tort claims: the discretionary function exception of Section 2680(a) is an important exception at issue here.

"The government does not waive immunity for tort claims if the alleged tortfeasor was performing a discretionary function or duty when he or she injured the plaintiff. This is true even if the employee abused that discretion." Lam v. United States, 979 F.3d 665, 672 (9th Cir. 2020) (citing 28 U.S.C. § 2680(a)). The FTCA's discretionary function exception provides that the FTCA does not apply to

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The discretionary function exception is meant "to prevent judicial 'second-guessing' of legislative and

8

administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814 (1984). Therefore, when the discretionary function exception applies, "the United States has not waived its sovereign immunity, and the district court lacks subject matter jurisdiction over a plaintiff's claim." Lam, 979 F.3d at 672 (citation omitted). Defendant has the burden to prove the discretionary function exception applies. See id. at 673.

To determine whether the discretionary function exception bars a claim, courts use a two-part test: (1) the conduct must be discretionary, meaning it must "involve[] an element of judgment or choice"; Berkovitz v. United States, 486 U.S. 531, 536 (1988); and (2) the discretion must be "susceptible to social, economic, or political policy analysis," Whisnant v. United States, 400 F.3d 1177, 1181 (9th Cir. 2005) (citation omitted). Further,

> When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion. For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime. The focus of the inquiry is

9

> not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

United States v. Gaubert, 499 U.S. 315 (1991). Put slightly differently, "to avoid dismissal, a plaintiff must allege facts that support a finding that the government employee's negligence was not grounded in policy judgments." Lam, 979 F.3d at 674.

To meet prong two of the discretionary function exception analysis, "[t]he relevant choice must be susceptible to some consideration of social, economic, or political policy." Kim v. United States, 940 F.3d 484, 487 (9th Cir. 2019) (brackets, citation and internal quotation marks omitted). This Court must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield, namely, only governmental actions and decisions based on considerations of public policy." Id. (quotation marks and citation omitted). "The key factor in identifying judgments that are protected by the discretionary function exception is the presence of competing policy considerations that must be weighed." Nanouk v. United States, 974 F.3d 941, 949 (9th Cir. 2020) (citations and internal quotation marks omitted).

Plaintiffs claim Defendant negligently caused further harm by, among other things: carrying out its initial flushing program asking residents to run their water and flush toilets to

remove contaminants; carrying out the government-personnel-conducted flushing program; failing to replace plastics and water heaters (where water heaters led to further burns when families moved back into their homes); and failing to scrub the air of contaminants. [Fifth Amended Complaint at ¶¶ 51, 58-59.]

Defendant argues the Single Family Home Flushing Protocol and Standard Operating Procedures (collectively "SOP") accounted for competing priorities, including health of residents and government personnel conducting the flushing, time to acquire materials, and time and personnel power. See Motion, Mem. in Supp. at 10-11; id., Exh. 1 (Declaration of Commander Trevor Bingham in Support of the United States of America's Motion to Dismiss ("Bingham Decl."));[4] Bingham Decl., Exh. A (Single Family Home Flushing Plan Checklist and Standard Operating Procedures, JBPHH, O`ahu, Hawai`i, December 2021).

In its Supplemental Brief, Defendant argues Plaintiffs' allegations about the decision not to scrub the air of contaminants or to replace water heaters or piping challenge the SOP – and more specifically, why the Navy did not include those tasks within the SOP. [Supplemental Brief at 8.] For example, the SOP included measures to address possible air

---

[4] Commander Trevor Bingham was the Facilities Management Division Director of JBPHH from 2021–2022. [Bingham Decl. at ¶ 1.] From approximately December 10, 2021 to March 15, 2022, Bingham was in charge of facility flushing. [Id. at ¶ 4.]

11

contamination in residents' homes by requiring windows to be open if pets are not in that room, and to ventilate the space with blowers or fans if a fuel smell arose during the flushing process. [Bingham Decl., Exh. A at PageID.8076.] Similarly, the SOP stated to drain and refill water heaters in residences rather than replace them. [Id. at PageID.8077-78.] These decisions that the Navy made as to what to include in and exclude from the SOP "involved a balancing of considerations," including the health of Plaintiffs; the health of those conducting the flushing; available resources with which to conduct the flushing, such as personal protective equipment ("PPE") for Covid safety; and the amount of time the flushing would take. See Miller v. United States, 163 F.3d 591, 595 (9th Cir. 1998); Bingham Decl. at ¶¶ 10-11. The Navy's decisions addressing possible air contamination, treatment of water heaters, and the government-personnel-conducted flushing program as outlined in the SOP were "susceptible to some consideration of social, economic, or political policy." See Kim, 940 F.3d at 487; see also Nanouk, 974 F.3d at 948 (holding the discretionary function exception's second prong was satisfied where "the military adopted a triage system for addressing a large number of simultaneous demands on finite resources, a policy judgment that necessarily involved the weighing of competing social, economic, and political considerations").

The Navy's initial flushing program asking residents to run their water and flush toilets to remove contaminants was also susceptible to some consideration of policy, and falls within the discretionary function exception. The Navy made this request on November 30, 2021, ten days after the fuel leak. [Fifth Amended Complaint at ¶¶ 30, 37.] This initial flushing request was part of the decision to address possible wide-scale contamination in many residences, which culminated in the government-personnel-conducted flushing program, and is therefore a policy-based decision covered by the discretionary function exception. In other words, this was the first step of the eventual government-personnel-conducted flushing program and is a policy judgment of the type that the discretionary function exception was intended to protect. Cf. Schurg v. United States, 63 F.4th 826, 834 (9th Cir. 2023) ("The Forest Service's communications about its fire-suppression activities 'were part of the decision to set, and the subsequent conduct of, the burnout — which is undisputedly a policy-based decision covered by the discretionary function exception.'" (quoting Esquivel, 21 F.4th at 576)), see Welsh v. U.S. Army, No. C 08-3599 RS, 2009 WL 250275, at *4 (N.D. Cal. Feb. 3, 2009) ("Policy judgments are implicated when evaluating and responding to public health and

environmental hazards." (citation and internal quotation marks omitted)).[5]

Defendant has established that the discretionary function exception applies to the portion of Count II alleging failure to properly remediate affected homes, pursuant to the SOP. [Fifth Amended Complaint at ¶ 481.j.] Therefore, Defendant retains sovereign immunity from that portion of Count II.

Defendant only argues the discretionary function exception applies to the failure-to-remediate claim insofar as it challenges the "scope and adequacy" of the SOP. See Motion, Mem. in Supp. at 10 ("Plaintiffs appear to contend that the Navy was negligent by not remediating their homes more than what was required by the" SOP); Supplemental Brief at 2. Thus, to the extent that Plaintiffs allege the United States was negligent in departing from or failing to carry out the SOP when United States personnel carried out the government-personnel-conducted flushing program, these negligence claims are not barred by the discretionary function exception.

In their Supplemental Response, Plaintiffs contend government personnel flushing the homes did so negligently, causing further harm by leaving water damage and toxicity behind. Supplemental Response at 2, 11-12, see also Fifth

---

[5] Welsh was affirmed by the Ninth Circuit. 389 F. App'x 660 (9th Cir. 2010).

14

Amended Complaint at ¶ 51. The Ninth Circuit has held that "the **design** of a course of governmental action is shielded by the discretionary function exception, whereas the **implementation** of that course of action is not." Whisnant, 400 F.3d at 1181 (emphases in original). This "design-implementation" doctrine applies "largely in cases involving public health and safety, and in circumstances where a private party would likely be held liable for the same conduct or omission." Gonzalez v. United States, 814 F.3d 1022, 1035 (9th Cir. 2016) (citing cases). Because the instant case involves public health and safety, this doctrine applies. See Marlys Bear Med. v. U.S. ex rel. Sec'y of Dep't of Interior, 241 F.3d 1208, 1215 (9th Cir. 2001) ("The decision to adopt safety precautions may be based in policy considerations, but the implementation of those precautions is not."). Defendant has neither argued nor demonstrated that the implementation of the SOP implicated policy concerns. Implementing the SOP involved following the SOP, a straight-forward checklist, which did not leave room for discretionary decisions involving judgment or policy. In other words, Defendant has not established that the portion of Plaintiffs' claim alleging Defendant acted negligently in conducting the government-personnel-conducted flushing by not following the SOP are protected by the discretionary function exception. Instead, these actions appear to constitute a "failure to effectuate

15

policy choices already made." See Nanouk, 974 F.3d at 950 (quotation marks and citation omitted); see also Whisnant, 400 F.3d at 1183 (holding the suit not barred by the discretionary function exception when "Whisnant does not allege that the government was negligent in designing its safety inspection procedures; rather, he charges that the government was negligent in following through on those procedures to safeguard the health of employees and customers of the Bangor commissary."); Fang v. United States, 140 F.3d 1238, 1243 (9th Cir. 1998) (holding that, although general medical protocols apply to the claim of negligent rendering of CPR, the EMT's rendering of CPR "is not the type of governmental discretion which Congress wanted to immunize from liability through the discretionary function exception" because "[c]ompeting policy rationales do not dictate or influence this conduct"). Count II – to the extent that it alleges Defendant was negligent in conducting the government-personnel-conducted flushing – is a viable claim. The remainder of this claim, however, is not because it is barred by sovereign immunity.

Defendant's Motion is granted insofar as the portion of Count II alleging failure to properly remediate affected homes is dismissed, with the exception of the portion of the claim alleging Defendant failed to follow the SOP in conducting the government-conducted flushing program. Because amendment

16

cannot cure the defect in the portion of Count II alleging failure to properly remediate affected homes insofar as certain actions were not included in the scope of the SOP, this portion of Count II is dismissed with prejudice. See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." (quotation marks and citation omitted)).

## CONCLUSION

For the foregoing reasons, the remaining portion of Defendant's Partial Motion to Dismiss Fifth Amended Complaint [ECF No. 210], filed December 7, 2023, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is DENIED as to the portion of Count II regarding Defendant's allegedly negligent failure to adhere to the SOP while conducting its government-personnel-conducted flushing program in Plaintiffs' homes. The Motion is GRANTED insofar as the remaining portions of Count II alleging failure to properly remediate affected homes is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 21, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PATRICK FEINDT, JR., ET. AL. V. UNITED STATES OF AMERICA**, CV 22-00397 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART THE REMAINDER OF DEFENDANT'S PARTIAL MOTION TO DISMISS FIFTH AMENDED COMPLAINT [ECF NO. 210]