UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIV. NO. 22-00397 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT [DKT. NO. 204], AND GRANTING DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF DR. STEVEN BIRD [DKT. NO. 225]**

Before the Court is Defendant United States of America's ("Defendant" or "United States") Partial Motion for Summary Judgment ("Motion for Partial Summary Judgment"), filed on November 30, 2023. [Dkt. no. 204.] Plaintiffs filed their memorandum in opposition ("Motion for Partial Summary Judgment Opposition") on January 5, 2024. [Dkt. no. 220.] Among the exhibits Plaintiffs submitted in support of their opposition was an Affidavit of Dr. Steven Bird, dated December 28, 2023 ("Bird Affidavit"). [Dkt. no. 221-2.[1]] Defendant filed its reply on

---

[1] The Bird Affidavit is Exhibit 1 to the declaration of Kristina Baehr in support of Plaintiffs' Response to Defendants' Statement of Facts and Plaintiffs' Separate Concise Statement of Facts in Opposition to Defendant's Motion for Partial Summary Judgment [ECF No. 205] ("Baehr Declaration" and "Plaintiffs' CSOF"). [Plaintiffs' CSOF, filed 1/5/24 (dkt. no. 221), Baehr Decl., Exh. 1 (Bird Aff.).] Another version of the Bird
(. . . continued)

January 12, 2024. [Dkt. no. 229.] Relatedly, on January 9, 2024, Defendant filed its Motion to Strike Affidavit of Dr. Steven Bird ("Motion to Strike") and Plaintiffs filed their opposition on January 29, 2024 ("Motion to Strike Opposition"). [Dkt. nos. 225, 258.] These matters came on for hearing on February 22, 2024.

On February 26, 2024, this Court issued an entering order informing the parties of its summary ruling granting Defendant's Motion to Strike and granting in part and denying in part Defendant's Motion for Partial Summary Judgment, among other things. [Dkt. no. 282.] This Order supersedes that entering order. The Motion to Strike is hereby granted, and the Motion for Partial Summary Judgment is hereby granted in part and denied in part for the reasons set forth below.

## BACKGROUND

This case arises out of the May 6 and November 20, 2021 fuel leaks from the United States Navy's Red Hill Bulk Fuel Storage Facility on Joint Base Pearl Harbor-Hickam ("Red Hill" and "JBPHH"). [Fifth Amended Complaint, filed 12/1/23 (dkt.

---

Affidavit with only limited redactions was subsequently filed. See Bellwether Plaintiffs' Notice of Filing Exhibit 3 in Support of Bellwether Plaintiffs' Memorandum in Opposition to the United States' Motion to Exclude Expert Report and Testimony of Dr. Steven Bird [ECF No. 234], filed 2/9/24 (dkt. no. 269) ("Refiled Bird Aff."), Exh. 3.

2

no. 210), at pgs. iii, 1; ¶¶ 4, 9.[2]] Defendant was allegedly negligent in releasing fuel into the water supply. [Id. at ¶ 4.] Plaintiffs allege the following claims against Defendant: (1) a negligence claim ("Count I"); (2) a negligent undertaking claim ("Count II"); (3) a nuisance claim ("Count III"); (4) a medical negligence claim alleging failure to treat and delayed care ("Count IV"); (5) an infliction of emotional distress claim ("Count V"); and (6) a premises liability claim alleging breach of the duty to control force ("Count VII"). In Counts I, II and VII, Plaintiffs allege they "suffered special damages and will require testing/medical monitoring to be determined by expert testimony." [Id. at ¶¶ 470, 484, 545.] Plaintiffs further allege that "[e]ach plaintiff is also at increased risk of future medical harm and will need medical monitoring for the associated long-term illnesses." [Id. at ¶ 553.]

Plaintiffs also allege they have suffered generalized fear. See id. at ¶ 82. For example, in Count III, Plaintiffs

---

[2] At the time the Motion for Partial Summary Judgment was filed, the operative complaint was the Fourth Amended Complaint, filed June 13, 2023, [dkt. no. 121]. Subsequently, Plaintiffs filed their Fifth Amended Complaint, which omitted certain Plaintiffs' claims of medical negligence and Count VI, but is otherwise substantially the same as the Fourth Amended Complaint. See Joint Stipulation as to the Fifth Amended Complaint, Its Impact on Pending Motion to Dismiss Briefing, and Clarification of the Bellwether Plaintiffs' Damages Claims, filed 11/30/23 (dkt. no 201), Exh. A (redlined version of the proposed Fifth Amended Complaint).

allege "[t]he nuisance caused by the United States has substantially impaired the plaintiffs' use and enjoyment of their property, has caused inconvenience, decreased quality of life, physical and mental discomfort, **reasonable fear of disease**, and adverse health effects." [Id. at ¶ 491 (emphasis added).] Further, in the causation section of the Fifth Amended Complaint, Plaintiffs allege, "[b]ut for the conduct of the federal officers at Red Hill, the plaintiff families would not have suffered inconvenience, illness, economic injury, and **fear**," [id. at ¶ 549 (emphasis added),] and "each plaintiff has suffered inconvenience and life disruption, economic injury, illness, and **fear** and trauma," [id. at ¶ 552 (emphasis added)]. Plaintiffs also allege that "Patrick Feindt and his entire family . . . . reasonably fear for their medical future." [Id. at ¶ 93.]

Defendant's Motion for Partial Summary Judgment asks this Court to grant summary judgment in its favor as to Plaintiffs' claim for damages for fear of latent injuries because Plaintiffs have failed to raise a genuine issue of fact for trial as to the question of whether their degree of exposure was so high that their fear of latent injuries was "'much more of a real possibility to be feared and far more than a speculative worry.'" [Motion for Partial Summary Judgment, Mem. in Supp. at 1 (quoting Lake v. Ohana Mil. Cmtys., LLC, No. CV

4

16-00555 LEK, 2019 WL 4794536, at *24 (D. Haw. Sept. 30, 2019) (Kobayashi, J.) (quoting John & Jane Roes, 1-100 v. FHP, Inc., 985 P.2d 661, 667 (Haw.)), *vacated on other grounds*, 14 F.4th 993 (9th Cir. 2021)).]

Defendant supports its Motion for Partial Summary Judgment with Plaintiffs' report of medical toxicologist Steven Bird, M.D. ("Bird Report") and excerpts from Dr. Bird's deposition. [Def.'s Concise Statement of Facts in Supp. of Its Partial Motion for Summary Judgment ("Def.'s CSOF"), filed 11/30/23 (dkt. no. 205), Exh. A (letter dated 7/24/23 from Dr. Bird to Cindi Solomon, Esq. ("Bird Report")); id., Exh. B (transcript excerpts of Dr. Bird's 11/14/23 remote videotaped deposition ("Bird Depo.").[3]]

Plaintiffs support the Motion for Partial Summary Judgment Opposition with the Bird Report, excerpts from Dr. Bird's deposition, and the Bird Affidavit, among other evidence. [Baehr Decl., Exh. 1 (redacted version of the Bird Affidavit),

---

[3] Other versions of Defendant's Exhibits A and B with only limited redactions was subsequently filed. See Def.'s Notice of Filing Exhibits A and B, in Support of Its Local Rule 56.1 Concise Statement of Facts [ECF Nos. 205-1, 205-2], filed 2/12/24 (dkt. no. 272) ("Refiled Summary Judgment Exhibits"), Exh. A (Bird Report), Exh. B ("Bird Depo."). All subsequent references to the Bird Report refer to the version within in the Refiled Summary Judgment Exhibits.

5

Exh. 2 (Bird Report), Exh. 5 (redacted excerpts of the Bird Deposition).]

Dr. Bird submitted his Bird Report on July 24, 2023, his supplemental report on October 23, 2023, and his rebuttal and supplemental report on November 30, 2023. [Bird Report; Motion to Strike, Declaration of Caroline W. Stanton ("Stanton Decl.") at ¶ 5 (incorporating as Exh. D in support of the Motion to Strike dkt. no. 221-4, the 10/23/23 supplemental expert report of Dr. Bird ("10/23 Bird Supplemental Report")); Stanton Decl. at ¶ 6 (incorporating as Exh. E in support of the Motion to Strike dkt. no. 221-5, the 11/30/23 supplemental and rebuttal expert report of Dr. Bird ("11/30 Bird Rebuttal and Supplemental Report")).[4]] Defendant deposed Dr. Bird on November 14, 2023. [Refiled Summary Judgment Exhs., Exh. B (Bird Depo.).]

Dr. Bird opines, among other things, that Plaintiffs "have a reasonable fear of significant long term effects from their exposure to jet fuel-contaminated water," and that "[t]here is a need for medical surveillance of exposed individuals, including . . . testing." [Bird Report at 6.]

---

[4] Unredacted versions of the 10/23 Bird Supplemental Report and the 11/30 Bird Rebuttal and Supplemental Report are filed under seal at docket numbers 224-3 and 224-4, respectively.

**STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." This district court has stated: "The burden initially falls on the moving party to identify for the court those 'portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact.'" Campbell v. Dep't of Human Servs., 384 F. Supp. 3d 1209, 1216 (D. Hawai`i 2019) (quoting T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)). If the moving party carries its burden, the non-movant – here Plaintiffs – "must set forth specific facts showing that there is a genuine issue for trial." See id. (citing T.W. Elec. Serv., Inc., 809 F.2d at 630). On summary judgment, the court "view[s] the facts in the light most favorable to the nonmoving party and draw[s] all inferences in that party's favor." S.R. Nehad v. Browder, 929 F.3d 1125, 1132 (9th Cir. 2019) (citation omitted)).

**DISCUSSION**

I.  **Motion to Strike**

Defendant moves to strike the Bird Affidavit because it allegedly offers new opinions, including "Opinions on the Necessity of Dose for Toxicological Analysis," "Opinions on

7

Sampling and Modeling," and "Opinions on Concentrations of JP-5 to Which Bellwether Plaintiffs Were Exposed,"[5] that were not contained in the Bird Report or Dr. Bird's supplemental reports. Motion to Strike, Mem. in Supp. at 5-7, see generally Refiled Bird Aff. Defendant argues the Bird Affidavit contains "a detailed defense of his methodology," especially regarding dose of exposure and causation. [Motion to Strike, Mem. in Supp. at 11.] Plaintiffs, on the other hand, argue the Bird Affidavit does not contain new opinions, is not an improper supplemental opinion, and is not prejudicial. Specifically, Plaintiffs contend many of the paragraphs that Defendant moves to strike are not expert opinions but discussions of relevant evidence that Dr. Bird examined. [Motion to Strike Opp. at 22-23.] Plaintiffs rebut each paragraph cited by Defendant as "new" as in fact being a summarized version of prior reports. [Id. at 8-22.]

"District courts have the discretion to bar a party from relying on late-disclosed expert testimony at summary judgment." Furuta v. Hawaiian Airlines Inc., CIVIL NO. 19-00617 JAO-KJM, 2022 WL 3645764, at *1 (D. Hawai`i Aug. 24, 2022) (citing Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005)). Federal Rule of Civil Procedure 26(a)(2)

---

[5] JP-5 refers jet propulsion 5 jet fuel. See Bird Report at 3.

governs the disclosure of expert testimony. Experts retained to offer testimony at trial must submit a written report, which must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i), (ii). Parties "must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Additionally, Rule 26(e) permits a party to "supplement or correct" an expert's report if that party learns that the report is "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

"Rule 37(c)(1) gives teeth to th[e] [expert disclosure] requirement by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)). Rule 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, . . . unless the failure was substantially justified or is harmless." A court may not exclude evidence under Rule 37(c)(1) if the failure to disclose the information was either substantially justified or harmless. See Yeti by Molly Ltd., 259 F.3d at 1106.

9

The Bird Affidavit is an untimely supplemental expert report that cannot be considered harmless. The Bird Affidavit was executed on December 28, 2023 and filed on January 5, 2024, after the expert discovery deadline of November 20, 2023. See Third Stipulated Amended Rule 16 Scheduling Order, filed 10/30/23 (dkt. no. 192), at ¶ 8.a; see generally Refiled Bird Aff. While the Bird Affidavit purportedly contains the same information as the Bird Report, the 10/23 Bird Supplemental Report, the 11/30 Bird Rebuttal and Supplemental Report, and Dr. Bird's deposition testimony, the Bird Affidavit is phrased differently enough that this Court cannot consider the Bird Affidavit to be a mere summary of the same. Compare Refiled Bird Aff. with Bird Report; 10/23 Bird Supplemental Report; 11/30 Bird Rebuttal and Supplemental Report; Stanton Decl., Exh. F (Bird Depo.); Motion to Strike Opp., declaration by Cynthia Solomon ("Solomon Decl."), Exh. H (Bird Depo.).

To take one representative example of the problems evident in the Bird Affidavit, in paragraph 29 states: "In cases where dose is not known, it is standard practice in the field of toxicology to examine other lines of evidence in performing one's analysis including the type of symptoms, symptom severity, and consistency of the expressed symptoms with known literature." [Refiled Bird Affidavit at ¶ 29.] Plaintiffs contend Dr. Bird previously expressed this opinion in the Bird

10

Report, the 11/30 Bird Rebuttal and Supplemental Report, and during Dr. Bird's deposition. [Motion to Strike Opp. at 11-13.] However, the sources that Plaintiffs point towards do not state this opinion in a similar enough way for this Court to conclude the meaning is the same. Plaintiffs point to the following statements by Dr. Bird as being simply restated in paragraph 29 of the Bird Affidavit.

In the 11/30 Bird Rebuttal and Supplemental Report, Dr. Bird states, "reliable methodology does include consideration of all known data available including qualitative data. Those data include the use of medical records, fact sheets, interviews with the Plaintiffs, and the known facts about the water contamination discussed in the previous paragraph." [Dkt. no. 221-5 at 3.] The 11/30 Bird Rebuttal and Supplemental Report also states:

> I considered the facts known in this case and consideration of each Plaintiff's unique health history. There is ample evidence that there was an odor and sheen of fuel reported by each of the Plaintiff families; that more than 4,000 people presented for acute medical care following the jet fuel leak; that the Navy took actions to evacuate people from the base and to flush the water system with millions of gallons of water over approximately 4 months; that the symptoms of the Plaintiffs are essentially identical to what the military states are symptoms of hydrocarbon exposure; and that the [Centers for Disease Control and Prevention/Agency for Toxic Substances and Disease Registry ("CDC/ATSDR")] went on-site to study the individuals for

11

> suspected jet fuel toxicity. Those facts are all consistent with a significant exposure.

[Dkt. no. 224-4 (filed under seal) at 3.]

Plaintiffs also rely on the following passages from the Bird Report:

> The Bradford Hill term of consistency refers to the concept that studies done in different populations or that studies of different designs (for instance, in vitro tests and epidemiologic tests) yield similar results. This criterion is also met in that studies utilizing varied in vitro, animal studies, and human studies consistently demonstrate adverse health effects in various organ systems utilizing various outcome measures. Furthermore, of note is that the CDC/ATSDR September 2022 follow up survey found that 80% of those who responded to the survey self-reported they were still experiencing health symptoms.

[Bird Report at 72-73 (citation omitted).]

> My conclusion that the 16 [sic] Plaintiffs received a sufficient toxicological exposure to JP-5 to cause the harms enumerated above is supported by interviews with each of these Plaintiffs, each of their medical records, the testimony of Dr. Oh, Brewer's report, and the reports of Rosenfeld, Keller, Andruska, Vargo, and Clark. Furthermore, the fact of this sufficient toxicological dose is corroborated by multiple additional lines of evidence: . . . (6) the fact that the CDC's surveys and medical record reviews report similar acute and long term symptoms to those experienced by the Plaintiffs.

[Id. at 77.]

Finally, Plaintiffs point to Dr. Bird's deposition testimony, in which he testifies he assessed Plaintiffs in the same way he assesses patients in his clinical practice, by

12

considering the circumstances of what happened, the individual's complaints and findings, exposure if known, and available medical data if available, speaking to the patient and their family members, review labs and records, and what medications they take. [Solomon Decl., Exh. H (Bird Depo.) at 371-73.]

Although the excerpts cited above demonstrate that Dr. Bird's reports and testimony relate to how Dr. Bird determined Plaintiffs were exposed to contaminants, what methodology he used to make these determinations, and what "reliable methodology" consists of, nowhere does Dr. Bird explicitly state it is "standard practice" "in cases where dose is not known" to examine other lines of evidence. Dr. Bird states what he himself does when evaluating his own patients, what he did when evaluating Plaintiffs, and that "reliable methodology" includes consideration of data including "medical records, fact sheets, interviews with the Plaintiffs, and the known facts about the water contamination discussed in the previous paragraph." [11/30 Bird Rebuttal and Supplemental Report (dkt. no. 221-5, filed under seal) at 3.] While this Court notes this difference is not extreme, it is substantial enough to expand upon the opinions Dr. Bird previously gave through his reports and deposition testimony. Further, this Court notes the wording of the Bird Affidavit appears related to the alleged flaws with Dr. Bird's opinions that the United

13

States highlights in its Motion for Partial Summary Judgment. Although this will be discussed in more detail *infra*, in its Motion for Partial Summary Judgment, Defendant points out alleged inadequacies with the Bird Report – primarily concerning his lack of quantitative evaluation of dose. See, e.g., Motion for Partial Summary Judgment, Mem. in Supp. at 7-10.] The Bird Affidavit, though similar to Dr. Bird's reports and testimony, appears to be worded, at least in parts, to respond to the alleged flaws that Defendant identifies in its Motion for Partial Summary Judgment. Therefore, Plaintiffs do not meet their burden of demonstrating that the differences between the Bird Affidavit and Dr. Bird's reports and testimony are harmless. See Fed. R. Civ. P. 37(c)(1).

This Court grants Defendant's Motion to Strike and excludes the Bird Affidavit as an impermissible supplemental expert report pursuant to Rule 37(c)(1). Accordingly, the Bird Affidavit is stricken.

Although this Court will not consider the Bird Affidavit in ruling on the Motion for Partial Summary Judgment, this Court will consider Dr. Bird's reports and deposition testimony. See FNBN-RESCON I LLC v. Ritter, No. 2:11-cv-1867-JAD-VCF, 2014 WL 979930, *5 (D. Nev. Mar. 12, 2014) ("[F]or an expert opinion to be considered on summary judgment, it must be accompanied by a proper affidavit or deposition testimony[.]").

14

## II. **Motion for Partial Summary Judgment**

Defendant argues it is entitled to summary judgment as to Plaintiffs' claim for damages for fear of latent injuries because Plaintiffs have failed to present expert testimony that raises a genuine issue of fact of trial as to the question of whether their degree of exposure was so high that their fear of latent injuries was "much more of a real possibility to be feared and far more than a speculative worry." [Motion for Partial Summary Judgment, Mem. in Supp. at 1 (citation omitted).] Defendant argues there is no genuine issue of fact for trial as to this claim because Plaintiffs cannot establish causation due to Dr. Bird's failure to properly consider dosage. [Id. at 7-10.] Defendants also note Dr. Bird stated in his deposition that he is not opining that any of the bellwether Plaintiffs will, to a reasonable degree of medical probability, develop a future, latent health effect from their exposure to JP-5 in their drinking water. Further, Defendant argues Dr. Bird does not quantify the increased risk of latent health effects Plaintiffs are at risk of, nor does he specify precisely which health effects Plaintiffs are at increased risk of developing. [Id. at 10-11.]

The Motion for Partial Summary Judgment is granted as to Plaintiffs' request for special damages for testing and medical monitoring for future medical injury. Under Hawai`i law,

15

expert testimony to establish causation for an increased risk of latent injury claim is required because determining causation in such an instance requires specialized knowledge. Expert testimony is necessary because whether Plaintiffs will require medical monitoring for future medical injury requires "specialized knowledge." See Fed. R. Evid. 702(a); Exotics Hawaii-Kona, Inc. v. E.I. du Pont de Nemours & Co., 116 Hawai`i 277, 300, 172 P.3d 1021, 1044 (2007) ("Clearly, a jury of lay persons generally lacks the knowledge to determine the factual issues of medical causation . . . ."). "Expert testimony is necessary . . . where an injury is subjective in character and of such nature that a layperson cannot with reasonable certainty know whether there will be future pain and suffering." Larsen v. Pacesetter Sys., Inc., 74 Haw. 1, 44–45, 837 P.2d 1273, 1295 (1992) (citation omitted). When an injury is not "objective," such that "it would not be plainly apparent to a layperson" that a medical condition will occur in the future, "expert testimony [i]s necessary to establish a reasonable probability of future pain and suffering." Id. at 45, 837 P.2d at 1295.

However, this Court has excluded Dr. Bird's opinions that "the dose and duration of JP-5 exposure were sufficient to cause long-term injuries; that studies support that exposure to jet fuel can result in long-term health effects to various organ systems; that many Plaintiffs are experiencing or have

16

experienced long-term effects from the JP-5 exposure; and that there is a need for medical surveillance of exposed individuals[.]" [Order Granting in Part and Denying in Part Defendant's Motion to Exclude the Expert Report and Testimony of Dr. Steven Bird, [Filed 1/16/24 (Dkt. No. 234)], filed 4/9/24 (dkt. no. 410) at 20. Plaintiffs do not offer opinions regarding long-term injuries or the need for medical monitoring from other experts in support of their opposition to the Motion for Partial Summary Judgment. See generally Plaintiffs' CSOF.

Viewing the record in the light most favorable to Plaintiffs and drawing all inferences in favor of Plaintiffs, Plaintiffs fail to present sufficient evidence to raise a genuine issue of material fact as to Plaintiffs' increased risk of latent injury and corresponding need for medical monitoring and testing. See Fed. R. Civ. P. 56(a). Summary judgment is therefore granted in favor of Defendant as to Plaintiffs' claims for special damages for testing and medical monitoring.

As to Plaintiffs' claim for emotional distress due to fear of future injury, the Motion is denied. Plaintiffs need not submit expert testimony as to the reasonableness of their fear. Instead, Plaintiffs may testify as to their generalized fear of adverse health effects based on personal knowledge. See Lake, 2019 WL 4794536, at *23 (The plaintiffs "would be allowed to testify about the generalized fear of adverse health effects

that they experienced after they learned about the [organochlorinated pesticide] levels in the soil at [Kaneohe Marine Corp Base Hawaii]. The experience of such fear is within [the p]laintiffs' personal knowledge, and the description of such fear does not require specialized knowledge." (citation omitted)); see also Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). As such, Defendant has not carried its burden of demonstrating there is no genuine issue of material fact regarding Plaintiffs' claim for fear of future injuries. Defendant has not shown that Plaintiffs "cannot produce admissible evidence to support the fact" of their emotional distress. See Fed. R. Civ. P. 56(c)(1)(B). Summary judgment on this claim is therefore improper.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike the Affidavit of Dr. Steven Bird, filed January 9, 2024, is HEREBY GRANTED. The Affidavit of Dr. Steven Bird, [dkt. no. 269-1, originally filed at dkt. no. 221-2,] is STRICKEN. Defendant's Partial Motion for Summary Judgment, filed November 30, 2023, is HEREBY GRANTED IN PART AND DENIED IN PART. Defendant's Partial Motion for Summary Judgment is GRANTED insofar summary judgment is granted in favor of Defendant as to

Plaintiffs' claim for special damages for medical monitoring and testing. Defendant's Partial Motion for Summary Judgment is DENIED as to Plaintiffs' claim for fear of future injury.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, April 10, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PATRICK FEINDT, JR., ET AL. VS. UNITED STATES OF AMERICA; CV 22-00397 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT [DKT. NO. 204], AND GRANTING DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF DR. STEVEN BIRD [DKT. NO. 225]**