

Letter

**U.S. Department of Justice**
**Civil Division**

---

Honorable Kenneth J. Mansfield                April 10, 2024
300 Ala Moana Boulevard
Honolulu, HI 96850

      **Re:**    *Feindt v. United States*, **1:22-cv-397-LEK-KJM**
             **Request for Emergency Status Conference**

Dear Judge Mansfield:

     The United States respectfully requests an immediate status conference to address Plaintiffs' submission of previously undisclosed expert opinions in the trial declarations of Dr. Steven Bird (ECF No. 383), Cynthia Fricke (ECF No. 399), Margot Burns (ECF No. 403), Garrett Hoe (ECF No. 404), and Ernie Lau (ECF No. 385).  The United States intends to seek exclusion of these new opinions, and, given the urgency of the upcoming trial date, wishes to seek the Court's guidance on timing and procedure for such a request. The parties met and conferred on April 10, 2024, and were unable to reach resolution.  Plaintiffs oppose the United States' request to submit these issues to the Court.

     The United States previously brought a motion to strike Dr. Bird's affidavit in support of Plaintiffs' Opposition to the United States' Motion for Partial Summary Judgment on the basis that it contained new expert opinions.  *See* ECF No. 225. The Court issued a preliminary ruling granted that motion on February 26, 2024, finding that "the Bird Affidavit constitutes an impermissible supplement to the Bird Report." *See* ECF No. 282 at 3-4; *see also* ECF No. 411 at1 4 (setting forth Court's final order which notes that the Bird Affidavit "appears to be worded, at least in parts, to respond to the alleged flaws that Defendant identifies in its Motion for Summary Judgment"). During the hearing, the Court engaged in a discussion with Plaintiffs' counsel regarding the process for supplementing expert reports:

> **MR. HOSODA**:  But this report was done, I believe, in July and then there was a supplemental, and here we are, now it is February. Obviously things have gone on. Much has gone on both at Red Hill as well as with new reports, new testimony, new registries, new people, additional data on things that are occurring and will occur right up until the time of trial. How do we handle that?

> **THE COURT**: Well, I think Rule 26 provides for that, right? Rule 26(c) refers to supplemental reports, you know, and so forth. But like all things, you know, all good things must come to an end at some point. You know, we have the trial, so you're not going to be doing discovery up to the end of the trial. You know, I would defer to Judge Mansfield who knows the discovery issues much more than myself, and I don't want to contradict or do something out of ignorance that he is already familiar with. But if you have discovery issues because of new information or discovery you feel that, you know, needs to be incorporated into Dr. Bird's opinion, for instance, you know, I think Rule 26(c) or I would certainly suggest a meeting with the magistrate judge to discuss the issue, see if all parties can come to an agreement … I don't think I'll weigh in with regard to that, you know, whether or not they should be supplemented or be permitted to be supplemented. I will leave that fine issue to Judge Mansfield and hopefully counsel can have a discussion and maybe come to an agreement with regard to that.

Feb. 22, 2024 Hr'g Tr. 13:7-14:6.

Despite apparent intent to supplement expert reports dating back to at least February 22, 2024, Plaintiffs did not follow Judge Kobayashi's recommendation and seek to supplement their expert reports. Instead, Plaintiffs provided substantive changes to their expert opinions in their trial declarations, filed on April 8, 2024:

<u>Dr. Bird</u>

Dr. Bird's Trial declaration includes verbatim language from the Bird Affidavit that was previously stricken by Judge Kobayashi as an impermissible supplement. *Compare e.g.*, Bird Decl. ¶¶ 81-86 *with* Bird. Aff. ¶¶ 26-29 (regarding why calculation of dose is not necessary); Bird Decl. ¶ 79 *with* Bird. Aff. ¶ 24 (regarding the reliability of TOC testing); Bird Decl. ¶ 87(j) *with* Bird. Aff. ¶ 30 (j) (regarding reliance on specific water concentration calculations performed by Dr. Paul Rosenfeld, and the import of those calculations for Plaintiffs' exposure); Bird Decl. ¶ 87 *with* Bird. Aff. ¶ 30 (regarding bases for Dr. Bird's opinions, several of which are not in his reports, including a report by the Navy Marine Corps Public Health Center regarding the initial health response to the November 20, 2023 fuel spill, (Bird Decl. ¶ 87(g); Bird Aff. ¶¶ 30(f)) the defueling of the Red Hill Bulk Fuel Storage Facility, Bird Decl. ¶ 87(n); Bird Aff. ¶ 30(m). These are the very

Hon. Kenneth J. Mansfield
April 10, 2024
Page - 3 -

same paragraphs that the United States highlighted in its prior motion to strike, which the Court agreed were improper supplemental opinions. *See* ECF No. 225-1 at 6-7; ECF No. 411 at 7; 10-13.

Plaintiffs have declined to withdraw these impermissible supplemental opinions, and the United States intends to move to strike these new opinions in accordance with the Court's prior order, ECF No. 411.[1]

<u>Ms. Fricke, Ms. Burns, and Mr. Hoe</u>

Plaintiffs' life care planners Ms. Fricke and Ms. Burns attached wholly new life care plans to their expert declarations. *See* Burns Decl. Att. A-O; Fricke Decl. Att. C-F (attaching revised life care plans dated April 5, 2024). While many of these changes relate to recommendations of Dr. Bird that have now been excluded, *see* ECF No. 410 at 22, these updated life care plans also updated the costing regarding care recommended by other experts. Mr. Hoe has, in turn, provided new future care costs. *See* Hoe Decl. Att. D-GG (attaching costing dated April 8, 2024).

Plaintiffs' failure to follow Fed. R. Civ. P. 26(c) by supplementing their expert reports outside of trial testimony has prejudiced the United States. These late disclosed expert opinions are neither substantially justified nor harmless. Fed. R. C. P. 37(c)(1). Over 45 days ago, the Court notified Plaintiffs that revising expert opinions would require supplementation under Federal Rule of Civil Procedure 26. *See supra* at 1. Plaintiffs waited until after their deadline to

---

[1] Dr. Bird's declaration also offers new opinions regarding his recommendations for medical treatment, including new explanations for why the medical monitoring he previously recommended should be considered treatment and wholly new treatment recommendations for several plaintiffs. *See* Bird. Decl. ¶ 140. Specifically, Dr. Bird states that because of the "Court Order in this case excluding opinions on Medical Surveillance, I have restated for clarity and updated my recommendations for the Plaintiff's reasonably necessary ongoing care based on each Plaintiff's current medical records" and provided these recommendations to Plaintiffs life care planners on April 4 and April 5, 2024 Bird Decl. ¶ 135. While these also constitute impermissible supplemental expert opinions under Federal Rules of Civil Procedure 26(e) and 37(c)(1), these opinions are now moot in light of the Court's order excluding Dr. Bird's opinions on causation of long-term adverse effects from JP-5 exposure, future care needs, and medical surveillance. *See* ECF No. 410.

supplement had passed (March 29, 2024, Fed. R. Civ. P. 26(e)(2)) and 3 weeks before the start of trial to do so. Among other things, this late disclosure prevented the United States' experts from responding to these new opinions in their own trial declarations.

Plaintiffs "disagree to the characterization of their updates as untimely and entirely new life care plans and reports." April 10, 2024 Email from M.Neusel. Nonetheless, they have agreed to "allow Erick West to amend his declaration in response to any updated recommendations by Tuesday, April 23rd." *Id.* We request the Court's permission to update Erick West's trial declaration.

### Mr. Lau, Dr. DeNovio, and Dr. Norfleet

In the declaration they submitted on behalf of Mr. Lau, Plaintiffs seek to introduce the expert testimony of not only Mr. Lau, Lau Decl. ECF Nos. 385 ¶¶ 19, 23, 25, 26, 29, 31, 32, 42, 43; 385-6; 385-13; 385-14; 385-17, but also two additional individuals who are not declarants, *id.* ¶ 11 (expert report of Dr. DeNovio), ¶ 35 (Dr. Norfleet); 385-2 (19-page expert report of Dr. DeNovio); 385-15 (130-page expert testimony of Dr. Norfleet).[2]

Plaintiffs did not, however, list Mr. Lau, Dr. DeNovio, or Dr. Norfleet on their expert disclosures. ECF Nos 139 & 154. Therefore, they are prohibited from offering their Rule 702 testimony at trial. *See* ECF No. 411 at 9 ("Rule 37(c)(1) gives teeth to the expert disclosure requirement by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.") (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001)).

Plaintiffs have declined to withdraw the previously undisclosed expert testimony of Mr. Lau, Dr. DeNovio, and Dr. Norfleet, and the United States intends to move for its exclusion.

Respectfully submitted,

*/s/ Caroline W. Stanton*

Caroline W. Stanton
Trial Attorney, U.S. Department of Justice

---

[2] Plaintiffs also attached an 89-page legal brief, ECF No. 385-16, which the United States will handle separately through exhibit objections.