UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., et al., | CIV. NO. 22-00397 LEK-KJM |
| Plaintiffs, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE NO. 1, [FILED 2/26/24 (DKT NO. 278)]**

On February 26, 2024, Defendant United States of America ("Defendant") filed its Motion in Limine No. 1: Exclude Improper Treating-Provider Evidence ("Def.'s MIL #1") seeking to exclude Dr. Jason Keifer's testimony about treatment of Plaintiff Richelle Dietz ("Dietz") and Dr. Keifer's additional causation opinions. [Dkt. no. 278.] In other words, Defendant seeks to exclude Dr. Keifer's testimony as a treating physician as well as an expert witness. Defendant also seeks to exclude expert testimony by Dr. Steven Bird, Ms. Margot Burns, and Ms. Cynthia Fricke to the extent that they merely repeat opinions by treating physicians that are contained in medical records. [Def.'s MIL #1, Mem. in Supp. at 5-16.]

1

Plaintiffs filed their opposition on March 4, 2024 and argue that the parties stipulated that Plaintiffs' experts would be able to rely on medical records, including the diagnoses of treating providers, in reaching their opinions; that Dr. Bird reviewed Plaintiffs' medical records in addition to many other sources in reaching his general and specific causation opinions, and independently reached his opinions on the medical conditions suffered by Plaintiffs; and that Ms. Burns and Ms. Fricke did not form independent opinions concerning diagnoses or medication and thus the motion is moot as to these experts. Lastly, as to Dr. Keifer, Plaintiffs aver that they have withdrawn him as an expert and he will not testify as to treatment opinions. See Bellwether Plaintiffs' Memorandum in Opposition to the United States' Motion *in Limine* No. 1: Exclude Improper Treating-Provider Evidence [ECF No. 278], filed 3/4/24 (dkt. no. 296) ("Mem. in Opp.") at 8-18.

As a preliminary matter, the Court notes that "[a] motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). This Court is afforded broad discretion in adjudicating motions in limine. See Desire, LLC v. Manna Textiles, Inc., 986 F.3d 1253, 1259 (9th Cir. 2021) (stating a district court's rulings

2

on motions in limine are reviewed for abuse of discretion). "However, *in limine* rulings are not binding" and the Court "may always change [its] mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 n.3 (2000) (citation omitted). Thus, motion in limine rulings are always provisional.

**I.   Treating Physician Testimony**

> It is well-settled that all tort claims require that damages be proven with reasonable certainty. See, e.g., Weinberg v. Mauch, 78 Hawai`i 40, 50, 890 P.2d 277, 287 (1995) ("[I]t is of the essence in an action . . . that the plaintiff suffer damages as a consequence of the defendant's conduct, and these damages cannot be speculative or conjectural losses." (Internal quotation marks and citation omitted.)); see also Roxas v. Marcos, 89 Hawai`i 91, 141 n. 33, 969 P.2d 1209, 1259 n. 33 (citing a collection of cases for the same proposition).

Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai`i 277, 292, 172 P.3d 1021, 1036 (2007). Hawai`i requires a plaintiff provide sufficient evidence to show that future medical expenses are necessary and the charges are reasonable. Condron v. Harl, 46 Haw. 66, 76, 374 P.2d 613, 619 (1962) (deciding there was insufficient evidence to show with reasonable certainty that plaintiff's condition would require future medical care).

Treating physicians are exempt, however, from Federal Rule of Civil Procedure 26(a)(2)(B)'s disclosure of a separate

3

report requirement. Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 819 (9th Cir. 2011). This exemption from the written report requirement is only as to opinions formed during the course of treatment. Id. Treating physicians are required to furnish a Rule 26(a)(2)(B) report when they morph "into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony." Id. at 819-20. "As a general rule, a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries." Shapardon v. W. Beach Ests., 172 F.R.D. 415, 417 (D. Hawai`i 1997). Causation, future care and extent of disability are part of the ordinary care of a patient. Arneson v. Michigan Tissue Bank, No. CV 05-189-M-JCL, 2007 WL 4698986, at *10 (D. Mont. Mar. 26, 2007) (quoting Piper v. Harnischfeger Corp., 170 F.R.D. 173, 174-75 (D. Nev. 1997)).

Dr. Keifer can testify to opinions formed during Dietz's treatment regarding causation and future treatment so long as records of his care of Dietz support such opinions. Said another way, he cannot opine as to causation and future treatment if those opinions are not supported by his medical records of his treatment and care of Dietz.

**II.  Dr. Bird, Ms. Burns and Ms. Fricke**

Defendant argues that Plaintiffs' toxicologist expert, Dr. Bird, and life care planning experts, Ms. Burns and Ms. Fricke, are improperly repeating opinions from treating providers and must be excluded because this type of testimony is not permissible.

Expert testimony is admissible if

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed R. Evid. 702. Moreover,

> [a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703. The facts or data upon which expert opinion is based may be derived from three possible sources: (1) "the

5

firsthand observation of the witness with opinions based thereon traditionally allowed"; (2) "presentation at trial[]"; and (3) "presentation of data to the expert outside of court and other than his own perception." Rule 703, advisory committee's notes to 1972 proposed rules. Where an expert reasonably relies on inadmissible information to form an opinion or inference, the trial court must consider a balancing test and determine whether the probative value substantially outweighs its prejudicial effect. Rule 703, advisory committee's notes to 2000 amendment.

"An expert can rely on information reasonably relied upon by experts in their fields, Fed. R. Evid. 703, but must be more than a conduit or transmitter for testimonial hearsay." United States v. Shih, 73 F.4th 1077, 1098 (9th Cir. 2023) (quotation omitted); San Francisco Baykeeper v. City of Sunnyvale, 627 F. Supp. 3d 1085, 1101 (N.D. Cal. 2022) (citing United States v. Tran Trong Cuong, 18 F.3d 1132, 1143 (4th Cir. 1994) (expert witness may rely on admissible opinions of other experts but cannot merely copy or parrot another expert's report)).

Where Dr. Bird, Ms. Burns and Ms. Fricke would, in their fields of expertise, reasonably rely on facts or data in applying their individual specialized knowledge to help the trier of fact understand the evidence or determine a fact, then

6

these expert witnesses (once qualified) are permitted to testify as to their opinions or conclusions. "In technical fields such as the field of medicine, it is common for one expert to rely on the opinion of another." Aoki v. MobileHelp, LLC, Civ. No. CV 20-00464 HG-RT, 2022 WL 972419, at *3 (D. Hawai`i Mar. 31, 2022) (citations omitted). Experts cannot, however, merely repeat opinions or conclusions of other experts as their testimony. Id. at *4 ("Rule 703 does not permit expert witnesses to circumvent hearsay rules by solely testifying about the opinions of other experts.") In other words, Dr. Bird, Ms. Burns and Ms. Fricke can testify about facts and data (including opinions contained in other expert witness reports) reasonably relied upon in their respective fields but only to the extent that each applied their specialized knowledge in arriving at their opinion. They are not permitted to deliver conclusions from other expert witnesses' reports as their trial testimony.

    A.    **Dr. Bird**

Dr. Bird has testified that he has not examined any of the plaintiffs but is relying solely on his review of their medical records and information to arrive at "his specific causation opinion . . . to determine which health effects, if any, were caused or worsened as a result of each Plaintiff's exposure to JP-5 fuel . . . ." Mem. in Opp. at 10, see id. at

7

11. Defendant argues that Dr. Bird has not formed any independent opinions on diagnoses but is merely parroting the diagnoses stated by treating physicians in medical records. [Def.'s MIL #1, Mem. in Supp. at 13.] Dr. Bird does not provide any medical diagnoses for the plaintiffs in his July 23, 2023 expert report. [Mem. in Opp., Exh. B (Report of Steven B. Bird, MD FACEP FACMT, dated 7/24/23).] Therefore, he cannot permissibly give opinion testimony about the diagnosis of any medical conditions since he did not conduct an independent analysis of each plaintiff's medical conditions and provide a diagnosis for each of them in his expert report. Expert testimony as to diagnosis, prognosis, extent of disability or other matters based on treatment of the individual plaintiff must come from their treating physicians.

Defendant's MIL No. 1 is GRANTED IN PART in that Dr. Bird is not permitted to testify about Plaintiffs' diagnoses and prognoses. It is DENIED IN PART as to his opinions on causation to the extent previously ruled upon by this Court. See Order Granting in Part and Denying in Part Defendant's Motion to Exclude the Expert Report and Testimony of Dr. Steven Bird,

8

[Filed 1/16/24 (Dkt. No. 234)], filed 4/9/24 (dkt. no. 410) ("4/9 Order").[1]]

### B.  Ms. Burns and Ms. Fricke

If Ms. Burns and Ms. Fricke in their field of life care planning rely on medical records containing the diagnosis and prognosis of medical conditions, and medication or other treatment as a basis to apply their expertise in providing a life care plan, and it is demonstrated that this is a reasonable practice relied upon by experts in their field, then Ms. Burns and Ms. Fricke are permitted to testify about the diagnoses and prognoses that they considered and used as assumptions in rendering their opinions as to life care planning. Defendant's MIL No. 1 is DENIED as to Ms. Burns and Ms. Fricke for these reasons.

## III. Witness Disclosures

On September 15, 2023, Plaintiffs filed their amended designation of expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2). [Plaintiffs' First Amended Designation of Testifying Expert Witnesses (dkt. no. 169) ("9/15 Expert Witness Designation")]. Subsequently, on September 26, 2023, the parties filed a stipulation regarding the disclosure of

---

[1] The order is also available at 2024 WL 1532747.

9

Plaintiffs' medical providers, stating that the only medical provider witnesses that Plaintiffs "will rely upon or otherwise use for Any Litigation Purpose in the First Bellwether Proceeding will . . . identified in [the 9/15 Expert Witness Designation]." [Stipulated Order Concerning Plaintiffs' Rule 26(a) Disclosures and Plaintiffs' Agreement Not to Rely on Certain Medical Providers; Order filed 9/26/23 (dkt. no. 179) ("9/26 Stipulated Order"), at ¶ 1.] "Medical Provider" is defined as "any person who at any time (now or in the future) has provided, opined on, or otherwise has been involved in Plaintiffs' medical, physical, emotional . . . or other specialized healthcare treatment . . . ." [Id. at ¶ 2.] The 9/26 Stipulated Order includes Dr. Bird, Dr. Keifer, Ms. Fricke, and Ms. Burns as witnesses. [9/15 Expert Witness Disclosure at ¶¶ 4,8, 11 and 12.]

Parties have an obligation to make initial disclosures pursuant to Rule 26(a)(1), which provides in relevant part:

> **(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> > **(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its

10

>claims or defenses, unless the use would be solely for impeachment;
>
>**(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
>**(iii)** a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
>**(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

There are also requirements for expert testimony disclosures, pursuant to Rule 26(a)(2)(A)-(E), and pretrial disclosures, pursuant to Rule 26(a)(3)(A)-(B). Here, the parties essentially stipulated that the medical provider witnesses that will testify at trial are limited to those listed in the 9/15 Expert Witness Disclosure. "'Because stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent.'" Chi-

11

Fu Hsueh v. Bankers Life & Cas. Co., 421 F. Supp. 3d 937, 944 (S.D. Cal. 2019) (quoting CDN Inc. v. Kapes, 197 F.3d 1256, 1258 (9th Cir. 1999)). The medical provider witnesses are therefore limited to those listed in the expert witness disclosure. In other words, any medical provider not listed in the expert disclosure cannot testify at trial.

Dr. Keifer was disclosed in the 9/15 Stipulated Expert Witness Disclosure and thus he may testify about his opinions, including those involving Diez's treatment, care, diagnosis, and prognosis.

Dr. Bird was disclosed in the 9/15 Stipulated Expert Witness Disclosure and thus he may testify about his opinions on short-term causation of medical conditions but not, as set forth more fully above, as to diagnosis and prognosis of any of the Plaintiffs' medical conditions.

Ms. Burns and Ms. Fricke were disclosed in the 9/15 Stipulated Expert Witness Disclosure and thus they may testify about their opinions on life care planning and, if it is first demonstrated that experts in their fields rely on medical records and the diagnoses and prognoses contained in those records to base their life care planning analysis, then they may testify about hearsay information that they relied upon in arriving at their opinions. However, while Ms. Burns and Ms.

12

Fricke may testify about information contained in medical records to form their life care planning opinions, this does not mean that the truth of the medical records (i.e., diagnosis, treatment, medical expenses, and prognosis) has been proven because these expert witnesses are relying on hearsay. The truth of any diagnosis, treatment, and prognosis for any individual plaintiff must be established by a qualified witness with first-hand knowledge (such as a treating physician) or through other evidence that is an exception to the hearsay rule. See Fed. R. Evid. 801(c), (d). As previously stated, Hawai`i law requires that damages in tort claims must be proven with reasonable certainty and thus Plaintiffs must demonstrate admissible evidence of injury.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion in Limine No. 1: Exclude Improper Treating-Provider Evidence, filed on February 26, 2024 is HEREBY GRANTED IN PART AND DENIED IN PART. Defendant's MIL No. 1 is GRANTED IN PART insofar as Dr. Keifer cannot opine as to causation and future treatment if those opinions are not supported by his medical records of his treatment and care of Dietz. Defendant's MIL No. 1 is DENIED IN PART insofar as Dr. Keifer can testify to opinions formed during Dietz's treatment regarding causation and future treatment so

long as records of his care of Dietz support such opinions. Defendant's MIL No. 1 is GRANTED IN PART in that Dr. Bird is not permitted to testify about Plaintiffs' diagnoses and prognoses. It is DENIED IN PART as to Dr. Bird's opinions on causation to the extent previously ruled upon by this Court. Defendant's MIL No. 1 is GRANTED IN PART insofar as Ms. Burns and Ms. Fricke are not permitted to deliver conclusions from other expert witnesses' reports as their trial testimony. Defendant's MIL No. 1 is DENIED IN PART insofar as Ms. Burns and Ms. Fricke are permitted to testify about the diagnoses and prognoses that they considered and used as assumptions in rendering their opinions as to life care planning.

      IT IS SO ORDERED.

      DATE AT HONOLULU, HAWAII, April 22, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PATRICK FEINDT, JR., ET AL. VS. UNITED STATES OF AMERICA; CV 22-00397 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE NO. 1, [FILED 2/26/24 (DKT NO. 278)]**