UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIV. NO. 22-00397 LEK-KJM |

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 2: EXCLUDE EVIDENCE RELATED TO NEGLIGENT OPERATION OF THE RED HILL BULK FUEL STORAGE FACILITY, [FILED 2/26/24 (DKT. NO. 280)]**

Defendant United States of America ("Defendant") seeks to exclude evidence of Defendant's operation of the Red Hill Bulk Fuel Storage Facility prior to November 20, 2021 because that conduct is not in dispute between the parties given Defendant has admitted it had a duty to use reasonable care in operating and maintaining the facility, and that it breached this duty, which resulted in fuel releases on May 6, 2021 and November 20, 2021. See Def.'s Motion in Limine No. 2: Exclude Evidence Related to Negligent Operation of the Red Hill Bulk Fuel Storage Facility, filed 2/26/24 (dkt. no. 280) ("Def.'s MIL No. 2"). Defendant argues that the remaining contested issues are "the Navy's conduct after the November 2021 fuel release, as

well case the cause, nature, and extent of the Bellwether Plaintiffs' claimed injuries." [Id. at 1.]

Plaintiffs oppose Defendant's MIL No. 2 and argue that evidence of what occurred before November 20, 2021 is relevant to the issues of "undertakings, foreseeability, and awareness of the risk that are elements of proof for the Plaintiffs' live causes of action." [Pltfs.' Memorandum in Opposition to Def.'s MIL No. 2, filed 3/4/24 (dkt. no. 295) ("Mem. in Opp.") at 1-2.]

As a preliminary matter, the Court notes that "[a] motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). This Court is afforded broad discretion in adjudicating motions in limine. See Desire, LLC v. Manna Textiles, Inc., 986 F.3d 1253, 1259 (9th Cir.) (stating a district court's rulings on motions in limine are reviewed for abuse of discretion). "However, *in limine* rulings are not binding" and the Court "may always change [its] mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 n.3 (2000) (citation omitted). Thus, motion in limine rulings are always provisional.

## **BACKGROUND**

The operative pleading in this matter is Plaintiffs' Fifth Amended Complaint, which alleges six causes of action: Negligence (Count I); Negligent Undertaking (Count II); Nuisance

2

(Count III); Medical Negligence[1], Failure to Treat, Delayed Care (Count IV); Infliction of Emotional Distress (Count V); and Premises Liability, Duty to Control Force (Count VII). See Fifth Amended Complaint, filed 12/1/23 (dkt. no. 210). There is no Count VI. Id. at pg. 175. Plaintiffs seek an award of damages for:

> a. Past and future physical pain and suffering;
>
> b. Past and future mental anguish and emotional distress;
>
> c. Past and future medical, healthcare, and attendant care expenses;
>
> d. Past and future lost income and of earning capacity;
>
> e. Past and future physical impairment;
>
> f. Past and future loss of enjoyment and quality of life;
>
> g. Past and future loss of enjoyment of property;
>
> h. Increased risk of future harm and medical monitoring for life;
>
> i. Loss of life expectancy;
>
> j. Nuisance damages, including inconvenience, illness, and fear;
>
> k. Out of pocket expenses;
>
> l. Loss of personal property;
>
> m. Costs;

---

[1] This claim is not proceeding to trial for the reasons stated in the Order Granting in Part and Denying in Part Defendant's Motion in Limine No. 3 to Exclude Testimony Related to Medical Negligence, [Filed 2/26/24 (Dkt. No. 281)], filed 4/22/24 (dkt. no. 458).

    n. Prejudgment and post-judgment interest as provided by law, at the maximum legal rate; and

    o. Such other and further relief to which the plaintiffs may be justly entitled.

[Id. at pgs. 190-91.]

  Plaintiffs do not have the requisite expert epidemiological testimony necessary to support causation evidence for claims of some future damages, such as future medical, healthcare, and attendant care expense; future physical pain and suffering; future physical impairment; future loss of enjoyment and quality of life; increased risk of future harm and medical monitoring for life; and loss of life expectancy; and thus these alleged damages will not be addressed in the non-jury trial. See Order Granting in Part and Denying in Part Defendant's Motion to Exclude the Expert Report and Testimony of Dr. Steven Bird, [Filed 1/16/24 (Dkt. No. 234)], filed 4/9/24 (dkt. no. 410).

  The parties have stipulated that Defendant admits that:

- The November 20, 2021 spill "caused a nuisance for Plaintiffs who owned or leased residences subject to the Hawai`i Department of Health's November 29, 2021 advisory . . . ."; [Second Joint Stipulation as to Plaintiffs' Nuisance and Negligence Claims, filed 11/27/23 (dkt. no. 200) ("Stipulation") at ¶ 1;]

- Defendant "between May 6, 2021 and November 20, 2021, [Defendant] breached its duty of care to the Resident Plaintiffs to exercise ordinary care in the operation of Red Hill, resulting in the May 6, 2021 and November 20, 2021 spills; [id. at ¶ 2;]
- "as a result of the aforementioned nuisance or breach, Resident Plaintiffs suffered injuries compensable under the Federal Tort Claims Act (FTCA)"; [id. at ¶ 3;]
- Individual officers or employees as well as third-party contractors are included in the admissions regarding Defendant; [id. at ¶ 4;] and
- Defendant maintains the right to contest causation and damages claimed by Plaintiffs regarding the negligence and nuisance claims, to maintain other defenses not addressed in the Stipulation, or to make potential claims against anyone other than Plaintiffs; [id. at ¶ 5.]

The parties agreed that the Stipulation only pertains to the instant litigation and is not for use in any other case. [Id. at ¶ 6.]

## STANDARDS

Plaintiffs bring negligence claims and a nuisance claim. See Fifth Amended Complaint. To proceed with a negligence claim under Hawai`i law, Plaintiffs must "prove (1) a duty recognized by the law that the defendant owed to the plaintiff;

5

(2) a breach of the duty; (3) that the defendant's breach was the legal cause of the plaintiff's harm; and (4) actual damages." O'Grady v. State, 140 Hawai`i 36, 398 P.3d 625, 632 (2017), *amended* (June 22, 2017) (citing Doe Parents No. 1 v. Dep't of Educ., 100 Hawai`i 34, 68, 58 P.3d 545, 579 (2002)).

A claim for medical negligence generally requires the question of negligence to be decided by reference to medical standards of care that the plaintiff must prove through expert medical testimony. Craft v. Peebles, 78 Hawai`i 287, 298, 893 P.2d 138, 149 (1995).

In a claim for general premises liability,

> [a]n occupier of land has a duty to use reasonable care for the safety of all persons reasonably anticipated to be on the premises, regardless of the status of the individual as invitee, licensee, or trespasser. Pickard v. City & Cnty. of Honolulu, 51 Haw. 134, 135, 452 P.2d 445, 446 (1969) (remanding for new trial based on duty owed to visitor to courthouse, who used restroom with broken light switch and fell through a hole in the floor). See also Gibo v. City & Cnty. of Honolulu, 51 Haw. 299, 301, 459 P.2d 198, 200 (1969) (holding that hospital had a duty to maintain premises in a reasonably safe condition for plaintiff who entered through ambulance garage rather than main entrance).

Winfrey v. GGP Ala Moana LLC, 130 Hawai`i 262, 271, 308 P.3d 891, 900 (2013). For the claim of premises liability, the occupier of land has a duty to exercise reasonable care to keep the premises reasonably safe for any person anticipated upon the

premises. Gibo v. City & Cnty. of Honolulu, 51 Haw. 299, 301, 459 P.2d 198, 200 (1969).

Plaintiffs clarify that the claim for infliction of emotional distress is one based on negligence, not intentionality. [Mem. in Opp. at 2 ("The Fifth Amended Complaint outlines multiple causes of action relevant to the bellwether trial, including . . . Negligent Infliction of Emotional Distress (Count V), . . . .").] Negligent infliction of emotional distress ("NIED") requires

> a plaintiff to demonstrate that the defendant engaged in negligent conduct causing the plaintiff to suffer serious emotional distress. Caraang v. PNC Mortg., 795 F. Supp. 2d 1098, 1122 (D. Haw. 2011). Hawaii law requires that a negligent infliction of emotional distress claim be supported by a physical injury or mental illness. Haw. Rev. Stat. § 663-8.9; U.S. E.E.O.C. v. NCL Am., 535 F. Supp. 2d 1149, 1171 (D. Haw. 2008).

Dural v. City & Cnty. of Honolulu, 658 F. Supp. 3d 855, 876–77 (D. Hawai`i 2023); Doe Parents No. 1 v. State, Dep't of Educ., 100 Hawai`i 34, 69, 58 P.3d 545, 580 (2002) ("Thus, an NIED claim is nothing more than a negligence claim in which the alleged actual injury is wholly psychic and is analyzed utilizing ordinary negligence principles.") (quotation omitted)).

Nuisance is a claim for damages to compensate a plaintiff who suffered special harm from past nuisance conduct.

7

Haynes v. Haas, 146 Hawai`i 452, 463 P.3d 1109, 1118 (2020) (adopting Restatement of Torts § 821C).

## DISCUSSION

Plaintiffs argue that the Stipulation "does not admit to negligent undertaking, negligent infliction of emotional distress, or premise liability/duty to control force." [Mem. in Opp. at 8.] They are mistaken. Defendant has stipulated that it had a duty of care, breached that duty, and that breach caused the spills occurring on May 6 and November 20, 2021. See Stipulation at ¶ 2 ("[Defendant] admits that, between May 6, 2021, and November 20, 2021, [Defendant] breached its duty of care to the Resident Plaintiff to exercise ordinary care in the operation of Red Hill, resulting in the May 6, 2021 and November 20, 2021 spills."). Aside from the nuisance claim, all remaining claims are negligence claims – whether labeled as NIED, negligent undertaking, premises liability or duty to control force – and thus duty and breach have already been stipulated to.

The issues to be resolved at trial are causation and compensatory damages. Causation is the cause "that is legally sufficient to result in liability." O'Grady, 140 Hawai`i at 44, 398 P.3d at 633; see also id., 140 Hawai`i at 43, 398 P.3d at 632 ("This court has long required a plaintiff to prove that the defendant's conduct was the legal cause of his or her injuries

8

as one of the prima facie elements of negligence.").
Compensatory damages are awarded to

> "compensate the injured party for the injury sustained," Kuhnert v. Allison, 76 Hawai`i 39, 44, 868 P.2d 457, 462 (1994), in hopes of "restor[ing] a plaintiff to his or her position prior to the tortious act[,]" Zanakis-Pico v. Cutter Dodge, Inc., 98 Hawai`i 309, 327, 47 P.3d 1222, 1240 (2002) (Acoba, J., concurring). The law divides such "damages into two broad categories-general and special." Ellis v. Crockett, 51 Haw. 45, 50, 451 P.2d 814, 819 (1969). General damages "encompass all the damages which naturally and necessarily result from a legal wrong done[,]" id., and include such items as "pain and suffering, inconvenience, and loss of enjoyment which cannot be measured definitively in monetary terms." Dunbar v. Thompson, 79 Hawai`i 306, 315, 901 P.2d 1285, 1294 (App. 1995) (citation omitted). Special damages are "the natural but not the necessary result of an alleged wrong[,]" Ellis, 51 Haw. at 50, 451 P.2d at 819, and are "often considered to be synonymous with pecuniary loss and include such items as medical and hospital expenses, loss of earnings, and diminished capacity." Dunbar, 79 Hawai`i at 315, 901 P.2d at 1294.

Bynum v. Magno, 106 Hawai`i 81, 85–86, 101 P.3d 1149, 1153–54 (2004). "[T]o permit an award for future medical . . . expenses," a plaintiff must provide sufficient evidence to show the medical expenses are necessary and the charges reasonable. Condron v. Harl, 46 Haw. 66, 76, 374 P.2d 613, 619 (1962).

The Stipulation establishes Defendant's negligence liability – with the exception of causation. The remaining trial issues are causation and damages. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence is evidence

having any "tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Because Defendant's duty and breach of duty for the spills occurring on May 6 and November 20, 2021 are already established, then evidence pertaining to duty and breach of duty for these spills is not of consequence in determining the action, irrelevant, and not admissible. Therefore, evidence pertaining to duty, breach of duty, and the breach of duty causing the May 6 and November 20, 2021 spills is not relevant and must be excluded as inadmissible evidence, unless the proponent of the evidence can first establish the evidence is relevant to the remaining issues of causation and compensatory damages.

## CONCLUSION

For the reasons stated above, Defendant's Motion in Limine No. 2: Exclude Evidence Related to Negligent Operation of the Red Hill Bulk Fuel Storage Facility, filed 2/26/24 (dkt. no. 280) is GRANTED, and evidence of Defendant's operation of the Red Hill Bulk Fuel Storage Facility prior to November 20, 2021 is EXCLUDED, unless the proponent of the evidence can first establish the evidence is relevant to the remaining issues of causation and compensatory damages.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 23, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PATRICK FEINDT, JR., ET AL. VS. UNITED STATES OF AMERICA; CV 22-00397 LEK-KJM; ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 2: EXCLUDE EVIDENCE RELATED TO NEGLIGENT OPERATION OF THE RED HILL BULK FUEL STORAGE FACILITY, [FILED 2/26/24 (KDT. NO. 280)]**

11