IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATRICK FEINDT, JR., ET AL., | ) | Civil No. 22-00397 LEK-KJM |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT IN |
| vs. | ) | PART AND DENY IN PART THE |
| | ) | BELLWETHER PLAINTIFFS' BILL |
| UNITED STATES OF AMERICA, | ) | OF COSTS |
| | ) | |
| Defendant. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART THE BELLWETHER PLAINTIFFS' BILL OF COSTS

On September 23, 2025, the Bellwether Plaintiffs ("Plaintiffs")[1] timely filed

their Bill of Costs.  ECF No. 637.  On September 29, 2025, Defendant United

States of America ("Defendant") timely filed its Objections to the Bill of Costs.

ECF No. 638.  On October 14, 2025, pursuant to the Court's request, Plaintiffs

filed a Response in Further Support of the Bellwether Plaintiffs' Bill of Costs

("Response").  ECF No. 644.

The Court elected to decide this matter without a hearing pursuant to

Rule 7.1(c) of the Local Rules of Practice for the United States District Court for

the District of Hawaii ("Local Rules").  After carefully reviewing the memoranda,

---

[1]  The Bellwether Plaintiffs are Kevin Aubart, Richelle Dietz and her children, B.D. and V.D., Patrick Feindt, Jr., and his children, T.F. and P.G.F., Nastasia Freeman and her children, D.F., K.F., and N.F., Sheena Jessup and her children, B.B.J., B.J.J., D.J., and N.J., and Elizabeth Witt.

applicable law, and the record in this case, the Court FINDS and RECOMMENDS

that the district court GRANT IN PART and DENY IN PART the Bill of Costs.

BACKGROUND

This matter is one of a number of cases filed in this district in which

plaintiffs assert claims under the Federal Tort Claims Act ("FTCA") against the

United States arising from the 2021 releases of jet fuel at the Red Hill Bulk Fuel

Storage Facility ("Red Hill").  In this lawsuit, the plaintiffs assert FTCA claims

against the United States related to the November 2021 fuel release.

The district court conducted a non-jury trial for Plaintiffs from April 29,

2024, to May 13, 2024.  ECF No. 633 at 1.  On May 7, 2025, the district court

issued its Preliminary Findings of Fact and Conclusions of Law.  ECF No. 621.

On August 7, 2025, the district court issued its Findings of Fact and Conclusions of

Law ("Final FOF/COL").  ECF No. 633.   Therein, the district court found that

Defendant is liable to Plaintiffs and awarded damages to Plaintiffs in varying

amounts.  *Id.* at 171–73 ¶¶ 28–34.  On September 9, 2025, pursuant to the Final

FOF/COL, the district court entered final judgment in favor of Plaintiffs and

against Defendant pursuant to Federal Rule of Civil Procedure 54(b).  ECF No.

636.  On November 10, 2025, Plaintiffs filed a Notice of Appeal.  ECF No. 650.

On September 23, 2025, Plaintiffs filed their Bill of Costs.  ECF No. 637.

2

DISCUSSION

As an initial matter, the Court addresses whether it has jurisdiction to review the Bill of Costs, even though Plaintiffs filed a notice of appeal. An award of attorneys' fees and costs is considered a collateral issue over which the district court normally retains jurisdiction even after an appeal. *Leslie v. Grupo ICA,* 198 F.3d 1152, 1160 (9th Cir. 1999). The Court thus finds that it has jurisdiction to review the Bill of Costs despite Plaintiffs' appeal.

Plaintiffs request $164,609.83 in costs pursuant to Federal Rule of Civil Procedure 54(d). Rule 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Based on the final judgment, Plaintiffs are the prevailing party for purposes of Rule 54(d)(1). ECF No. 636.

Courts may only tax the costs specified in 28 U.S.C. § 1920. *Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citing *Alflex Corp. v. Underwriters Lab'ys, Inc.,* 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)). Taxable costs under § 1920 include, among other things:

    (1)    Fees of the clerk and marshal;

    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

3

> > (4)    Fees for exemplification and the costs of making copies
> > of any materials where the copies are necessarily
> > obtained for use in the case[.]

28 U.S.C. § 1920(1)–(4).  Courts "are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." *Ogden ex rel. Est. of Ogden v. Cnty. of Maui*, Civil No. 06-00113 JMS/LEK, 2008 WL 4527970, at *4 (D. Haw. Oct. 9, 2008) (other citation omitted) (citing *Alflex*, 914 F.2d at 177).

"Rule 54(d)(1) creates a presumption for awarding costs to prevailing parties [and] the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003) (citations omitted). "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.* at 945.  "The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [the appellate court] will assume it acted based on that presumption." *Id.*

Plaintiffs' Bill of Costs seeks reimbursement for:  (1) fees of the clerk and marshal; (2) transcript costs; (3) copying costs; and (4) witness fees.  Defendant objects to $34,900.36 of Plaintiffs' requested costs, as follows:

4

| Cost Category | Plaintiffs' Claimed Amount | Defendant's Objection Amount |
|---|---|---|
| Fees of the Clerk and Marshal | $1,537.64 | $1,041.98 |
| Transcript Costs | $87,343.13 | $5,215.17 |
| Copying Costs | $56,778.60 | $15,404.48 |
| Witness Fees | $18,950.46 | $13,238.73 |
| **Total** | **$164,609.83** | **$34,900.36** |

ECF No. 638 at 5.  The Court addresses Plaintiffs' specific requests and

Defendant's objections to such requests in turn.

I.      Fees of the Clerk and Marshal

Plaintiffs request $1,537.64 in fees for the service of nine subpoenas via

process servers.  ECF No. 637-1 at 10; ECF No. 637-4.  Section 1920(1) allows for

the recovery of fees of the clerk and marshal.  In addition, Local Rule 54.1(f)(1)

allows for the taxation of fees "for the service of process and service of subpoenas

by someone other than the marshal . . . to the extent they are reasonably required

and actually incurred."  LR54.1(f)(1).

Defendant objects to the requested costs for:  (A) deposition subpoenas for

AECOM Pacific, Inc. ("AECOM") and Alpha Analytical, LLC ("Alpha

Analytical"); (B) deposition subpoenas for three Hawaii Department of Health

("HDOH") employees; and (C) a subpoena to Temecula Valley Hospital.  ECF No.

638 at 6–8.

A.      Deposition Subpoenas to AECOM and Alpha Analytical

Defendant objects to Plaintiffs' claimed costs of $260.66 for service of

5

deposition subpoenas to AECOM and Alpha Analytical.  ECF No. 638 at 7.

Defendant argues that these fees were not reasonably incurred because the

depositions of these entities did not take place.  *Id.*

The Court finds that Defendant's argument is not sufficiently persuasive to

overcome the presumption in favor awarding these costs to Plaintiffs.  Plaintiffs

assert that, at the time they served the deposition subpoenas, "they reasonably

believed they would need to depose [AECOM and Alpha Analytical] to discover

the extent of the information possessed by them."  ECF No. 644 at 7–8.  "The fact

that a subpoenaed witness is not deposed, or that the deposition is not used to

obtain judgment, does not mean that those depositions were not 'reasonably

required and actually incurred.'"  *See In re Ricoh Co., Ltd. Patent Litig.*, No. C 03-

02289 JW, 2010 WL 8961328, at *5 (N.D. Cal. Sept. 29, 2010) (citation omitted).

The Court thus finds that Plaintiffs' requested costs of $260.66 for the service of

deposition subpoenas on AECOM and Alpha Analytical were reasonably required

and actually incurred and recommends that the district court award Plaintiffs

$260.66 for such costs.

B.     Deposition Subpoenas for HDOH Employees

Defendant objects to Plaintiffs' claim for $658.49 for service of

subpoenas on three HDOH employees, Katheen Ho, Dr. Diana Felton, and Roger

Brewer.  ECF No. 638 at 7.  Defendants argue that these expenses were not

6

reasonably incurred because counsel for the HDOH later accepted service of a deposition subpoena from Defendant via email, and "Plaintiffs would have received that same professional courtesy." *See id.* In response, Plaintiffs argue that the subpoenas at issue were served in May 2023, two months before Defendant served its deposition subpoena by email and before Plaintiffs' counsel contacted, or discovered the identity of, the counsel for the HDOH employees in question. ECF No. 644 at 9. Plaintiffs assert that HDOH's counsel reached out to Plaintiffs' counsel regarding this matter in response to the subpoenas at issue. *Id.* Plaintiffs argue, and the Court agrees, that they "cannot be faulted for following recognized procedures for ensuring that information necessary for the preparation of their case would be secured consistent with the Federal Rules at the time these subpoenas were served." *Id.*

The Court thus finds that Plaintiffs' requested costs of $658.49 for the service of subpoenas on three HDOH employees were reasonably required and actually incurred and recommends that the district court award Plaintiffs $658.49 for such costs.

C.    Subpoena to Temecula Valley Hospital

Defendant objects to Plaintiffs' claimed costs of $122.83 for service of a document subpoena on Temecula Valley Hospital. ECF No. 638 at 8. Defendant asserts that, during the meet-and-confer regarding the Bill of Costs, Plaintiffs

7

confirmed that the subpoena requested medical records for the Freeman family. *Id.*
In Plaintiffs' Response, Plaintiffs clarify that the subpoena was not for medical
records. Rather, the subpoena requested security and video surveillance footage
from April 19, 2022, in the Temecula Hospital Emergency Room. ECF No. 644 at
9. Plaintiffs sought to use the video footage to substantiate Plaintiff Nastasia
Freeman's claim that she collapsed and was rushed to the emergency room several
months after the fuel exposure. *Id.* at 9–10 (citing ECF No. 577 (April 29, 2024,
Trial Day 1 Tr.) at 162:16–163:7).

The Court agrees with Plaintiffs that the subpoena to Temecula Valley
Hospital was "reasonably required to help prove Mrs. Freeman's ongoing
symptoms of neurological disfunction caused by the fuel release, and to thereby
help satisfy the Bellwether Plaintiffs' burden of causation." *Id.* at 10. The Court
thus finds that Plaintiffs' requested costs of $122.83 for the service of a subpoena
to Temecula Valley Hospital were reasonably required and actually incurred and
recommends that the district court award Plaintiffs $122.83 for such costs.

Based on the foregoing, the Court recommends that the district court award
Plaintiffs the entire $1,537.64 requested for fees of the clerk and marshal.

II.    Transcript Costs

Plaintiffs request $87,343.13 in transcript costs. This amount consists of:
(1) $83,729.13 for 63 deposition transcripts; (2) $3,063.87 for daily transcripts

during the bellwether trial; and (3) $550.90 for five hearing transcripts.  ECF No.
637-1 at 11; ECF No. 637-5.  Plaintiffs note that they are not seeking to recover
fees for all deposition and hearing transcripts from this litigation.  ECF No. 637-1
at 11 n.4.  Nor are they seeking any deposition upcharges, such as expedited
surcharges or charges associated with video services and digitization.  *Id.* at 13 n.5;
ECF No. 637-5 at 9–16.

Section § 1920(2) allows for the recovery of fees for "transcripts necessarily
obtained for use in the case."  Local Rule 54.1 limits an award for transcript fees to
the "cost of a stenographic and/or video original and one copy of any deposition
transcript necessarily obtained for use in the case . . . ."  LR54.1(f)(2).  In addition,
Local Rule 54.1 provides that "[a] deposition need not be introduced in evidence or
used at trial, so long as, at the time it was taken, it could reasonably be expected
that the deposition would be used for trial preparation, rather than mere discovery."
*Id.*

Defendant objects to Plaintiffs' claim for transcript fees for:  (A) daily trial
transcripts; and (B) Dr. John Oh's deposition.

A.     Daily Trial Transcripts

Plaintiffs request $3,063.87 for daily trial transcripts.  ECF No. 637-1 at 16.
Defendant objects to $1,938.87 of such requested costs.  ECF No. 638 at 8.
Defendant argues that "[w]hile the transcripts themselves are a 'reasonably

9

incurred' expense—especially considering their use in post-trial briefing—the daily turnaround charge ($4.03/page) was not reasonably incurred." *Id.* at 8–9. Defendant argues that "the facts demonstrate that the rush transcripts were ordered for counsel's convenience, but not for any particular, witness-specific or trial necessitated purposes." *Id.* at 11. The Court disagrees.

The Court agrees with Plaintiffs that the fees for daily transcripts during the bellwether trial were necessarily obtained for use in this case. Plaintiffs' counsel used the daily transcripts to help make trial strategy decisions based on the evidence presented and the district court's inclinations and evidentiary rulings at trial. *See Baskin v. EC Paia LLC*, CIV NO. 20-00216 WRP, 2024 WL 5245441, at *3 (D. Haw. Sept. 27, 2024) (overruling the plaintiffs' objection to daily trial transcript costs because, among other things, the defendant "relied heavily on the daily transcripts to ensure [it] met its burden at trial"). In addition, the issues of Plaintiffs' injuries, legal causation, damages, and expert testimony were complex and fact-specific. *See Berry v. Hawaiian Express Serv., Inc.*, CIVIL NO. 03-00385 SOM-LEK, 2006 WL 8446922, at *29 (D. Haw. Dec. 4, 2006) ("Many courts have recognized that daily trial transcripts may be a taxable cost where the trial is lengthy and the issues were complex." (citing cases)), *adopted in part, rejected in part sub nom. Berry v. Hawii Exp. Serv., Inc.*, 2007 WL 689474 (D. Haw. Mar. 2, 2007), *aff'd sub nom. Berry v. Dillon*, 291 F. App'x 792 (9th Cir. 2008).

The Court thus finds that Plaintiffs' use of the daily transcripts during trial and the circumstances of this case establish that the transcripts were necessarily obtained for use in this case.  Accordingly, the Court recommends that the district court award Plaintiffs $3,063.87 in costs for daily trial transcripts.[2]

B.    Dr. Oh's Deposition Transcript Fees

Defendant objects to Plaintiffs' request for $3,276.30 for Dr. Oh's deposition transcript.  ECF No. 637-1 at 14–15; ECF No. 637-5 at 15, 121–122; ECF No. 638 at 12–13.  The district court excluded Dr. Oh's testimony at trial and did not allow other witnesses to rely on Dr. Oh's testimony.  ECF No. 536 (sustaining objections to Dr. Oh's deposition designations filed at ECF No. 432); ECF No. 579 (May 1, 2024, Trial Day 3 Tr.) at 96:1–4 ("I'm not relying on anything that Dr. Oh testified . . . that's not something I'm going to rely on in this case."); ECF No. 581 (May 3, 2024, Trial Day 5 Tr.) at 34:19–20 ("Dr. Oh is not going to play any role in any of your testimony. I will strike anything that you refer to Dr. Oh . . . .").

Even though Dr. Oh's deposition was not introduced in evidence or used at trial, the cost for his deposition transcript is taxable because Plaintiffs assert that

---

[2] The Court notes that the parties split the cost of the daily trial transcripts and Plaintiffs' share of such costs may have been more than the $3,063.87 requested in the Bill of Costs.  *See* ECF No. 637-5 at 4 (deducting $2,000 covered by Plaintiffs' deposit).  Notwithstanding, the Court recommends that the district court award Plaintiffs the amount requested in the Bill of Costs.

they reasonably expected that the deposition transcript would be used for trial preparation rather than mere discovery at the time it was taken.  LR54.1(f)(2); ECF No. 637-1 at 15; ECF No. 644 at 11.  In addition, Plaintiffs assert that another expert, Dr. Steven B. Bird, relied on Dr. Oh's deposition in performing his work in this matter.  ECF No. 637-1 at 15 n.7.  The Court thus finds that Dr. Oh's transcript was necessarily obtained for use in this case.  Accordingly, the Court recommends that the district court award Plaintiffs $3,276.30 for Dr. Oh's deposition transcript.

Based on the foregoing, the Court recommends that the district court award Plaintiffs the entire $87,343.13 requested for transcript costs.

III.    Copying Costs

Plaintiffs request $56,778.60 for copying costs.  ECF No. 637 at 1.  This amount consists of, among other things, $23,699.20 for five sets of Plaintiffs' trial exhibits.  ECF No. 637-6 at 2.

Section 1920(4) allows for recovery of the "costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Section 1920 "is not so restrictive as to 'specifically require that the copied document be introduced into the record to be an allowable cost.'"  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 927 (9th Cir. 2015) (quoting *Haagen–Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.,* 920 F.2d 587, 588 (9th Cir. 1990)). Local Rule 54.1(f) provides, in relevant part:  "The cost of copies necessarily

obtained for use in the case is taxable provided the party seeking recovery submits

an affidavit describing the documents copied, the number of pages copied, the cost

per page, and the use of or intended purpose for the items copied." LR54.1(f)(4).

In addition, "[t]he cost of copies obtained for the use and/or convenience of the

party seeking recovery and its counsel is not taxable." *Id.*

Defendant objects to $15,404.48 of the copying costs requested for

Plaintiffs' trial exhibits. ECF No. 638 at 14. Defendant contends that a Hawaii

district court in *Rodriguez v. General Dynamics Armament & Technical Products,*

*Inc.*, recognized a limitation on the general principle that exhibits need not be

introduced at trial for the copying costs to be recoverable when there is an

"extraordinary difference between exhibits listed by [the prevailing party] and

exhibits actually referred to at trial." ECF No. 638 at 15 (citing *Rodriguez*, 775 F.

Supp. 2d. 1217, 1221 (D. Haw. 2011)). Defendant argues that an "extraordinary

difference" exists in this case because "even under conservative assumptions, 65%

of Plaintiffs' exhibits were not relied upon at trial." *Id.* at 14. The Court disagrees

that *Rodriguez* stands for such a limitation. In *Rodriguez*, the district court

declined to award copying costs to the prevailing party because the requested

amount was not supported based on the material submitted to the court. 775 F.

Supp. 2d. at 1220–21.

13

Plaintiffs argue that the copies for five sets of Plaintiffs' trial exhibits were necessary to comply with the district court's trial procedures.  *See* Trial Procedures Before District Judge Leslie E. Kobayashi (Last Revised: 01/12/24), available at https://www.hid.uscourts.gov/cms/assets/1204793e-5080-45fb-98e1-62ba953184f2/Trial_Procedure_LEK_011224.pdf (last accessed on November 24, 2025).  Specifically, the district court required:  (1) one set of exhibits to be shown to witnesses during testimony, with each exhibit placed in a separate manila folder; and (2) two binders of exhibits, separated by tabs.  *Id.* at 2 ¶ 8a.  Defendant does not explain why compliance with the district court's trial procedures does not render the copies necessary for trial.

The Court thus finds that the copies for five sets of Plaintiff's trial exhibits were necessarily obtained for use in this case.  Accordingly, the Court recommends that the district court award Plaintiffs $23,699.20 in copying costs for five sets of Plaintiffs' trial exhibits.

Based on the foregoing, the Court recommends that the district court award Plaintiffs the entire $56,778.60 requested for copying costs.

IV.    Witness Fees

Plaintiffs request $12,092.46 for witness airfare costs and $6,858.00 for subsistence costs.  ECF No. 637-7 at 2–3.  28 U.S.C. §§ 1920(3) and 1821(c) and (d) allow for the recovery of witness fees such as costs for airfare and subsistence.

14

In addition, Local Rule 54.1(f)(3) provides that "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." LR54.1(f)(3).

Defendant objects to Plaintiffs' requested witness costs as follows: (A) $1,869.55 for Dr. Paul Rosenfeld's second flight to Hawaii; (B) $8,479.18 for first-class airfare for Plaintiffs' expert witnesses; and (C) $2,890 in hotel costs for Plaintiffs' expert witnesses. ECF No. 638 at 17, 21.

A.    Dr. Rosenfeld's Second Testimony

During trial, the district court sought additional information regarding how the Joint Base Pearl Harbor-Hickam ("JBPHH") water distribution system worked. ECF No. 580 (May 2, 2024, Trial Day 4 Tr.) at 6:1–8:23; ECF No. 581 (May 3, 2024, Trial Day 5 Tr.) at 6:10–9:19. Dr. Rosenfeld testified twice in this case, first in regular order and then a few days later in response to the district court's questions regarding the water distribution system. ECF No. 578 (April 30, 2024, Trial Day 2 Tr.) at 82:15–121:17; ECF No. 582 (May 7, 2024, Trial Day 6 Tr.) at 6:12–28:7. Dr. Rosenfeld had to fly to Honolulu from Los Angeles each time. Defendant argues that the costs for Dr. Rosenfeld's second roundtrip airfare were not reasonably necessary because it was the result of Plaintiffs' choices and trial presentation. ECF No. 638 at 17–18. The Court disagrees.

15

Dr. Rosenfeld's testimony discussed the fate and transport of the jet fuel released and was technical and detail-oriented. In addition, his testimony necessitated the use of several visual aids, including maps of the JBPHH water system, maps of the water system flushing zone, and schematics of the water system. ECF No. 582 at 7:1–27:25. If Dr. Rosenfeldt testified remotely, presenting documents on the screen during his testimony would not have been feasible due to the technical limitations of Zoom. *See* ECF No. 581 at 9:3-7 (the district judge agreeing with Plaintiffs' counsel that "with Zoom, we can't show documents at the same time we have the witness"). In addition, the district judge asked Dr. Rosenfeld several questions during his second round of testimony. ECF No. 582 at 25:4–27:23. The district judge relied on Dr. Rosenfeld's testimony in her findings of fact, among other things. ECF No. 633 at 5 ¶ 7. Overall, the record shows that Dr. Rosenfeld's testimony was necessary in assisting the district judge as the factfinder in this case.

Based on the foregoing, the Court finds that Dr. Rosenfeld's second roundtrip airfare was reasonably necessary. Because Dr. Rosenfeld traveled first-class to Hawaii, and Defendant objects to Plaintiffs' recovery of costs for first-class airfare, the Court discusses its recommended award for Dr. Rosenfeld's airfare in the following section.

B.    First-Class Airfare for Plaintiffs' Expert Witnesses

Four of Plaintiffs' experts took first-class travel to Hawaii—Dr. Rosenfeld,

Dr. Joseph Hughes, Dr. Andrew Clark, and Dr. Steven Bird.  Plaintiffs request

reimbursement for 50% of the first-class airfare costs.  ECF No. 637-4 at 27; ECF

No. 637-7 at 2–3.  Defendant objects to these costs as excessive, even considering

the 50% reduction.  *See* ECF No. 638 at 18–21.  The Court agrees with Defendant.

Section 1821 requires witnesses to "utilize a common carrier at the most

economical rate reasonably available."  28 U.S.C. § 1821(c)(1).  When the

prevailing party fails to show that the witness used a common carrier at the most

economical rate, courts in this circuit have disallowed or reduced the award of

airfare costs.  *See, e.g.*, *Peterson v. C.R. Bard, Inc.*, No. 3:19-CV-01701-MO, 2021

WL 4240416, at *2 (D. Or. Sept. 17, 2021) (excluding airfare costs); *Gessele v.*

*Jack in the Box, Inc.*, No. 3:14-CV-01092-HZ, 2024 WL 1619425, at *29 (D. Or.

Apr. 14, 2024) (awarding only 50% of first-class airfare costs); *Shum v. Intel*

*Corp.*, 682 F. Supp. 2d 992, 1002 (N.D. Cal. 2009) (same), *aff'd,* 629 F.3d 1360

(Fed. Cir. 2010).

Here, Plaintiffs do not demonstrate that these four expert witnesses

"utilize[d] a common carrier at the most economical rate reasonably available."

28 U.S.C. § 1821(c)(1).  The Court generally agrees with Defendant that "[f]irst

class travel is not the most economical manner in which to travel."  ECF No. 638

17

at 18 (quoting *Griffin v. Philip Morris USA, Inc.*, No. 3:09-cv-11128, 2014 WL 12619188, at *6 (M.D. Fla. Nov. 3, 2014)).  In addition, Plaintiffs have not provided proof that the first-class tickets were the only tickets reasonably available, such that they were the "most economical rate."  Defendant argues that the Court should award no more than 20% of Plaintiffs' first-class airfare costs.  ECF No. 638 at 18–21.  In exercising its discretion, the Court finds that a 70% reduction of the first-class airfare costs is appropriate.  The Court thus recommends that the district court award airfare costs as follows:

| Witness | Flight Path | Amount Paid | Court's Recommended Award (70% reduction) |
|---|---|---|---|
| Dr. Rosenfeld | Roundtrip Los Angeles to Honolulu | $1,869.24 (04/26/24–05/01/24) | $560.77 |
|  |  | $1,869.45 (05/06/24–05/08/24) | $560.84 |
| Dr. Hughes | Roundtrip Philadelphia to Honolulu | $5,907.11 | $1,772.13 |
| Dr. Clark | Roundtrip Boston to Honolulu | $3,235.14 | $970.54 |
| Dr. Bird | Roundtrip Boston to Honolulu | $4,077.40 | $1,223.22 |
|  |  | **Total** | **$5,087.50** |

Based on the foregoing, the Court recommends that the district court reduce Plaintiffs' requested travel costs to $8,700.78.

C.      Subsistence Costs for Plaintiffs' Expert Witnesses

Plaintiffs request $6,858 for subsistence costs for their expert witnesses.

ECF No. 637-7 at 3.  Defendant objects to $2,890 of Plaintiffs' requested amount

for expert witnesses staying more than two nights.  ECF No. 638 at 21.  Defendant

asserts that Plaintiffs offer no explanation as to why some of their expert witnesses

stayed more than two nights, especially in light of the district court invoking the

exclusionary rule and Plaintiffs controlling their own witness order.  *Id.* at 21–22.

The Court does not find Defendant's arguments convincing.  Courts have

awarded subsistence costs incurred after a witness has testified.  *See, e.g.*, *Kaneka*

*Corp. v. SKC Kolon PI, Inc.*, Case No. EDCV 11-3397 JGB (RZx), 2017 WL

6343537, at *17 (C.D. Cal. Dec. 8, 2017) ("Sometimes witnesses need to be

recalled and reexamined, and it is not immediately obvious to counsel which

witnesses will need to be recalled or when.  Thus, it is reasonable to hold witnesses

in town longer than just the days they are scheduled to testify."), *aff'd,* 757 F.

App'x 1013 (Fed. Cir. 2019).

In this case, however, Plaintiffs assert, and the Court has confirmed, that

"[e]ach witness arrived at the outset of the Bellwether Plaintiffs' presentation of

evidence and left either the day of or the day after their testimony."  ECF No. 644

at 19, n.4.  The issue is thus whether the subsistence costs for lodging *before* the

experts testified at trial were reasonably necessary.  "[A] court may award witness

19

fees that are not limited to just the days the witness testified." *Mort v. Brennan*,
Case No. 1:19-cv-00652-JLT-SKO, 2023 WL 8272208, at *2 (E.D. Cal. Nov. 30,
2023) (citing cases). Although it is true that Plaintiffs controlled the order of
witnesses they presented at trial, Plaintiffs lacked complete control over the timing
of a witness's testimony at trial. "To deny [a party] the costs incurred by their
efforts to [e]nsure the immediate availability of their witnesses would be to impose
a requirement of clairvoyance upon [the party's] counsel which this Court is not
prepared to do." *Id.* (quoting *Smith v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 119
F.R.D. 440, 445–46 (S.D. Ala. 1988)).

Thus, given the uncertainties of trial, the Court finds that the requested
subsistence costs were not excessive or unreasonable. Accordingly, the Court
recommends that the district court award Plaintiffs the entire $6,858 requested for
witness subsistence costs.

Based on the foregoing, the Court recommends that the district court award
Plaintiffs $15,558.78 in witness fees.

## CONCLUSION

Based upon the foregoing, the Court FINDS and RECOMMENDS that the
district court GRANT IN PART and DENY IN PART the Bellwether Plaintiffs'
Bill of Costs. Specifically, the Court RECOMMENDS that the district court tax
costs in favor of Plaintiffs as follows:

20

| | | |
|---|---|---|
| (A) | Fees of the Clerk and Marshal | $1,537.64 |
| (B) | Transcript Costs | $87,343.13 |
| (C) | Copying Costs | $56,778.60 |
| (D) | Witness Fees | $15,558.78 |

**TOTAL**                                     **$161,218.15**[3]

The Court RECOMMENDS that the district court deny Plaintiffs' request for costs

in all other respects.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, November 24, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Feindt, et al. v. United States.*; Civil No. 22-00397 LEK-KJM; Findings and Recommendation
to Grant in Part and Deny in Part the Bellwether Plaintiffs' Bill of Costs

---

[3]  This amount includes applicable GET to the extent Plaintiffs requested GET in
the Bill of Costs.