
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 22-cv-00397-LEK-KJM |
| JESSICA WHALEY, et al.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 23-cv-00457- LEK-KJM |
| JACLYN HUGHES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 24-cv-00059-LEK-KJM |

**MEMORANDUM IN SUPPORT OF
PETITION FOR GOOD FAITH SETTLEMENT DETERMINATION**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ........................................................................................................1

FACTUAL BACKGROUND .......................................................................................2

PROCEDURAL HISTORY..........................................................................................3

    A.    Case Background ...............................................................................................3

    B.    *Feindt* Bellwether Trial and Preliminary Decision .........................................3

    C.    Discovery............................................................................................................4

    D.    Related Cases Against Landlords ...................................................................5

SUMMARY OF SETTLEMENT .................................................................................7

LEGAL STANDARD...................................................................................................8

ARGUMENT ..............................................................................................................10

CONCLUSION ...........................................................................................................13

## TABLE OF AUTHORITIES

Page(s)

Cases

*Aira v. Martin & MacArthur Enters., Ltd.*,
　No. 23-00182 JMS-KJM, 2024 WL 3833859 (D. Haw. Aug. 15, 2024)...... 10, 12

*PacMar Techs. LLC v. Kao*,
　No. 22-00283 LEK-WRP, 2025 WL 3454786 (D. Haw. Dec. 1, 2025) ................9

*Troyer v. Adams*,
　102 Haw. 399, 77 P.3d 83 (2003)................................................................ *passim*

*Wyndham Vacation Resorts, Inc. v. Architects Haw. Ltd.*,
　No. 08-00236-DAE-LEK, 2010 WL 2347060 (D. Haw. May 21, 2010) ..............8

Statutes

HRS § 663-15.5......................................................................................... *passim*

# INTRODUCTION

These cases concern claims by more than 6,000 civilian plaintiffs arising from the 2021 jet fuel spills at the Red Hill Bulk Fuel Storage Facility (Red Hill) on Joint Base Pearl Harbor-Hickam. Following a multi-week bellwether trial conducted by Judge Kobayashi in one of these consolidated cases, the United States has reached agreements in principle with more than 3,200 plaintiffs and the parties are working to finalize those settlements. To date, the parties have executed agreements for 630 Plaintiffs (Settling Plaintiffs). The United States now petitions this Court for a determination that these settlement agreements were entered into in good faith pursuant to Hawaii Revised Statute (HRS) § 663-15.5, including because, as detailed herein, they are reasonable, negotiated resolutions of the settling plaintiffs' claims in light of the *Feindt* trial and the predicted expenses of continuing to litigate these claims through trial. Indeed, these settlements are on the same terms that this Court recently held in a related case "reflect a logical, fair, and good faith resolution of this complex and contentious case in light of the risks, costs, and uncertainties of further litigation." *Williams v. United States*, Case No. 23-cv-00028-LEK-KJM, ECF No. 170 (Dec. 11, 2025 findings and recommendation) at 13, *adopted by* ECF No. 173 (Dec. 22, 2025).

## FACTUAL BACKGROUND

Plaintiffs allege that 2021 jet fuel spills at Red Hill contaminated the drinking water system that supplied Plaintiffs' homes, causing them physical injury, emotional distress, loss of use and enjoyment of their property, and to incur additional expenses. *Feindt,* ECF No. 210 (Fifth Am. Compl.) ¶¶ 82-463; *Hughes*, ECF No. 209 (Am. Compl.) ¶¶ 114-6126. The Plaintiffs assert their claims under the Federal Tort Claims Act (FTCA). *Feindt* Fifth Am. Compl. ¶ 1; *Hughes Am. Compl.* ¶ 1

In response, the United States has admitted that:

(1) "between May 6, 2021, and November 20, 2021, the United States breached its duty of care to Resident Plaintiffs[1] to exercise ordinary care in the operation of Red Hill, resulting in the May 6, 2021 and November 20, 2021 spills;"

(2) "the November 20, 2021 spill at [Red Hill] caused a nuisance for [the Resident Plaintiffs] and this nuisance lasted for as long as this advisory was in effect for each Resident Plaintiff's residence;" and

(3) "[A]s a result of the aforementioned nuisance or breach, Resident Plaintiffs suffered injuries compensable under the Federal Tort Claims Act (FTCA). The nature and extent of these injuries will be the subject of further discovery."

*Feindt,* ECF No. 200 (Second Joint Stipulation as to Plaintiffs' Nuisance and Negligence Claims) at ¶¶ 1-3.

---

[1] "Resident Plaintiffs" are defined as "those Plaintiffs who owned or leased residences subject to the Hawaii Department of Health's November 29, 2021 advisory." *Feindt* ECF No. 200 at ¶ 1.

2

# PROCEDURAL HISTORY

### A. Case Background

The *Feindt* complaint was filed in August 2022. *Feindt,* ECF No. 1 (Compl.). In February 2023, the parties selected six plaintiff families to serve as bellwether plaintiffs to litigate the claims to trial. *See Feindt*, ECF No. 58 (Sec. Am. Rule 16 Scheduling Order) ¶ 6. The parties agreed to "work in good faith to use the Bellwether Cases to resolve issues common to all cases and to evaluate similar claims." *Id.*

In February 2024, *Feindt* counsel filed *Hughes v. United States*, 24-cv-00059-LEK-KJM. The *Hughes* complaint is "nearly identical" to the *Feindt* complaint, and the Court consolidated the cases in April 2024. *See Feindt* ECF No. 413 (Order on Consolidation) at 3. On August 11, 2025, Plaintiffs amended the *Hughes* complaint to include more than 3,700 additional Plaintiffs. There are currently 6,216 Plaintiffs across both cases.

### B. *Feindt* Bellwether Trial and Preliminary Decision

The *Feindt* bellwether trial commenced on April 29, 2024. *Feindt*, ECF No. 500 (Minutes for Trial Day 1). After ten days, the trial concluded on May 13, 2024. *Feindt*, ECF No. 571 (Minutes for Trial Day 10). At trial, the Court received testimony from 39 witnesses through declaration testimony, live testimony, or both. Stanton Decl. ¶ 3. This included testimony from 11 retained experts on behalf

of the *Feindt* bellwether plaintiffs and 9 retained experts on behalf of the United States. *Id.* at ¶4. In addition, the parties moved into evidence over 650 exhibits. *Id.* at ¶5. The Court thereafter order post-trial briefing, *Feindt*, ECF No. 587, which the parties completed on July 10, 2024, *Feindt*, ECF Nos. 595, 601 & 603.

On August 7, 2025, the Court issued its Findings of Fact and Conclusions of Law (hereinafter, "*Feindt* Trial Decision"). *Feindt*, ECF No. 633. The Court awarded general damages for each of the seventeen bellwethers in the range of $3,000 - $75,000 (average of approximately $34,000) "for pain and suffering and, in the case of some Plaintiffs, emotional distress." *Id.* at 171. In general, the younger bellwethers received less than the adult bellwethers. *See, e.g.*, *id.* (awarding plaintiffs T.F. and D.J.—both who were under two years of age as of the November 2021 spill—$3,000 - $5,000 and awarding adult plaintiffs Aubart, Dietz, Feindt, Jessup, and Witt $37,500 each). In addition, the Court awarded $1,000 to each bellwether for hedonic damages. *Id.* at 173. Finally, the Court awarded special damages for four of the bellwethers in the range of $4,953.36 - $19,250.67. *Id.* at 172-173.

**C. Discovery**

Discovery has been coordinated in six pending FTCA cases related to claims at Red Hill: (1) *Feindt v. United States*, Civil No. 22-00397-LEK-KJM; (2) *Hughes v. United States*, Civil No. 24-00059-LEK-KJM; (3) *Whaley v. United States*, Civil

No. 23-00457-LEK-KJM; (4) *Williams v. United States*, Civil No. 23-cv-00028-LEK-KJM; (5) *Wyatt v. United States*, Civil No. 23-00065-LEK-KJM; and (6) *Alaimaleata v. United States*, Civil No. 23-000164-LEK-KJM. *See Feindt*, ECF No. 498 (Discovery Coordination Order). In these coordinated cases, the United States has produced over 15.5 million pages of documents and more than 30 current or former U.S. employees for deposition, resulting in over 6,400 pages of deposition transcripts. Stanton Decl. ¶¶ 6-7.

As for discovery of the Plaintiffs, the parties have only completed discovery of the 17 *Feindt* Bellwether Plaintiffs. The United States has not propounded Requests for Admission, Requests for Production, or Interrogatories on any of the Settling Plaintiffs, nor have any been deposed. Stanton Decl. ¶¶ 8-10. The parties are currently negotiating a stipulated fast track trial process for those Plaintiffs that do not accept the United States' settlement offers.

**D. Related Cases Against Landlords**

In addition to the FTCA cases against the United States relating to the 2021 Red Hill spills, residents on the JBPHH water system have also filed suit against their landlords for negligence, lost rent, and consumer protection issues arising from the November 2021 Red Hill spill. *E.g.*, *Powell v. Ohana Military Communities, LLC*, 24-cv-184-LEK-KJM (D. Haw.); *Island Palm Communities, LLC v. Amuro*, 24-cv-458-LEK-RT (D. Haw.), *on appeal* 25-2153 (9th Cir.);

5

*Lethgo v. CP IV Waterfront LLC d/b/a Kapilina Beach Homes*, lCCV-22-000005 (Haw. Cir. Ct.). Plaintiffs have brought class actions against two landlords that may proceed as issue classes or may be resolved by class actions proceeding in the State Court. *E.g.*, *Camp v. Ohana Military Communities, LLC*, 24-cv-3-LEK-KJM (D. Haw.); *Bentley v. Hickam Communities*, 24-cv-7-LEK-KJM (D. Haw.). To the extent they are certified as class, they could include the Settling Plaintiffs. In addition, the United States has been served third-party complaints in *Camp* and *Powell*, which allege that the United States bears liability for the tenants' claims, including under a contribution/joint tortfeasor theory. *E.g.*, *Camp*, ECF No. 43 (Am. Third-Party Compl.).

### E. Settlement in Related Cases

On December 12, 2025, this Court issued Findings and Recommendations to Grant the Parties Joint Petition for Good Faith Settlement Determination in the related case *Williams v. United States*, Case No. 23-cv-00028-LEK-KJM. *See Williams*, ECF No. 170 (*Williams* GFS F&R). The United States settled the claims of 38 *Williams* Plaintiffs on substantially the same terms subject to this petition (detailed below), finding that the agreements "reflect a logical, fair, and good faith

resolution of this complex and contentious case in light of the risks, costs, and uncertainties of further litigation." *Id.* at 13.[2]

## SUMMARY OF SETTLEMENT

After the *Feindt* Trial Decision, the United States reached agreement with 3,274 *Feindt* and *Hughes* Plaintiffs to settle based on the following age-based categories:

1. $27,000 for those thirteen years of age and older as of November 20, 2021;

2. $18,000 for those seven to twelve years of age as of November 20, 2021;

3. $8,000 for those three to six years of age as of November 20, 2021; and

4. $5,000 for those zero or six years of age as of November 20, 2021.

Stanton Decl. ¶¶ 11-12. To date, the parties have executed settlement agreements for 630 Plaintiffs. The United States now petitions for a determination of good faith settlement with regard to these 630 Settling Plaintiffs. The parties expect to promptly execute releases for the remainder of the ~3,200 Plaintiffs who have accepted settlement and will file additional motions for good faith determination of settlement on a monthly basis. Exhibit A lists each Settling Plaintiff and their

---

[2] The Court also approved the settlement of 49 *Williams'* plaintiffs who agreed to settle their claims for $30,000 per person prior to the issuance of the *Feindt* Trial Decision. *See Williams*, ECF No. 170 at 6.

settlement amount and Exhibit B contains an exemplar of the settlement agreement.[3]

## LEGAL STANDARD

"Under Hawaiʻi law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors." *Wyndham Vacation Resorts, Inc. v. Architects Haw. Ltd.*, Civil No. 08-00236-DAE-LEK, 2010 WL 2347060, at *3 (D. Haw. May 21, 2010) (citing HRS § 663–15.5(b)), *adopted by* 2010 WL 2346616 (D. Haw. June 7, 2010). "The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount." *Id.* (citing HRS § 663–15.5(b)).

A finding of good faith settlement:

> (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all

---

[3] For brevity's sake, the parties provided Exhibits A and B to the Stanton Declaration instead of filing all the settlement agreements for all 630 Settling Plaintiffs. If the Court would prefer to receive all the settlement agreements, the parties will file them upon request. The operative provisions of each agreement are the same for each agreement.

8

>   crossclaims against the settling joint tortfeasor, except
>   where there is a written indemnity agreement.

*Williams* GFS F&R at 9 (quoting *PacMar Techs. LLC v. Kao*, CIV NO. 22-00283 LEK-WRP, 2025 WL 3454786, at *3 (D. Haw. Dec. 1, 2025) (other citation omitted) (citing HRS § 663–15.5(a), (d))).

The Hawaii Supreme Court has adopted a "totality of the circumstances" test for determining whether a settlement is made in "good faith" pursuant to HRS § 663-15.5. *Troyer v. Adams*, 102 Hawai'i at 425, 77 P.3d 82, 109 (2003). Under this test, "[t]he determination of good faith is left to the discretion of the trial court, based on all relevant facts available at the time of the settlement, and is not disturbed in the absence of an abuse thereof." *Id.* at 422, 77 P.3d at 106. In making this determination, the *Troyer* court instructed that a "trial court may consider the following factors to the extent that they are known at the time of settlement:

>   (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.;
>
>   (2) the realistic approximation of total damages that the plaintiff seeks;
>
>   (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
>
>   (4) the predicted expense of litigation;
>
>   (5) the relative degree of fault of the settling tortfeasors;
>
>   (6) the amount of consideration paid to settle the claims;
>
>   (7) the insurance policy limits and solvency of the joint tortfeasors;

9

(8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and

(9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Id*. at 427, 77 P.3d at 111 ("The foregoing list is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith."); *see also Williams* GFS F&R at 9-10.

"A settlement agreement is made in good faith when the totality of circumstances show that the settlement was not collusive or aimed at injuring the interests of the non-settling parties." *Aira v. Martin & MacArthur Enters., Ltd.*, No. CV 23-00182 JMS-KJM, 2024 WL 3835201, at *2 (D. Haw. July 31, 2024), *report and recommendation adopted*, No. CV 23-00182 JMS-KJM, 2024 WL 3833859 (D. Haw. Aug. 15, 2024). Any non-settling party may object to the settlement, and such party bears the burden to prove that the settlement was not made in good faith. HRS § 663-15.5(b).

## ARGUMENT

The totality of the circumstances demonstrate that the settlement agreements entered into between the Settling Plaintiffs and the United States were made in good faith. *See Williams* GFS F&R at 13 ("The settlements reflect a logical, fair, and good faith resolution of this complex and contentious case in light of the risks, costs, and uncertainties of further litigation.").

First, "the realistic approximation of total damages that plaintiff seeks" supports a finding of a good faith settlement, especially after accounting for "the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial," "the type of case and difficulty of proof at trial," "the predicted expense of litigation," and "the amount of consideration paid to settle the claims." *Troyer*, 102 Haw. at 427, 77 P.3d at 111 (*Troyer* factors 1, 2, 3, 4, and 6). The United States' admissions, *Feindt* ECF No. 200, apply equally to all of the Settling Plaintiffs as they did to the Bellwether Plaintiffs. Accordingly, the issues before the Court would be causation and damages. *Feindt* Trial Decision, ECF No. 633 at 9. On these issues, the Court already has ruled and awarded damages. *See supra* at 3-4.

The parties' age-based settlement amounts reached for the Settling Plaintiffs reflect the Court's damages awards in *Feindt*, with reductions to reflect that— unlike the *Feindt* bellwether plaintiffs— the Settling Plaintiffs have not undergone any fact discovery, have not submitted expert disclosures, and have not undergone the expense of litigating their claims through trial. *See Williams* GFS F&R at 13 ("The settlement amounts are tethered to the *Feindt* bellwether trial decision ...."). In fact, given the complex nature of these claims that require expert testimony, the cost for the Settling Plaintiffs to continue to litigate these claims most likely exceeds these negotiated reductions. *See supra* at 3-4 (noting that the *Feindt* bellwether plaintiffs presented testimony from 11 retained experts); *see also Feindt*

11

Trial Decision, ECF No. 633 at 164 ("There is no controlling Hawai`i law specifically addressing the test for legal causation in toxic tort cases. . . . The Court predicts that the Hawai`i Supreme Court would hold that the same test applied in medical negligence cases would extend to toxic tort actions. Namely, that expert testimony is required to determine causation.").

Second, "the relative degree of fault of the settling tortfeasors" also support a finding of a good faith settlement because it is based on the *Feindt* Trial Decision that awarded damages without allocating a portion of these damages to a joint tortfeasor. *Troyer*, 102 Haw. at 427, 77 P.3d at 111 (*Troyer* factor 5). If anything, the settlements between the United States and the Settling Plaintiffs should have been reduced even further if they accounted for a portion of these damages being allocated to a joint tortfeasor. The fact that they are not cannot possibly be evidence that the settlement is "collusive or aimed at injuring the interests of the non-settling parties." *Aira*, 2024 WL 3835201, at *2, *report and recommendation adopted*, 2024 WL 3833859.

Third, "the insurance policy limits and solvency of the" United States is not a factor for the settlements (and therefore is not relevant) and is unknown for the other potential joint tortfeasors. *Troyer*, 102 Haw. at 427, 77 P.3d at 111 (*Troyer* factor 7).

Finally, "the relationship among the parties" weighs in favor of finding of good faith and there is no "evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose." *Troyer*, 102 Haw. at 427, 77 P.3d at 111 (*Troyer* factors 8 and 9). The settlements were negotiated by the parties' counsel and at arms' length. Moreover, the fact that the settlement amounts are tethered to the *Feindt* Trial Decision provides further support that the settlements are neither the product of collusion nor intended to injure the interest of a non-settling joint tortfeasor.

## CONCLUSION

For all these reasons, the United States petitions this Court for a determination that settlement agreements for the 630 Plaintiffs listed in Exhibit A were entered into in good faith for purposes of HRS § 663-15.5. If no joint tortfeasors or co-obligors file objects to the Petition within twenty-five days, the United States requests that the Court approve the settlement without a hearing. HRS § 663-15.5(b), (c); L.R. 7.1(c).

DATED: January 30, 2026                                    Respectfully Submitted,

                                                           BRETT A. SHUMATE
                                                           Assistant Attorney General
                                                           Civil Division

JONATHAN D. GUYNN
Deputy Ass't Attorney General
Torts Branch

J. PATRICK GLYNN
Director
Environmental Tort Litigation

*/s/ Caroline W. Stanton*

CAROLINE W. STANTON
U.S. Department of Justice
Civil Division, Torts Branch
Environmental Tort Litigation

*Attorney for the United States*