# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | CIVIL NO. 1:22-cv-00397-LEK-KJM<br>(FEDERAL TORT CLAIMS ACT) |
| JESSICA WHALEY, et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | CIVIL NO. 1:23-cv-00457-LEK-KJM<br>(FEDERAL TORT CLAIMS ACT) |
| JACLYN HUGHES, et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | CIVIL NO. 1:24-cv-00059-LEK-KJM<br>(FEDERAL TORT CLAIMS ACT) |

## COMPROMISE SETTLEMENT AND RELEASE OF
## FEDERAL TORT CLAIMS ACT CLAIMS UNDER 28 U.S.C. §§ 2672, 2677

The undersigned Plaintiff ("**Settling Plaintiff**") and the United States of America, by and through their respective attorneys, agree as follows:

1. I, Jason M. Bailey, declare under penalty of perjury that the Settling Plaintiff's (a) date of birth is ███████ ; and (b) principal place of residence as of November 21, 2021 was ███████████ ███████████ .

1

U.S. Petition for Good Faith Determination of Settlement
Ex. B

2.   The parties agree to settle and compromise all of Settling Plaintiff's claims, demands, rights, damages, injuries, liabilities, liens, lawsuits, or causes of action of any kind or nature (including whether known, unknown, foreseen, unforeseen, present, or future) (collectively, "**Claims**") against the United States of America arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Compromise of Settlement and Release of Federal Tort Claims Act Claims Under to 28 U.S.C. §§ 2672, 2677 ("**Settlement Agreement**").

3.   The United States of America agrees to pay the sum of $27000.00 ("**Settlement Amount**"), which shall be in full settlement and satisfaction of any and all Claims for which Settling Plaintiff or his/her predecessors, successors, and assigns now have or may hereafter acquire against the United States of America, its agents, servants, or employees by reason of the above-captioned case or the facts asserted therein.

4.   Settling Plaintiff hereby agrees to accept the Settlement Amount in full settlement, satisfaction, and release of any and all Claims which Settling Plaintiff or his/her predecessors, successors, and assigns now has or may hereafter acquire against the United States of America, its agents, servants, or employees by reason of the above-captioned case or the facts asserted therein. This Settlement Agreement does not release any Claims which Settling Plaintiff or his/her predecessors, successors, and assigns now has or may hereafter acquire against any other persons, including any Claims Settling Plaintiff currently may have against his/her landlord or property manager.

5.   Settling Plaintiff agrees to reimburse, indemnify, and hold harmless the United States of America, its agents, servants, and employees from and against any and all Claims incident to or resulting from further litigation or the prosecution of Claims by Settling Plaintiff (but not by any other plaintiff in the above-captioned case) against any third party or against the United States of

U.S. Petition for Good Faith Determination of Settlement
Ex. B

America its agents, servants, or employees by reason of the above-captioned case or the facts asserted therein.

6.  This Settlement Agreement is not intended to be and should not be construed as an admission of liability or fault on the part of the United States of America, its agents, servants, or employees, and the United States of America specifically denies that it is liable to Settling Plaintiff. The parties enter this Settlement Agreement to compromise disputed Claims and to avoid the expenses and risks of further litigation.

7.  Settling Plaintiff has authorized Just Well Law PLLC, Motley Rice LLC, and Hosoda Law Group, AAL, ALC ("**Settling Plaintiff's Attorney**") to negotiate this Settlement Agreement on his/her behalf.

8.  The parties agree that they will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Settling Plaintiff will be paid out of the Settlement Amount and not in addition thereto, including any costs, fees, or expenses claimed by attorneys other than Settling Plaintiff's Attorney for the representation of Settling Plaintiff against the United States of America, its agents, servants, or employees regarding the above-captioned case or the facts asserted therein.

9.  The parties understand that, pursuant to 28 U.S.C. § 2678, attorney's fees and services rendered in connection with this action shall not exceed 25% of the amount of the Settlement Amount.

10. In a timely manner after the Effective Date (defined in Paragraph 16 below), (a) the parties will cooperate on and will submit to the Court a motion for a determination, pursuant to Haw. Rev. Stat. Ann. § 663-15.5, that this settlement was made in good faith; and (b) if Settling Plaintiff is a minor or legally incompetent adult, Settling Plaintiff's Attorney will seek the Court's approval of this Settlement Agreement at Settling Plaintiff's expense (such request for

U.S. Petition for Good Faith Determination of Settlement
Ex. B

approval may be combined with the motion in Paragraph 9(a)).

11. The United States' obligation herein to pay the Settlement Amount is conditioned upon the Court (a) issuing a determination that this settlement was made in good faith for purposes of Haw. Rev. Stat. Ann. § 663-15.5; and (b) if applicable, approving the Settlement Agreement, in the event the Settling Plaintiff is a minor or legally incompetent adult (hereinafter, collectively "**Court Approvals**"). In the event the parties fail to obtain the applicable Court Approvals, this entire Settlement Agreement is null and void, including the Settling Plaintiffs' release of Claims in Paragraph 3.

12. Within twenty-one (21) days of the Court issuing the last of the Court Approvals applicable to Settling Plaintiff, counsel for the United States will file the necessary forms with the Treasury Department to pay the Settlement Amount to Settling Plaintiff from the Judgment Fund and will advise Settling Plaintiff's Attorney when it has done so.

13. Payment of the settlement amount will be made by electronic funds transfer to the following account of Settling Plaintiff's Attorney: **Motley Rice LLC Trust Account.**

14. Once the Treasury Department transfers the settlement amount per Paragraph 12, the United States will file a joint motion to dismiss, with prejudice, Settling Plaintiff from the above-captioned case.

15. Settling Plaintiff's Attorney agrees to distribute the settlement proceeds to Settling Plaintiff.

16. The parties agree that this Settlement Agreement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Settling Plaintiff explicitly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

U.S. Petition for Good Faith Determination of Settlement
Ex. B

17. The Settlement Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document. Settling Plaintiff (or, if applicable, Settling Plaintiff's guardian) and Settling Plaintiff's Attorney first will execute this Settlement Agreement and then counsel for the United States of America will execute this Settlement Agreement. The Settling Plaintiff's Attorney and counsel for the United States of America may sign electronically. The date the Settlement Agreement is signed by counsel for the United States of America is the effective date of this Settlement Agreement ("**Effective Date**").

U.S. Petition for Good Faith Determination of Settlement
Ex. B

18. This Settlement Agreement is agreed to by the undersigned.

DATED: _1/7/2026_         Settling Plaintiff: _Jason M Bailey_

                          Print Name: _JASON M BAILEY_

_HAWAII_
State

_HONOLULU_
County

On this _7th_ day of _JANUARY_, _2026_, before me, the undersigned notary

public appeared _JASON MARK-ADE BAILEY_, proved to me through satisfactory

evidence of identification, which was _MICHIGAN DRIVER'S LICENSE_,

to be the person who signed as Settling Plaintiff above in my presence.

Doc. Date: JAN 0 7 2026  #Pages: _____
Name: Nancy S. Ruiz          First Circuit
Doc. Description: _Compromise Settlement and Release of federal Tort Claims Act_

_____  JAN 0 7 2026
Notary Signature                Date
NOTARY CERTIFICATION

Name: _NANCY S. RUIZ_
Notary Public
My Commission Expires: _04/17/2026_

DATED: _January 27, 2026_

_____
ERIC REY
U.S. Department of Justice
Counsel for the United States

APPROVED AS TO FORM AND CONTENT:

DATED: _January 21, 2026_

_____
KRISTINA BAEHR

U.S. Petition for Good Faith Determination of Settlement
Ex. B