IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PATRICK FEINDT, JR., ET AL.,

      Plaintiffs,

  vs.

UNITED STATES OF AMERICA,

      Defendant.

_____

JESSICA WHALEY, ET AL.,

      Plaintiffs,

  vs.

UNITED STATES OF AMERICA,

      Defendant.

_____

JACLYN HUGHES, ET AL.,

      Plaintiffs,

  vs.

UNITED STATES OF AMERICA,

      Defendant.

_____

Civil No. 22-00397 LEK-KJM

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT OF *FEINDT* AND *HUGHES* MINORS' CLAIMS

Civil No. 23-00457 LEK-KJM

Civil No. 24-00059 LEK-KJM

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFFS' MOTION FOR APPROVAL OF
SETTLEMENT OF *FEINDT* AND *HUGHES* MINORS' CLAIMS

On February 27, 2026, the plaintiffs in the *Feindt* and *Hughes* cases (collectively, "Plaintiffs") filed a Motion for Approval for Settlement of *Feindt* and *Hughes* Minors' Claims ("Motion"). ECF No. 683.[1] On March 13, 2026, pursuant to the Court's request, Plaintiffs filed a Supplemental Memorandum in Support of the Motion. ECF No. 700. On March 20, 2026, Defendant United States of America ("Defendant") filed a Response to the Motion. ECF No. 706. On March 23, 2026, pursuant to the Court's request, Plaintiffs filed an Amended Supplemental Memorandum in Support of the Motion. ECF No. 711.

On April 1, 2026, the Court held a hearing on the Motion via video conference. ECF No. 719. Lyle S. Hosoda, Esq., Kristina Baehr, Esq., Frederick C. Baker, Esq., and Cynthia A. Solomon, Esq., appeared on behalf of Plaintiffs. Eric A. Rey, Esq., and Alanna Horan, Esq., appeared on behalf of Defendant.

After carefully considering the parties' submissions, applicable law, oral arguments of counsel, and the record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT the Motion for the reasons set forth below.

---

[1] The Court cites to the *Feindt* docket, unless otherwise noted.

BACKGROUND

This matter is one of a number of cases filed in this district in which the plaintiffs assert claims under the Federal Tort Claims Act ("FTCA") against the United States arising from the 2021 releases of jet fuel at the Red Hill Bulk Fuel Storage Facility. The *Feindt* plaintiffs filed their Complaint in August 2022. ECF No. 1. The *Whaley* plaintiffs filed their Complaint in November 2023. *Whaley*, ECF No. 1. The *Hughes* plaintiffs filed their Complaint in February 2024. *Hughes*, ECF No. 1. On February 23, 2024, Defendant filed a motion to consolidate the *Feindt*, *Whaley*, and *Hughes* cases. ECF No. 277. On April 11, 2024, the Court granted the motion to consolidate and consolidated the three cases for all purposes. ECF No. 413.

The district court conducted a ten-day bench trial for 17 bellwether plaintiffs beginning on April 29, 2024. ECF No. 633 at 1, 2025 WL 2254119, at *1 (D. Haw. Aug. 7, 2025). The trial included, among other things, testimony from 20 retained experts, over 650 exhibits, and extensive pre- and post-trial briefing and other filings.

On May 7, 2025, the district court issued its Preliminary Findings of Fact and Conclusions of Law. ECF No. 621, 2025 WL 1348465 (D. Haw. May 7, 2025). On August 7, 2025, the district court issued its Findings of Fact and Conclusions of Law ("Final FOF/COL"). ECF No. 633, 2025 WL 2254119

(D. Haw. Aug. 7, 2025).  In the Final FOF/COL, the district court awarded general

damages for each bellwether plaintiff in amounts ranging from $3,000 to $75,000

"for pain and suffering, and, in the case of some Plaintiffs, emotional distress[.]"

*Id.* at \*61 ¶ 28.  In general, the minor bellwether plaintiffs received less than the

adult bellwether plaintiffs.  *See id.* ¶ 29 (awarding plaintiffs T.F. and D.J, both of

whom were under two years of age as of the November 2021 spill, $3,000 to

$5,000 and awarding adult plaintiffs Aubart, Dietz, Feindt, Jessup, and Witt

$37,500 each).  The district court also awarded $1,000 in hedonic damages to each

bellwether plaintiff and special damages in varying amounts to five bellwether

plaintiffs.  *Id.* ¶¶ 30–34.

On February 27, 2026, Plaintiffs filed the Motion.  ECF No. 683.

DISCUSSION

Plaintiffs filed the Motion seeking approval of the settlements for 119 minor

plaintiffs, three minor plaintiffs in the *Feindt* case and 116 minor plaintiffs in the

*Hughes* case.  "District courts have a special duty, derived from Federal Rule of

Civil Procedure 17(c), to safeguard the interests of litigants who are minors."

*Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  Rule 17(c) provides,

in relevant part, that a district court "must appoint a guardian ad litem—or issue

another appropriate order—to protect a minor or incompetent person who is

unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  "In the context of proposed

4

settlements in suits involving minor plaintiffs, this special duty requires a district

court to 'conduct its own inquiry to determine whether the settlement serves the

best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v.*

*Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)) (citing *Salmeron v. United States*,

724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently

investigate and evaluate any compromise or settlement of a minor's claims to

assure itself that the minor's interests are protected, even if the settlement has been

recommended or negotiated by the minor's parent or guardian ad litem")).

     The Ninth Circuit has stated that district courts should "focus[] on the

net recovery of the minor plaintiffs under the proposed agreement." *Robidoux*,

638 F.3d at 1181.  To that end, courts should "limit the scope of their review to the

question whether the net amount distributed to each minor plaintiff in the

settlement is fair and reasonable, in light of the facts of the case, the minor's

specific claim, and recovery in similar cases." *Id.* at 1181–82.  "Most importantly,

the district court should evaluate the fairness of each minor plaintiff's net recovery

without regard to the proportion of the total settlement value designated for adult

co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special

duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).  "So long as

the net recovery to each minor plaintiff is fair and reasonable in light of their

claims and average recovery in similar cases, the district court should approve the

settlement as proposed by the parties." *Id.*

Plaintiffs assert that the minors' net settlement amounts are calculated by each minor's gross settlement amount less expenses, 25% attorneys' fees pursuant to the FTCA, and 4.712% Hawaii general excise tax, as follows:

| Group | Gross Settlement Amount | Net Recovery Amount |
|---|---|---|
| *Feindt* Group 2 (1 minor) | $18,000 | $12,980.98 |
| *Feindt* Group 3 (1 minor) | $8,000 | $5,598.79 |
| *Feindt* Group 4 (1 minor) | $5,000 | $3,377.04 |
| *Hughes* Group 1 (7 minors) | $27,000 | $19,547.04 to $19,623.55 |
| *Hughes* Group 2 (55 minors) | $18,000 | $12,893.14 to $12,988.07 |
| *Hughes* Group 3 (36 minors) | $8,000 | $5,478.37 to $5,611.53 |
| *Hughes* Group 4 (18 minors) | $5,000 | $3,311.86 to $3,389.79 |

ECF No. 711 at 4–8.

The minors' recovery is similar to the recovery of the minor plaintiffs in the *Feindt* bellwether trial and other cases regarding comparable injuries. *See, e.g.*, *Feindt*, 2025 WL 2254119, at *61; *Williams v. United States*, Civil No. 23-00028 LEK-KJM, 2025 WL 3712269, at *7 (D. Haw. Dec. 11, 2025), *adopted by* 2025 WL 3720623 (D. Haw. Dec. 22, 2025); *Doe v. Lincoln Military Prop. Mgmt. LP*, Case No. 3:20-cv-00224-GPC-AHG, 2020 WL 5587488, at *2, 6 (S.D. Cal. Sept.

18, 2020) (finding minor plaintiffs' net recovery of $19,793.29 and $1,277.04 for injuries including exacerbation of autism, wet coughs, eye infections, sinus infections, lethargy, and shortness of breath, sustained for exposure to black mold and other toxic chemicals fair and reasonable); *Tipton v. Camp Pendleton & Quantico Housing*, LLC, Case No.: 3:22-cv-00167-W-AHG, 2022 WL 5133481, at *3 (S.D. Cal. Oct. 4, 2022) (finding minor plaintiffs' net recoveries of $3,750 for alleged injuries, including apnea, difficulty breathing, sleep walking, rashes, behavioral issues, and psychological symptoms, sustained for exposure to black mold and other toxic chemicals to be fair and reasonable).

In light of the facts of this case, the minors' specific claims, and recovery in similar cases, the Court finds that the settlements for the 119 settling minor plaintiffs are fair and reasonable.  The Court thus recommends that the district court approve the settlements pursuant to Rule 17(c).  *See Robidoux*, 638 F.3d at 1182 (noting that the Court must determine if each settlement "is fair and reasonable in light of the facts of the case, each minor's claims, and typical recovery by minor plaintiffs in similar cases" and that, "[i]f the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented").

7

CONCLUSION

Based on the foregoing, the Court FINDS that the settlements for the 119 settling minor plaintiffs are fair and reasonable.  The Court thus RECOMMENDS that the district court GRANT Plaintiffs' Motion for Approval of Settlement of *Feindt* and *Hughes* Minors' Claims (ECF No. 683).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 2, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Feindt v. United States*, Civil No. 22-00397 LEK-KJM; *Whaley v. United States*, Civil No. 23-00457 LEK-KJM; *Hughes v. United States*, Civil No. 24-00059 LEK-KJM; Findings and Recommendation to Grant Plaintiffs' Motion for Approval of Settlement of *Feindt* and *Hughes* Minors' Claims