IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATRICK FEINDT, JR., ET AL., | ) | Civil No. 22-00397 LEK-KJM |
| | ) | |
| Plaintiffs, | ) | ORDER ON LR37.1 DISCOVERY |
| | ) | DISPUTE |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | Civil No. 24-00059 LEK-KJM |
| _____ | ) | |
| | ) | |
| JACLYN HUGHES, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>ORDER ON LR37.1 DISCOVERY DISPUTE</u>

The parties are before the Court on a LR37.1 discovery dispute. ECF Nos.
746, 748.[1] They have satisfied their meet and confer obligation. *Id.* The Court has
carefully reviewed the parties' letter briefs, along with the applicable law and the
record in these consolidated cases, and rules herein below.

---

[1] The Court cites to the *Feindt* docket, unless otherwise noted.

At the outset, the current dispute signals to the court that the parties and their counsel have lost sight of their prior representations and agreement regarding the underlying basis to proceed with bellwether trials:

> The Parties agree and the Court finds that implementing a bellwether process is the most efficient, fair, and practical method for litigating these claims.  *See* Manual Complex Lit. § 22.312 (4th ed.).  Use of *a bellwether process will enable the parties to select a representative sample of plaintiffs to proceed through full discovery and trial and then use those test cases to help narrow the issue and resolve other cases*.  *See* Manual Complex Lit. § 22.315 (4th ed.).
>
> . . .
>
> The Parties agree that while the results of the Bellwether Plaintiffs' claims shall not be binding on any other Plaintiff, *the Parties will work in good faith to use the Bellwether Cases to resolve issues common to all cases and to evaluate similar claims*.

ECF No. 51 at 4–5 (emphasis added).

The express, agreed-upon purpose of the labor-intensive bellwether process was to inform the thousands of other parties the value of their claims and posture these cases for settlement.  Though thousands of cases have settled in principle, thousands of others have not.  The driving force behind the cases proceeding towards trial appears to be a strong belief, *by counsel for each side*, that they can do better at a second trial.  Instead of rationally and objectively assessing the evidence from the exhaustive bellwether trials, along with District Judge Kobayashi's thoughtful and detailed Findings of Fact and Conclusions of Law, and

applying those findings to the remaining parties and claims, the parties are now arguing over detailed fact discovery that seems unlikely to have a material impact on the outcome of the fast-track trials. The Court is not convinced that anyone is actually undertaking a good faith effort to establish "new data points" that are needed to help resolve the remaining claims. Rather, the available information strongly suggests counsel are looking for a second, third, and perhaps hundred more bites at the proverbial apple. That is certainly how they are posturing the remaining cases.

With the foregoing as background only, the Court proceeds to the instant discovery dispute.

I.      May 11, 2026 Stipulation

On May 11, 2026, the parties agreed to, and the Court approved, a Stipulation to Resolve Certain Discovery Disputes Relating to the Fast Track Trials ("May 11, 2026 Stipulation"). ECF No. 741. This stipulation set forth certain requirements for Plaintiffs and their counsel. *Id.* The Government claims that Plaintiffs have failed to meet their obligations, and it requests an order directing prompt compliance therewith along with relief from certain deadlines applicable to the Government. Plaintiffs do not appear to seriously dispute that they have experienced certain unanticipated issues in complying with the May 11, 2026 Stipulation. Plaintiffs' counsel maintains that curative measures have been taken

as expeditiously as possible, and that Plaintiffs will continue to supplement discovery as necessary.  The Court takes counsel at his word.

Given the sheer size of this case, the Court expects hiccups in fact discovery. The Court, however, is strongly disinclined to micromanage this level of minutiae in fact discovery across thousands of plaintiffs.  *See Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018) (stating that the "discovery process in theory should be cooperative and largely unsupervised by the district court").  The Court expects counsel to work through most of these complications as professionals. Certainly, it bears noting that the Government's preservation and production efforts have been less than perfect.  *See, e.g.*, 2023 WL 8650190 (D. Haw. Dec. 14, 2023), ECF No. 215 at 4 (Government twice reset Captain Erik Spitzer's cellular phone notwithstanding a litigation hold), 5 (Captain James Meyer "hard reset" his cellular phone, resulting in loss of voicemails and text messages).  Particularly at this stage, resolving the remaining claims, however, should focus on the *merits,* not on "gotcha" discovery issues.

The Court DENIES any request to make a different or new order regarding the May 11, 2026 Stipulation.  The Court expects the parties to work earnestly, in good faith, in meeting the requirements of the stipulation.  The Court also expects the parties to comply with LR16.1.  ("All counsel . . . shall proceed with diligence to take all steps necessary to bring an action to readiness for trial.").  The parties

shall continue to use best efforts in meeting their obligations under the stipulation, in full compliance with all of their obligations to the Court and each other.  If slight, reasonable adjustments to the stipulated schedule are necessary, counsel should work those out cooperatively.

II.     Deadline for Plaintiffs to Provide Completed Plaintiff Fact Sheets

The parties also agreed that, with certain exceptions, all Civilian Plaintiffs proceeding to trial must produce (i) completed Fact Sheets by June 5, 2026, and (ii) documents responsive to Question 26 of the Fact Sheets by July 14, 2026.  ECF No. 682 at 6 ¶ 10.  Plaintiffs seek an extension of both deadlines until August 14, 2026.  Plaintiffs also seek to limit upcoming October and November fast-track trial plaintiffs to selection from the 42 plaintiff-families that have presently completed Fact Sheets.  The Government objects to each of these requests.

After carefully considering the matter and applying the Ninth Circuit "good cause" standard set forth in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), the Court GRANTS Plaintiffs (i) an extension of time to complete Fact Sheets until July 6, 2026, and (ii) an extension of time until August 14, 2026 to produce documents responsive to Question 26 of the Fact Sheets.  The Court DENIES Plaintiffs' request to limit selection of future fast-track trial plaintiffs in any fashion.  As stated previously, "[i]f the parties cannot agree on which families

5

should go first, they should agree upon a random selection process or proceed alphabetically."  ECF No. 676.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 29, 2026.

Kenneth J. Mansfield
United States Magistrate Judge

*Feindt v. United States*, Civil No. 22-00397 LEK-KJM; *Hughes v. United States*, Civil No. 24-00059 LEK-KJM; Order on LR37.1 Discovery Dispute