IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATRICK FEINDT, JR., ET AL., | ) | Civil No. 22-00397 LEK-KJM |
| | ) | |
| Plaintiffs, | ) | ORDER SEVERING CERTAIN |
| | ) | PLAINTIFFS AND OPENING NEW |
| vs. | ) | CIVIL CASES (AUGUST 24, 2026 |
| | ) | FAST TRACK PLAINTIFFS) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| JACLYN HUGHES, ET AL., | ) | Civil No. 24-00059 LEK-KJM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDERING SEVERING CERTAIN PLAINTIFFS AND OPENING
NEW CIVIL CASES (AUGUST 24, 2026 FAST TRACK PLAINTIFFS)

This consolidated action includes thousands of individual plaintiffs across

two separate cases:  *Feindt v. United States*, Civil No. 22-00397 LEK-KJM and

*Hughes v. United States*, Civil No. 24-00059 LEK-KJM (together, the

"Consolidated Action").  On August 7, 2025, the district court issued its findings of

fact and conclusions of law for 17 bellwether plaintiffs in *Feindt*.  ECF No. 633[1],

2025 WL 2254119 (D. Haw. Aug. 7, 2025) ("*Feindt* Decision").  Although the

parties and the Court continue to use the *Feindt* Decision to resolve as many claims

as possible, there are currently several thousand plaintiffs for whom the court

needs to set trial dates.

On March 27, 2026, the parties filed a notice identifying certain plaintiffs

who will proceed to a Fast Track Trial on August 24, 2026.  ECF No. 714.  Those

plaintiffs are:  Amber Milam, Amber Milam, as Next Friend to her minor child,

Ar.M., Amber Milam, as Next Friend to her minor child, At.M., Amber Milam, as

Next Friend to her minor child, Av.M., and John Eric Martin (collectively the

"August 24 , 2026 Fast Track Plaintiffs").[2]  *Id.*  The parties and the court have

agreed that the August 24, 2026 Fast Track Plaintiffs will proceed separately to

trial on an expedited basis.

Maintaining the August 24, 2026 Fast Track Plaintiffs in the current

Consolidated Action, which includes thousands of plaintiffs not ready to proceed to

trial, and which is not a class action, will cause confusion and administrative

problems, including within the court's electronic filing system (CM/ECF).  These

---

[1]  The Court cites to the *Feindt* docket, unless otherwise noted.

[2]  Amber Milam has since settled the claims in her individual capacity and as Next
Friend to her minor children, Ar.M, At.M., and Av.M.

issues are compounded by the prospect of hundreds, if not thousands, more similar

trials.  Each of these anticipated trials are likely to have further post-trials

proceedings, including bills of costs and appeals.

Under Federal Rule of Civil Procedure 21, a court may "[o]n motion or

on its own . . . on just terms, add or drop a party," and "may also sever any claim

against a party."  In deciding whether to sever, courts may consider, among other

factors, "fundamental fairness," "judicial economy," and "prejudice to either side."

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).  The Ninth

Circuit in *Coleman* also reasoned that district courts are vested with "broad

discretion" to make severance decisions.  *Id.* at 1297.  Indeed, "the court has

virtually unfettered discretion in determining whether or not severance is

appropriate."  *Grano v. Sodexo Mgmt., Inc.*, 2020 WL 2111898, at *7 (S.D. Cal.

May 4, 2020 (quoting *Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003)).

"As long as there is a discrete and separate claim, the district court may exercise its

discretion and sever it."  *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th

Cir. 2000).

Given the aforementioned administrative reasons, and in light of the court's

discretion to sever parties, the court deems it in the interests of justice and

efficiency to SEVER the August 24, 2026 Fast Track Plaintiffs from this

Consolidated Action (the "Severed Action").  This severance is solely an

administrative matter and is entered to promote efficient case administration and docket management.

This severance does not impact, in any manner, any party's rights or obligations, and does not alter in any manner any previous rulings by the court. All prior orders from the Consolidated Action shall remain in full force and effect in the Severed Action, as if they had been entered in the Severed Action, unless otherwise ordered by the court. Likewise, orders subsequently entered in the Severed Action shall apply with full force and effect in the Consolidated Action, as if they had been entered in the Consolidated Action, unless otherwise ordered by the court.

Thus, the Clerk of Court shall, after severing each of the August 24, 2026 Fast Track Plaintiffs from this action, open a single new civil action for them, and assign the case to this court (District Judge Leslie E. Kobayashi and Magistrate Judge Kenneth J. Mansfield). The Clerk of Court shall terminate the August 24, 2026 Fast Track Plaintiffs as plaintiffs in the Consolidated Action. A filing fee has already been paid to open the Consolidated Action and shall not be collected for the Severed Action. Nor shall any attorney need to reapply for pro hac vice admission in the Severed Action.

4

In the Severed Action, the Clerk shall file this Order along with a duplicate

copy of the entire court docket from Civil No. 22-00397 LEK-KJM then existing

at the time the Severed Action is opened, with this filed Order incorporated into the

initiating docket entry for the Severed Action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 1, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Feindt v. United States*, Civil No. 22-00397 LEK-KJM; *Hughes v. United States*, Civil No. 24-00059
LEK-KJM; Order Severing Certain Plaintiffs and Opening New Civil Cases (August 24, 2026 Fast Track
Plaintiffs)