IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATRICK FEINDT, JR., ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Civil No. 22-00397 LEK-KJM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 801) AND FINDINGS AND RECOMMENDATION TO DISMISS CLAIMS BY AND AGAINST PLAINTIFF LILLIAN FELICIANO FOR LACK OF JURISDICTION |
| JACLYN HUGHES, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Civil No. 24-00059 LEK-KJM |

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 801) AND FINDINGS AND RECOMMENDATION TO DISMISS CLAIMS BY AND AGAINST PLAINTIFF LILLIAN FELICIANO FOR LACK OF JURISDICTION

On June 16, 2026, the Court issued a Findings and Recommendation to Dismiss Claims by and Against Plaintiff Lillian Feliciano ("Plaintiff") ("06/16/2026 F&R"). ECF No. 777.[1] On June 30, 2026, Plaintiff's counsel timely

[1] The Court cites to the *Feindt* docket, unless otherwise noted.

filed a motion for reconsideration of the 06/16/2026 F&R ("Motion for Reconsideration"). ECF No. 801. On July 14, 2026, pursuant to the Court's request, Defendant United States of America ("Defendant") filed an Opposition to the Motion for Reconsideration. ECF No. 836. On July 28, 2026, with the Court's permission, Plaintiff's counsel filed a Reply. ECF No. 858.

The Court elected to decide this matter without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. ECF No. 810. After carefully considering the memoranda, applicable law, and the record in this case, the Court DENIES the Motion for Reconsideration for the reasons set forth below. In light of the briefing on the Motion for Reconsideration, the Court also FINDS AND RECOMMENDS that the district court DISMISS any claims by and against Plaintiff on the basis of lack of subject-matter jurisdiction for the reasons set forth below.

DISCUSSION

Plaintiff passed away on December 7, 2024. ECF No. 801-3 at 2 ¶ 1. On August 11, 2025, Plaintiff was added as a plaintiff in the First Amended Complaint filed in *Hughes v. United States*, CV 24-00059 LEK-KJM ("*Hughes*"). *Hughes*, ECF No. 209 at 1561 ¶ 3376. On March 13, 2026, Defendant filed a Suggestion of Death of Plaintiff. ECF No. 697.

On June 16, 2026, the Court issued the 06/16/2026 F&R. ECF No. 777. Therein, the Court recommended dismissal of claims by and against Plaintiff for failure to timely substitute Plaintiff under Federal Rule of Civil Procedure 25(a)(1). Plaintiff seeks reconsideration of the 06/16/2026 F&R on the basis that Plaintiff's daughter, Annette E. Ramento ("Ms. Ramento"), was appointed as the special administrator of Plaintiff's estate on June 26, 2026, and may now be properly substituted for Plaintiff.

Under Local Rule 60.1, motions for reconsideration of interlocutory orders, such as the 06/16/2026 F&R, "may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact." LR60.1. Plaintiff asserts that Ms. Ramento's recent appointment is a new material fact that was not previously available and warrants reconsideration. *See* ECF No. 801 at 6–7.

Although the Court agrees that Ms. Ramento's appointment as special administrator of Plaintiff's estate is a new fact, for the reasons that follow, this new fact does not change the Court's ultimate conclusion to recommend dismissal of any claims by or against Plaintiff.

Defendant's Suggestion of Death of Plaintiff Lilian Feliciano indicated that Plaintiff died during the pendency of this case:

> Pursuant to Federal Rule of Civil Procedure 25, the United States hereby suggests on the record the death of Plaintiff Lilian Feliciano during the pendency of this case. Plaintiffs' counsel has notified the United States that Ms. Feliciano has passed away and that they represent her daughter, Annette Ramento, who is the successor of Ms. Feliciano's estate.

ECF No. 697 at 3.

The record now makes clear, however, that Plaintiff actually passed before being added to the case. The Motion for Reconsideration makes no mention of this timing, only including the date of death in an exhibit. ECF No. 801-3. The Government then highlighted this issue in its Opposition. ECF No. 836 at 6. Plaintiff's counsel then acknowledged this in the Reply. ECF No. 858 at 6 ("It was not until early 2026 that counsel learned that Ms. Feliciano had passed away on December 7, 2024."). In a declaration submitted in support of the Motion for Reconsideration, Plaintiff's counsel states that "[c]ounsel was not aware that [Plaintiff] died until early 2026 and was therefore not aware at the time the First Amended Complaint was filed that [Plaintiff] was deceased." ECF No. 858-1 at 2 ¶ 9.

The Ninth Circuit has held that "a party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). "[T]he dead lack the capacities that litigants must

have to allow for a true Article III case or controversy." *Id.* at 953. "In short, 'a deceased plaintiff lacks Article III standing.'" *Id.* (quoting *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 784 (4th Cir. 2019) (unpublished)).

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Here, because Plaintiff was deceased at the time she filed her claims, the Court finds that Plaintiff lacked the capacity to sue and Article III standing when she brought her claims.

The remaining issue, then, is whether Plaintiff can cure her lack of standing after the fact. "The question of whether this jurisdictional defect can be cured through application of a federal procedural rule, such as Rule 17 or 25, is the subject of a circuit court split." *Joshua G. v. Kijakazi*, No. 4:20-cv-05188-ACE, 2022 WL 17224190, at *2 (E.D. Wash. June 21, 2022). The Ninth Circuit has not ruled on this issue. *See LN Mgmt., LLC*, 957 F.3d at 955 (finding it unnecessary to "rule on the tricky substitution questions" because the matter involved an absent

defendant). On one hand, "[t]he D.C. circuit, as well as the Fourth and Fifth circuits (albeit in unpublished opinions), have rejected the notion of curing a problem of Article III standing by substitution of parties." *Joshua G. v. Kijakazi*, 2022 WL 17224190, at *2 (citing *Kurtz v. Baker*, 829 F.2d 1133, 1145 (D.C. Cir. 1987) (rejecting the argument that one can "cure a problem of Article III standing by substituting parties"); *House*, 796 F. App'x at 788 ("[J]urisdiction is a threshold issue, determined at the time of filing. And when jurisdiction does not exist at that time, the court's only role is to dismiss the case"); *Hernandez v. Smith*, 793 F. App'x 261, 265-66 (5th Cir. 2019) (plaintiff "did not have standing to sue because she was deceased" and precedent did not permit use of the procedural rule to "go back in time to cure this jurisdictional defect.")).

On the other hand, the Tenth Circuit "allows the substitution of a dead plaintiff through Federal Rule of Civil Procedure 17." *Id.* (citing *Esposito v. United States*, 368 F.3d 1271, 1276–78 (10th Cir. 2004)). The Second Circuit, in a case involving corporate entities rather than individuals, has also "held that the jurisdictional defect created by a plaintiff lacking standing can be cured 'so long as the real party in interest is willing to join the case [under Federal Rule of Civil Procedure 17] *and has had standing since the case's inception*.'" *Id.* (brackets in original and italics added) (quoting *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 388 (2nd Cir. 2021), *cert. denied*, 142 S.Ct. 757 (2022)).

Understanding that the Ninth Circuit has not resolved this question, the Court agrees with the D.C. Circuit and the Fourth and Fifth Circuits that substitution cannot cure the jurisdictional defect of Article III standing where a plaintiff was deceased when the suit was filed. Jurisdiction is a threshold issue, and at the time of filing, the deceased Plaintiff lacked standing to sue Defendant.

Nevertheless, for the sake of completeness, the Court addresses the "tricky question" of whether substitution can cure this jurisdictional defect, and it finds that substitution would not be appropriate under the circumstances. First, Rule 25 substitution would be improper because Plaintiff was deceased at the time she filed her claims. "Rule 25(a) presupposes that the deceased was already a party in the action prior to death." *Gilmore v. Lockard*, 936 F.3d 857, 865 n.4 (9th Cir. 2019). Understanding now that Plaintiff died prior to bringing her claims, Rule 25 substitution is not available.

That leaves the remaining question of whether, as Plaintiff argues in her Reply, Rule 17 permits substitution under the circumstances. The Court finds that it does not. Rule 17 requires that an action be prosecuted "in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P.

17(a)(3). The Court interprets the Motion for Reconsideration and Reply as Plaintiff's Rule 17(a)(3) objection.

The purpose of Rule 17(a)(3) "is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." *Goodman v. United States,* 298 F.3d 1048, 1053 (9th Cir. 2002) (citations omitted). The Advisory Committee Notes to Rule 17 likewise state that Rule 17(a)(3) is "intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17 advisory committee's note, 1966 amendment. Neither Rule 17 exception applies here.

First, the determination of the proper party to sue on behalf of a deceased individual is not "difficult." Second, the Court finds that counsel's representation that they had an attorney-client relationship with, and filed a lawsuit on behalf of, a deceased client to not be an "understandable mistake." Even in a case of this size, it is difficult to understand unknowingly filing a lawsuit on behalf of a deceased client. "[A] lawyer's responsibilities to the court are not diluted even by an ocean of claims." *In re Engle Cases*, 767 F.3d 1082, 1087 (11th Cir. 2014) (the Eleventh Circuit affirming the district court's dismissal of plaintiffs' claims who were discovered to be deceased at the time of the filing of claims in ongoing tobacco litigation). And even under the Second Circuit rule permitting Rule 17

substitution, because Ms. Ramento lacked standing when Plaintiff's claims were filed, Ms. Ramento cannot now be joined as a real party in interest. *Liquidation Holdings*, 991 F.3d at 384. Accordingly, the Court finds Rule 17 substitution inappropriate here.

Because Plaintiff was deceased when the First Amended Complaint was filed, Plaintiff lacked the capacity to sue and Article III standing. Neither Rule 17(a)(3) nor Rule 25 can cure this jurisdictional defect. The Court thus finds and recommends that the district court dismiss any claims by and against Plaintiff on the basis of lack of subject-matter jurisdiction, instead of Plaintiff's failure to substitute under Rule 25(a)(1) as recommended in the 06/16/2026 F&R. *See LN Mgmt.*, 957 F.3d at 953; *House*, 796 F. App'x at 784; *Joshua G. v. Kijakazi*, No. 4:20-cv-05188-ACE, 2022 WL 4596701, at *1 (E.D. Wash. July 26, 2022), *adopted by* No. 4:20-cv-05188-MKD, 2022 WL 4596700 (E.D. Wash. Aug. 12, 2022) (the district court affirming the recommended dismissal of a plaintiff's claims because the court lacked jurisdiction due to the plaintiff's death prior to the filing of the lawsuit).

//

//

//

//

CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion for Reconsideration of the 06/16/2026 F&R (ECF No. 801). Upon reconsideration, the Court FINDS AND RECOMMENDS that the district court dismiss any claims by and against Plaintiff on the basis of lack of subject-matter jurisdiction. In light of this recommendation, the Court recommends that the district court deem the 06/16/2026 F&R (ECF No. 777) withdrawn.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 18, 2026.

Kenneth J. Mansfield
United States Magistrate Judge

*Feindt v. United States*, Civil No. 22-00397 LEK-KJM; *Hughes v. United States*, Civil No. 24-00059 LEK-KJM; Order Denying Plaintiff's Motion for Reconsideration (ECF No. 801) and Findings and Recommendation to Dismiss Claims By and Against Plaintiff Lillian Feliciano for Lack of Jurisdiction