# MINUTE ORDER

CASE NUMBERS: 1:22-cv-00397-LEK-KJM
1:24-cv-00059-LEK-KJM

CASE NAMES: Patrick Feindt Jr. et al. vs. United States of America
Jaclyn Hughes et al. v. United States of America

---

JUDGE: Leslie E. Kobayashi DATE: 8/20/2026

---

COURT ACTION: EO: ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERPLEAD SETTLEMENT ATTORNEYS' FEES AND IMMEDIATE ACCOUNTING AND DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING REGARDING **AMENDED MOTION TO COMPEL AND STAY** HOSODA LAW GROUP, AAL, ALC'S MOTION TO INTERPLEAD SETTLEMENT ATTORNEYS' FEES AND IMMEDIATE ACCOUNTING [ECF NO. 797]

Feindt et al. v. United States, CV 22-00397 LEK-KJM ("Feindt"), and Hughes et al. v. United States, CV 24-00059 LEK-KJM ("Hughes"), are consolidated. See Feindt, Order Granting United States' Motion to Consolidate, filed 4/11/24 (dkt. no. 413); id., Minute Order – EO: Order Amending the Order Granting United States' Motion to Consolidate, filed 6/3/26 (dkt. no. 758) (removing a third case). All docket number references in this entering order will refer to the Feindt case docket, unless otherwise stated.

Before this Court is Hosoda Law Group, AAL, ALC's ("HLG") Motion to Interplead Settlement Attorneys' Fees and Immediate Accounting ("HLG Motion"), filed on June 29, 2026. [Dkt. no. 797.] Kristina Baehr, Esq. ("Baehr") and Just Well Law, PLLC ("JWL" and collectively the "Baehr Parties") filed their memorandum in opposition to the HLG Motion on July 14, 2026. [Dkt. no. 839.] Also on July 14, 2026, Motley Rice LLC ("Motley") filed a response to the HLG Motion ("Motley Response"). [Dkt. no. 837.] HLG filed its reply on July 21, 2026 ("HLG Reply"). [Dkt. no. 848.]

Before this Court is also the Baehr Parties' **Amended Motion to Compel Arbitration and Stay** Hosoda Law Group, AAL, ALC's Motion to Interplead Attorney's Fees and Immediate Accounting [ECF No. 797] ("Baehr Motion"), filed on July 13, 2026. [Dkt. no. 834.] HLG filed its memorandum in opposition to the Baehr Motion on July 28, 2026. [Dkt. no. 859.] The Baehr Parties filed their reply on August 4, 2026. [Dkt. no. 862.]

The HLG Motion concerns, *inter alia*, a dispute between co-counsel, Lyle S. Hosoda, Esq. ("Hosoda"), Baehr, and their firms, HLG and JWL, respectively, regarding litigation loans that the Baehr Parties allegedly incurred in the representation of Plaintiffs. See HLG Motion, Mem. in Supp. at 3-6. The Baehr Motion concerns, *inter alia*, an arbitration provision contained in an agreement executed by JWL, HLG, and The Lanier Law Firm, P.C. ("Lanier") on November 22, 2022 ("11/22/22 Fee Agreement"), which set forth the terms upon which the three firms would jointly prosecute Plaintiffs' claims. See Baehr Motion at 2-3. After Lanier withdrew, JWL proposed bringing Motley in as a new partner. See HLG Motion, Mem. in Supp. at 4.

The HLG Motion and the Baehr Motion came on for hearing on August 11, 2026. For the reasons set forth below, the HLG Motion is granted in part and denied in part, and the parties are ordered to file supplemental briefing concerning issues related to the Baehr Motion.

## I. HLG Motion

HLG asks the Court to: 1) interplead settlement attorney's fees and costs; 2) order an immediate accounting of all attorney's fees and costs; 3) issue an order to show cause concerning whether Baehr's conduct violates the Hawai`i Rules of Professional Conduct; and 4) order any other appropriate relief. [HLG Motion at 2.] In the HLG Reply, however, HLG states that Motley "has resolved [its] first request," *i.e.*, its request to interplead settlement attorney's fees and costs, "by agreeing to hold the monies pending this Court's determination." See HLG Reply at 1 (citing Motley Response). Accordingly, since HLG has represented that its interpleader request has been resolved, this Court denies the request for interpleader as moot. This Court also denies HLG's request for immediate accounting without prejudice. HLG may renew its request for an accounting after this Court rules on the Baehr Motion.

This Court GRANTS the HLG Motion insofar as this Court ORDERS the Baehr Parties to show cause why Baehr's conduct does not violate the Hawai`i Rules of Professional Conduct. The HLG Motion is DENIED in all other respects.

Individuals who are not members of the bar of the District of Hawai`i may nevertheless practice in the District of Hawai`i subject to certain conditions. See Local Rule LR83.1(c). An attorney may practice in the District of Hawai`i by applying for pro hac vice status to appear in a particular case. See Local Rule LR83.1(c)(2)(A).

Local Rule 83.3 states: "Every member of the bar of this court and any attorney permitted to practice in this court pursuant to LR83.1(c) shall be governed by and shall observe the standards of professional and ethical conduct required of members of the State Bar of Hawaii." Local Rule 83.4(a) states:

> When alleged attorney misconduct is brought to the attention of the court, the court may, in its discretion, handle the matter on its own through the use of its inherent, statutory, or other powers; refer the matter to an appropriate state bar or other agency for investigation and disposition; conduct an investigation on its own or through a designee; or take any other action the court deems appropriate. These procedures are not mutually exclusive, and nothing contained in the Local Rules should be construed to deny the court its inherent, statutory, or other powers to maintain control and preside over matters and proceedings conducted before it, including any contempt proceedings that may be proceeding elsewhere for the same conduct. Any reference made pursuant to these rules may be withdrawn by the court at any time in its discretion.
>
> Unless the court directs otherwise, disciplinary proceedings shall be public.
>
> Discipline imposed under these rules may include disbarment from this court, suspension from practice for a definite time, public or private reprimand, monetary penalties, including the payment of costs of the disciplinary proceedings, restitution, and/or such other discipline as the court may deem proper.

The Ninth Circuit Court of Appeals has held that

> a district court need only provide notice and an opportunity to be heard before revoking an attorney's *pro hac vice* status, and we have specified that the "opportunity to be heard does not require an oral or evidentiary hearing on the issue." Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000). Indeed, we have held that "[t]he opportunity to brief the issue fully satisfies due process requirements." Id.

Lasar v. Ford Motor Co., 399 F.3d 1101, 1112 (9th Cir. 2005) (alteration in Lasar). Rule 1.5(f) of the Hawai`i Rules of Professional Conduct provides:

> A division of fees between lawyers who are not in the same firm may be made only if:
>
> (1) the division is in proportion to the services performed by each lawyer and, by written agreement with the client, each lawyer assumes joint responsibility for the representation;
>
> (2) the client is advised of and does not object to the participation of all the lawyers involved; and
>
> (3) the total fee is reasonable.

It is professional misconduct for an attorney to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." See Haw. R. Pro. Conduct Rule 8.4(c).

The Baehr Parties are ORDERED to respond to this order to show cause by filing a memorandum by **September 3, 2026**. HLG, or any other interested party, may file a response to the Baehr Parties' memorandum by **September 10, 2026**. The Baehr Parties may file an optional reply by **September 17, 2026**. Once this Court has reviewed the memoranda, it will determine whether a hearing on the order to show cause is necessary. If this Court determines that a hearing is not necessary, it will take the matter under advisement and will issue a written order.

## II. Baehr Motion

As to the Baehr Motion, HLG and the Baehr Parties are ORDERED to file supplemental memoranda addressing the following questions:

1) Is the 11/22/22 Fee Agreement still in effect?

2) Assuming the 11/22/22 Fee Agreement is still in effect, does the dispute over whether HLG's share of attorney's fees is subordinated to litigation loans made to the Baehr Parties by third parties other than Motley fall within the scope of the arbitration clause in paragraph 7 of the 11/22/22 Fee Agreement, which covers any dispute "relating in any way to," [HLG Motion at 2 (citations omitted),] the agreement?

3) Assuming that the dispute described in the previous question constitutes a dispute that relates in any way to the 11/22/22 Fee Agreement, is there mutual assent between HLG and/or Hosoda and the Baehr Parties to arbitrate that issue?

The Baehr Parties are ORDERED to file their supplemental memorandum by **September 3, 2026**. HLG shall file a response by **September 7, 2026**. The Baehr Parties may file an optional reply by **September 14, 2026**. The Baehr Motion will be taken under advisement thereafter.

IT IS SO ORDERED.

Submitted by: Carla Cortez, Courtroom Manager