IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATRICK FEINDT, JR., ET AL., Plaintiffs, vs. UNITED STATES OF AMERICA, Defendant. | ) | Civil No. 22-00397 LEK-KJM<br>ORDER SEVERING CERTAIN PLAINTIFFS AND OPENING NEW CIVIL CASES (NOVEMBER 9, 2026 FAST TRACK PLAINTIFFS) |
| JACLYN HUGHES, ET AL., Plaintiffs, vs. UNITED STATES OF AMERICA, Defendant. | ) | Civil No. 24-00059 LEK-KJM |

ORDER SEVERING CERTAIN
PLAINTIFFS AND OPENING NEW CIVIL CASES
(NOVEMBER 9, 2026 FAST TRACK PLAINTIFFS)

This consolidated action includes thousands of individual plaintiffs across two separate cases: *Feindt v. United States*, Civil No. 22-00397 LEK-KJM and *Hughes v. United States*, Civil No. 24-00059 LEK-KJM (together, the "Consolidated Action"). On August 7, 2025, the district court issued its findings of

fact and conclusions of law for 17 bellwether plaintiffs in *Feindt*. ECF No. 633[1], 2025 WL 2254119 (D. Haw. Aug. 7, 2025) ("*Feindt* Decision"). Although the parties and the Court continue to use the *Feindt* Decision to resolve as many claims as possible, there are currently several thousand plaintiffs for whom the court needs to set trial dates.

On July 20, 2026, the parties filed a notice identifying certain plaintiffs who will proceed to a Fast Track Trial on November 9, 2026. ECF No. 847. Those plaintiffs are: Amy Seifert Leppert, as Next Friend to her minor child, C.A.L, Amy Seifert Leppert, as Next Friend to her minor child, C.M.L., Amy Seifert Leppert, as Next Friend to her minor child, R.A.L, Genevieve Mayer, as Next Friend to her minor child, J.B.M., Genevieve Mayer, as Next Friend to her minor child, J.E.M., and Genevieve Mayer, as Next Friend to her minor child, J.W.M. (collectively the "November 9, 2026 Fast Track Plaintiffs").[2] *Id.* The parties and the court have agreed that the November 9 Fast Track Plaintiffs will proceed separately to trial on an expedited basis.

Maintaining the November 9, 2026 Fast Track Plaintiffs in the current Consolidated Action, which includes thousands of plaintiffs not ready to proceed to

---

[1] The Court cites to the *Feindt* docket, unless otherwise noted.

[2] The parties have since settled some, but not all, of the November 9 Fast Track Plaintiffs' claims subject to motion practice.

trial, and which is not a class action, will cause confusion and administrative problems, including within the court's electronic filing system (CM/ECF). These issues are compounded by the prospect of hundreds, if not thousands, more similar trials. Each of these anticipated trials are likely to have further post-trials proceedings, including bills of costs and appeals.

Under Federal Rule of Civil Procedure 21, a court may "[o]n motion or on its own . . . on just terms, add or drop a party," and "may also sever any claim against a party." In deciding whether to sever, courts may consider, among other factors, "fundamental fairness," "judicial economy," and "prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). The Ninth Circuit in *Coleman* also reasoned that district courts are vested with "broad discretion" to make severance decisions. *Id.* at 1297. Indeed, "the court has virtually unfettered discretion in determining whether or not severance is appropriate." *Grano v. Sodexo Mgmt., Inc.*, 2020 WL 2111898, at *7 (S.D. Cal. May 4, 2020 (quoting *Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003)). "As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Given the aforementioned administrative reasons, and in light of the court's discretion to sever parties, the court deems it in the interests of justice and

efficiency to SEVER the November 9, 2026 Fast Track Plaintiffs from this Consolidated Action (the "Severed Action"). This severance is solely an administrative matter and is entered to promote efficient case administration and docket management.

This severance does not impact, in any manner, any party's rights or obligations, and does not alter in any manner any previous rulings by the court. All prior orders from the Consolidated Action shall remain in full force and effect in the Severed Action, as if they had been entered in the Severed Action, unless otherwise ordered by the court. Likewise, orders subsequently entered in the Severed Action shall apply with full force and effect in the Consolidated Action, as if they had been entered in the Consolidated Action, unless otherwise ordered by the court.

Thus, the Clerk of Court shall, after severing each of the November 9, 2026 Fast Track Plaintiffs from this action, open a single new civil action for them, and assign the case to this court (District Judge Leslie E. Kobayashi and Magistrate Judge Kenneth J. Mansfield). The Clerk of Court shall terminate the November 9, 2026 Fast Track Plaintiffs as plaintiffs in the Consolidated Action. A filing fee has already been paid to open the Consolidated Action and shall not be collected for the Severed Action. Nor shall any attorney need to reapply for pro hac vice admission in the Severed Action.

In the Severed Action, the Clerk shall file this Order along with a duplicate copy of the entire court docket from Civil No. 22-00397 LEK-KJM then existing at the time the Severed Action is opened, with this filed Order incorporated into the initiating docket entry for the Severed Action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 22, 2026.

Kenneth J. Mansfield
United States Magistrate Judge

*Feindt v. United States*, Civil No. 22-00397 LEK-KJM; *Hughes v. United States*, Civil No. 24-00059 LEK-KJM; Order Severing Certain Plaintiffs and Opening New Civil Cases (November 9, 2026 Fast Track Plaintiffs)