UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR. et al., Plaintiffs, vs. UNITED STATES OF AMERICA, Defendant. | CIV. NO. 22-00397 LEK-KJM |
| JACLYN HUGHES, et al., Plaintiffs, vs. UNITED STATES OF AMERICA, Defendant. | CIV. NO. 24-00059 LEK-KJM |

**ORDER DENYING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS CLAIMS BY AND AGAINST PLAINTIFF LILLIAN FELICIANO [ECF NO. 884], FILED ON AUGUST 18, 2026, AND ADOPTING THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 801) AND FINDINGS AND RECOMMENDATION TO DISMISS CLAIMS BY AND AGAINST PLAINTIFF LILLIAN FELICIANO FOR LACK OF JURISDICTION**

On June 16, 2026, the magistrate judge issued the Findings and Recommendation to Dismiss Claims by and Against Plaintiff Lil[l]ian Feliciano ("6/16/26 F&R").[1] [Dkt. no. 777.]

[1] Feindt et al. v. United States, CV 22-00397 LEK-KJM ("Feindt"), and Hughes et al. v. United States, CV 24-00059 LEK-KJM ("Hughes"), are consolidated. See Feindt, Order Granting United States' Motion to Consolidate, filed 4/11/24 (dkt. no. 413); id., Minute Order - EO: Order Amending the Order

(. . . continued)

On June 30, 2026, Annette E. Ramento ("Ramento"), through Plaintiffs' counsel, filed a motion seeking reconsideration of the 6/16/26 F&R ("Motion for Reconsideration"). [Dkt. no. 801.]

On August 18, 2026, the magistrate judge issued the Order Denying Plaintiff's Motion for Reconsideration (ECF No. 801) and Findings and Recommendation to Dismiss Claims by and Against Plaintiff Lillian Feliciano for Lack of Jurisdiction ("8/18/26 Order and F&R"). [Dkt. no. 884.[2]] On August 20, 2026, Lillian Feliciano, Deceased ("Feliciano"), through Plaintiffs' counsel, filed an objection asking the Court to decline to adopt the 8/18/26 Order and F&R ("Objection"). [Dkt. no. 890.] On September 8, 2026, Defendant United States of America ("United States") filed a response opposing the Objection ("Opposition"). [Dkt. no. 913.] Feliciano filed a reply on September 22, 2026 ("Reply"). [Dkt. no. 934.]

The Court considers the Objection as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii

Granting United States' Motion to Consolidate, filed 6/3/26 (dkt. no. 758) (removing a third case). All docket number references in this Order will refer to the Feindt case docket, unless otherwise stated.

[2] The 8/18/26 Order and F&R is also available at 2026 WL 2410047.

("Local Rules"). The Objection is denied, and the 8/18/26 Order and F&R is adopted for the reasons set forth below.

## BACKGROUND

This Order incorporates the background from the 8/18/26 Order and F&R and supplements it as necessary. This case arises out of the May 6 and November 20, 2021 fuel leaks from the United States Navy's ("the Navy") Red Hill Bulk Fuel Storage Facility on Joint Base Pearl Harbor-Hickam ("Red Hill" and "JBPHH"). Hughes, First Amended Complaint, filed 8/11/25 (dkt. no. 209) ("Hughes First Amended Complaint"), at ¶¶ 4-49; see also id. at ¶ 3376 (allegations specific to Feliciano). A detailed background of the facts at issue in the instant case is set forth in the Court's August 7, 2025 Findings of Fact and Conclusions of Law ("FOFCOL"). [Dkt. no. 633.[3]]

On September 19, 2023, Feliciano filed a Standard Form 95 ("SF-95"),[4] which purportedly provided the United States information about Feliciano's alleged injuries arising out of

[3] The Court's FOFCOL is also available at 2025 WL 2254119. An appeal of the Court's FOFCOL and its Order and Final Judgment, [filed 9/9/25 (dkt. no. 636),] is pending before the Ninth Circuit Court of Appeals. [Notice of Appeal, filed 11/10/25 (dkt. no. 650).]

[4] "An SF-95 is a form used to submit an administrative claim for damage, injury, or death." Est. of Vinberg through Vinberg v. United States, 636 F. Supp. 3d 1002, 1005 (D. Alaska 2022) (citation and internal quotation marks omitted).

the Red Hill incident. See Reply to the United States' Opposition to Plaintiff's Motion for Reconsideration of the Court's Findings and Recommendation to Dismiss Claims by and Against Lillian Feliciano, Filed on June 30, 2026 [ECF 801], filed 7/28/26 (dkt. no. 858), Declaration of Cindi Anne Solomon ("Solomon Decl.") at ¶ 6.[5] The Hughes action commenced on February 5, 2024. See Hughes, Complaint, filed 2/5/24 (dkt. no. 1). Feliciano passed away on December 7, 2024. See 8/18/26 Order and F&R, 2026 WL 2410047, at *1 (citation omitted).

On August 11, 2025, Feliciano was added to the Hughes action as a plaintiff. See Hughes First Amended Complaint at ¶ 3376. On September 5, 2025, the United States provided Feliciano a settlement offer, which was accepted by Ramento, Feliciano's daughter, on September 23, 2025. [Solomon Decl. at ¶¶ 10-11.]

On January 16, 2026, Plaintiffs' counsel produced a letter dated January 8, 2026 from Feliciano's medical provider, Macrina Vicerra-Jaena ("1/8/26 Letter"), which was produced as proof of residency for the settlement offer and which stated that Feliciano "passed away in December 2024." See Opposition to Plaintiff's Motion for Reconsideration of the Court's Findings

[5] The parties did not identify whether Feliciano's SF-95 is in the record, nor did the Solomon Declaration attach the SF-95 as an exhibit.

and Recommendation to Dismiss Claims by and Against Lillian Feliciano, filed 7/14/26 (dkt. no. 836), Declaration of Lucas R. White ("White Decl.") at ¶ 4; White Decl., Exh. 1 (1/8/26 Letter). Feliciano's counsel was not aware of her death "until early 2026." [Solomon Decl. at ¶ 9.] On March 4, 2026, the United States' counsel emailed Feliciano's counsel concerning the 1/8/26 Letter and informed Feliciano's counsel that the United States would file a suggestion of death unless Feliciano's counsel filed a motion to substitute Feliciano's estate by March 13, 2026. See White Decl., Exh. 2 at PageID.50282 (3/4/26 email from Caroline W. Stanton to Ben Johanson). Plaintiffs did not file a motion to substitute by the March deadline, and the United States filed a Suggestion of Death of Plaintiff Lil[l]ian Feliciano on March 13, 2026 ("3/13/26 Suggestion"). [Dkt. no. 697.] Ramento, through counsel, agreed to waive service of the 3/13/26 Suggestion, and in doing so represented that

> I understand that I, or the person I represent, must file and serve a motion to substitute the legal representative of Li[l]lian Feliciano's estate as the proper party to this action within 90 days from March 10, 2026, the date when this request was sent. Otherwise, Lil[l]ian Feliciano's claims in this action will be subject to dismissal.

[3/13/26 Suggestion, Waiver of Service for Suggestion of Death, at 2.] A motion to substitute was not filed within ninety days

from March 10, 2026. Accordingly, the magistrate judge issued the 6/16/26 F&R recommending that Feliciano's claims be dismissed. See 6/16/26 F&R at 2. On June 26, 2026, Ramento was appointed as the special administrator of Feliciano's estate. See 8/18/26 Order and F&R, 2026 WL 2410047, at *1.

In the 8/18/26 Order and F&R, the magistrate judge concluded that Federal Rules of Civil Procedure 17 and 25 could not cure Feliciano's lack of standing when she was named as a plaintiff in Hughes. See id. at *2-3. Specifically, the magistrate judge concluded: "Because [Feliciano] was deceased when the [Hughes] First Amended Complaint was filed, [Feliciano] lacked the capacity to sue and Article III standing. Neither Rule 17(a)(3) nor Rule 25 can cure this jurisdictional defect." Id. at *4. The magistrate judge also recommended that, upon reconsideration, the Court dismiss Feliciano's claims for lack of subject matter jurisdiction and deem the 6/16/26 F&R withdrawn. See id.

## STANDARD

### I. Review of a Magistrate Judge's Order

The Ninth Circuit Court of Appeals has stated:

> [Title 28 United States Code] Section 636(b)(1) and its procedural counterpart, Federal Rule of Civil Procedure 72, create a distinction between "non-dispositive" pretrial motions that may be referred to a magistrate judge for a decision and "case-dispositive motions" that "may be referred only for evidentiary hearing, proposed findings,

> and recommendations" to the district court unless the parties agree otherwise. Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015) (quoting United States v. Reyna-Tapia, 328 F.3d 1114, 1118 (9th Cir. 2003) (en banc)). When a magistrate judge rules on a non-dispositive matter, a district judge may "reconsider" that ruling only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); accord Fed. R. Civ. P. 72(a). But when a magistrate judge issues a report and recommendation on a dispositive matter, a district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).

CPC Pat. Techs. Pty Ltd. v. Apple, Inc., 34 F.4th 801, 803-04 (9th Cir. 2022) (footnote omitted).

Nondispositive matters are those "pretrial matter[s] not dispositive of a party's claim or defense . . . ." Fed. R. Civ. P. 72(a). "Under [Ninth Circuit] caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, [the Ninth Circuit] examine[s] whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (citations omitted).

> The Ninth Circuit has explained, "Pretrial orders of a magistrate [judge] under 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to de novo determination. The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (quotation marks and citations omitted). Instead, the court must defer to the nondispositive order

> by a magistrate judge unless it is "clearly erroneous or contrary to law."

Ehart v. Lahaina Divers Inc., CIVIL NO. 21-00475 SOM-KJM, 2024 WL 1018363, at *1 (D. Hawai`i Mar. 8, 2024) (alteration in Ehart).

> Where the magistrate judge's order, findings, and/or recommendations involve a dispositive matter, however, the Court must review de novo those portions to which objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Local Rule 74.2; Fed. R. Civ. P. 72(b). Under a de novo standard, the Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

Batiste v. Sun Kona Fin. I, LLC, Civ. No. 15-00397 ACK-KSC, 2016 WL 756556, at *4 (D. Hawai`i Feb. 26, 2016). The 8/18/26 Order and F&R, if fully adopted by the Court, would dispose of Feliciano's claims. Therefore, the Court reviews the 8/18/26 Order and F&R de novo.

## II. Standing for the Deceased

> Article III of the United States Constitution limits federal court jurisdiction to "real controvers[ies] with real impact on real persons." TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021) (citation omitted). "[T]he dead lack the capacities that litigants must have to allow for a true Article III case or controversy." See LN Mgmt., LLC v. JPMorgan Chase Bank, N.A., 957 F.3d 943, 953 (9th Cir. 2020). "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any

other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." Id.

The question of whether this jurisdictional defect can be cured through application of a federal procedural rule, such as Rule 17 or 25, is the subject of a circuit court split. . . . [T]he Ninth Circuit has not ruled on this issue. See LN Mgmt., LLC, 957 F.3d at 955 (finding it unnecessary to "rule on the tricky substitution questions" because the matter involved an absent defendant). The D.C. circuit, as well as the Fourth and Fifth circuits (albeit in unpublished opinions), have rejected the notion of curing a problem of Article III standing by substitution of parties. See Kurtz v. Baker, 829 F.2d 1133, 1145 (D.C. Cir. 1987) (rejecting the argument that one can "cure a problem of Article III standing by substituting parties"); House v. Mitra QSR KNE LLC, 796 F. App'x 783, 788 (4th Cir. 2019) ("[J]urisdiction is a threshold issue, determined at the time of filing. And when jurisdiction does not exist at that time, the court's only role is to dismiss the case"); Hernandez v. Smith, 793 F. App'x 261, 265-66 (5th Cir. 2019) (plaintiff "did not have standing to sue because she was deceased" and precedent did not permit use of the procedural rule to "go back in time to cure this jurisdictional defect.").

The Tenth Circuit, on the other hand, allows the substitution of a dead plaintiff through Federal Rule of Civil Procedure 17. See Esposito v. United States, 368 F.3d 1271, 1276-78 (10th Cir. 2004) (permitting an estate to join a case through Rule 17 even though the case was initiated in the name of a deceased plaintiff). In Esposito, the [circuit court] observed that "nothing in Rule 17(a) requires that the original plaintiff have capacity to sue[,]" and concluded substitution should be allowed and "shall have the same effect as if the action had been commenced in the name of the real party in interest." Id. at 1277-78; see Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action

> for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.”).
>
> Likewise, the Second Circuit has held that the jurisdictional defect created by a plaintiff lacking standing can be cured “so long as the real party in interest is willing to join the case [under Federal Rule of Civil Procedure 17] and has had standing since the case’s inception.” Fund Liquidation Holdings LLC, et al., v. Bank of America Corp., et al., 991 F.3d 370, 386 (2nd Cir. 2021), *cert. denied*, 142 S. Ct. 757 (2022) (“When viewed this way, filing a complaint in the name of a deceased or non-existent nominal plaintiff is akin to an error in the complaint’s allegations of jurisdiction. . . . in certain instances, subject-matter jurisdiction can even be obtained after a case’s initiation and given retroactive effect through procedural rules.”).

Joshua G. v. Kijakazi, No. 4:20-cv-05188-ACE, 2022 WL 17224190, at *2 (E.D. Wash. June 21, 2022) (some alterations in Joshua G.).

**DISCUSSION**

Feliciano urges the Court to decline to adopt the 8/18/26 Order and F&R. She contends that the magistrate judge erred in failing to adopt the Tenth Circuit’s interpretation of Rule 17(a)(3). See Objection at 4-8. She also argues that the magistrate judge erred in finding that filing an action on behalf of a deceased client was not an understandable mistake

that could be cured by Rule 17. See id. at 8-9. The Court addresses each argument in turn.[6]

## I. Rule 17

Feliciano does not dispute the magistrate judge's conclusion that, because she died on December 7, 2024, she lacked the capacity to sue and Article III standing when she was named as a plaintiff in the Hughes First Amended Complaint on August 11, 2025. See 8/18/26 Order and F&R, 2026 WL 2410047, at *2. Her Objection is limited to whether Rule 17(a)(3) permits Ramento, as special administrator of Feliciano's estate, to be substituted in her place, with the substitution relating back to the filing of the Hughes First Amended Complaint. See Objection at 4-8. As noted above, the Ninth Circuit has not resolved this question. See LN Mgmt., 957 F.3d at 955. Having reviewed the

[6] The Objection does not raise any arguments concerning the magistrate judge's conclusion that "Rule 25 substitution would be improper because [Feliciano] was deceased at the time she filed her claims[,]" 8/18/26 Order and F&R, 2026 WL 2410047, at *3. See Objection at 3-8 (discussing Rule 17 arguments but not Rule 25 arguments). Nevertheless, the Court, even if confronted with a Rule 25 argument, would conclude that Ramento could not be substituted for Feliciano pursuant to Rule 25 because Feliciano passed away before the Hughes First Amended Complaint was filed. See Beavers v. Doe, Case No. 1:24-cv-00942-KES-EPG (PC), 2026 WL 1660498, at *3 (E.D. Cal. June 9, 2026) ("Because [the decedent] died before the lawsuit was commenced, he was never a proper party to this action and cannot be substituted under Rule 25." (some citations omitted) (citing LN Mgmt., LLC, 957 F.3d at 951)). The Court therefore adopts those portions of the 8/18/26 Order and F&R concerning Rule 25 substitution.

issue de novo, the Court agrees with the magistrate judge that Rule 17(a)(3) cannot cure the jurisdictional defect.

"[I]t is well-established that a court's subject matter jurisdiction is established at the time an action is filed." Gillespie v. Cracker Barrel Old Country Store Inc., No. CV-21-00940-PHX-DJH, 2022 WL 2905041, at *2 (D. Ariz. July 22, 2022) (citing Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 571 (2004)). "If a court determines that it lacks jurisdiction, 'the only function remaining to the court is that of announcing the fact and dismissing the [action].'" Varzaghani v. Mayorkas, Case No. CV 23-1876-DMG (KESx), 2024 WL 2952141, at *1 (C.D. Cal. June 5, 2024) (alteration in Varzaghani) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)).

The Federal Rules of Civil Procedure cannot expand the jurisdiction of the district courts. See Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts . . . ."); LaBare v. U.S. Dep't of Just., No. C 04-4974 MHP, 2005 WL 588566, at *3 (N.D. Cal. Mar. 10, 2005) ("It is axiomatic that the Federal Rules of Civil Procedure can neither 'expand the jurisdiction of the district courts' nor 'create jurisdiction where none exists.'" (quoting United States v. Suntip Co., 82 F.3d 1468, 1474 (9th Cir. 1996))); accord Zurich Ins. Co. v. Logitrans, Inc., 297 F.3d 528, 531-33 (6th

Cir. 2002) (holding that Rule 17(a) cannot expand the subject matter jurisdiction of federal courts beyond their constitutional limits). Rule 17(a)(3) provides that "[a]fter ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." That provision cannot expand the Court's jurisdiction, much less create jurisdiction where none exists, to adjudicate a controversy that did not exist when the Hughes First Amended Complaint was filed.

The Tenth Circuit's reasoning in Esposito does not persuade the Court otherwise. In Esposito, the circuit court treated the plaintiff's status as a deceased individual as amounting to a "lack of capacity." 368 F.3d at 1277-78. The circuit court did not expressly consider whether a district court can exercise jurisdiction over an action brought in the name of a dead person. See id.; see also LN Mgmt., 957 F.3d at 953 n.7 (noting that, unlike the Fourth Circuit, the circuit court in Esposito "'failed to address the jurisdictional implications of a deceased plaintiff'" (quoting House, 796 F. App'x at 789)). The Ninth Circuit, by contrast, "[found] the Fourth Circuit's observations [in House] persuasive," and concluded that "the dead lack the capacities that litigants must have to allow for a true Article III case or controversy." See LN Mgmt., 957 F.3d at 953. The Court therefore agrees with the

magistrate judge that substitution under Rule 17(a)(3) cannot cure the lack of Article III standing of a plaintiff who was deceased when her claims were filed. See 8/18/26 Order and F&R, 2026 WL 2410047, at *3.

Feliciano's other arguments are unpersuasive. She contends that the magistrate judge's interpretation of Rule 17(a)(3) requiring Feliciano to have had Article III standing at the time she was added to the Hughes action "reads an additional requirement" into Rule 17(a)(3). See Objection at 6. That standing requirement, however, comes from Article III, not from Rule 17. Feliciano also invokes the Ninth Circuit's policy favoring decisions on the merits. See id. at 7-8. Such a policy, however, presumes a court's jurisdiction over an action, and it cannot supply jurisdiction where it is lacking. See United States v. Goclanney, No. CR-91-00157-001-PCT-DWL, 2022 WL 768142, at *1 (D. Ariz. Mar. 14, 2022) ("'The Constitution prohibits federal courts from expanding their own subject matter jurisdiction.'" (some citations omitted) (quoting United States v. Sumner, 226 F.3d 1005, 1015 (9th Cir. 2000))). Feliciano's Objection is therefore denied as to her argument that Rule 17(a)(3) permits substitution.[7]

---

[7] In her Reply, Feliciano suggests that, under Hawai`i Revised Statutes Section 560:3-701, Ramento's appointment as special administrator relates back in time and gives effect to (. . . continued)

**II. Understandable Mistake**

Even if Rule 17(a)(3) could cure the jurisdictional defect, substitution would not be warranted. Rule 17(a)(3) is "intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment; see also Goodman v. United States, 298 F.3d 1048, 1053 (9th Cir. 2002) ("This sentence in Rule 17(a) is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." (citations and internal quotation marks omitted)). Relation back under Rule 17(a) is available if naming the wrong party "represented an understandable mistake and not a strategic decision." Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004) (citation omitted). Feliciano argues that the mistake at issue was honest and understandable because Plaintiffs' counsel did not know of her death when they added her to the Hughes First Amended Complaint, and they gained no strategic advantage by naming her. [Objection at 8-9.]

---

Ramento's prior acts on behalf of Feliciano's estate. See Reply at 4 n.2, 5-6. Feliciano, however, points to no authority demonstrating that Section 560:3-701 can manufacture Article III standing for claims filed in the name of a person who was deceased at the time of filing, and the Court cannot read Section 560:3-701 to extend its jurisdiction beyond the Court's constitutional limits. See Sumner, 226 F.3d at 1015.

An honest mistake, however, is not necessarily an understandable one. The Ninth Circuit has found mistakes understandable where counsel knew of the decedent's death but misidentified, under state law, who was entitled to sue. See, e.g., Goodman, 298 F.3d at 1053-54 (finding that counsel "made an understandable pleading error" where the widower sued as the personal representative of his wife's estate but state law permitted only relatives to bring wrongful death claims in their individual capacities); Jones v. Las Vegas Metro. Police Dep't, 873 F.3d 1123, 1128-29 (9th Cir. 2017) (finding that the plaintiffs made an understandable mistake where they "named the right [plaintiff] but in the wrong capacity" because state law permitted only the estate's executor or administrator to bring suit). Esposito involved the same type of mistake: counsel filed a claim arising from the decedent's death in the decedent's name rather than his surviving spouse's. See 368 F.3d at 1272-73.

This case is different. The Court agrees that "[t]he determination of the proper party to sue on behalf of a deceased individual is not," or should not be "'difficult.'" See 8/18/26 Order and F&R, 2026 WL 2410047, at *3. In the instant action, Plaintiffs' counsel did **not** misidentify the proper party for a known decedent. Rather, for more than a year, they did not learn that their client had died. See Solomon Decl. at ¶ 9. During that time, Plaintiffs' counsel added Feliciano as a plaintiff

and exchanged discovery on her behalf, and her settlement offer was accepted through Ramento. See id. at ¶¶ 8, 10-11; White Decl. at ¶ 4. Ramento serving as Feliciano's household representative may explain how the mistake occurred, see Reply at 4, but it does not make the mistake understandable.

The Court therefore agrees with the magistrate judge's conclusion that even if Rule 17(a)(3) could cure the jurisdictional defect, substitution would be inappropriate. Feliciano's Objection is denied as to this argument.

**CONCLUSION**

On the basis of the foregoing, Feliciano's Objection to the Magistrate Judge's Findings and Recommendation to Dismiss Claims by and Against Plaintiff Lillian Feliciano [ECF No. 884], Filed on August 18, 2026, filed August 20, 2026, is DENIED. The Order Denying Plaintiff's Motion for Reconsideration (ECF No. 801) and Findings and Recommendation to Dismiss Claims by and Against Plaintiff Lillian Feliciano for Lack of Jurisdiction, filed August 18, 2026, is ADOPTED.

There being no subject matter jurisdiction as to Felicano's claims, the Clerk's Office is DIRECTED to enter judgment in favor of the United States as to Felicano, pursuant to the instant Order. The judgment as to Felicano does not affect the remaining claims in Feindt and Hughes.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 28, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**PATRICK FEINDT, JR., ET AL. VS. USA; CV 22-00397 LEK-KJM; JACLYN HUGHES, ET AL. VS. USA; CV 24-00059 LEK-KJM; ORDER DENYING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS CLAIMS BY AND AGAINST PLAINTIFF LILLIAN FELICIANO [ECF NO. 884], FILED ON AUGUST 18, 2026, AND ADOPTING THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 801) AND FINDINGS AND RECOMMENDATION TO DISMISS CLAIMS BY AND AGAINST PLAINTIFF LILLIAN FELICIANO FOR LACK OF JURISDICTION**